UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID L. LANDAY,<br>    Plaintiff,<br><br>v.<br><br>GMAC COMMERCIAL CREDIT LLC<br>and GMAC COMMERCIAL FINANCE<br>LLC,<br>    Defendants. | Civil Action No. 04-cv-11955-WGY |

## ANSWER OF GMACCF COMMERCIAL FINANCE LLC

Defendant GMAC Commercial Finance LLC ("GMACCF"),[1] by and through its attorneys, hereby files this Answer to the First Amended Complaint (the "Amended Complaint") filed by plaintiff David L. Landay ("Landay").

### Parties

1. GMACCF lacks knowledge or information sufficient to form a belief as to Landay's current residency. GMACCF admits the other allegations contained in Paragraph 1 of the Amended Complaint.

2. GMACCF admits that GMAC Commercial Credit, LLC used to be a New York limited liability company with its principal place of business at 1290 Avenue of the Americas, New York, New York 10104, but denies that this is still the case.

3. GMACCF admits that it is the successor by merger of GMAC Commercial Credit LLC and GMAC Business Credit LLC, but states that the merger took effect on or

---

[1] The First Amended Complaint lists two separate defendants, GMAC Commercial Credit LLC, and GMAC Commercial Finance LLC, and includes both names in the caption. In actuality, GMAC Commercial Finance LLC is the successor by merger of GMAC Commercial Credit LLC and GMAC Business Credit LLC.

about February 1, 2003.  GMACCF also admits that it is a Delaware corporation.  GMACCF denies that its principal place of business is in New York.

4.     GMACCF admits that the allegations contained in Paragraph 4 of the Amended Complaint.

## Jurisdiction and Venue

5.     GMACCF admits that the amount in controversy exceeds $75,000 exclusive of interest and costs.  GMACCF neither admits nor denies the remaining allegations contained in Paragraph 5 of the Amended Complaint, but states that they are not statements of fact for which a response is required.

6.     GMACCF admits that it did business in Massachusetts and continues to do business in Massachusetts under the name GMAC Commercial Finance LLC.  GMACCF neither admits nor denies the remaining allegations contained in Paragraph 6 of the Amended Complaint, but states that they are not statements of fact for which a response is required.

## Facts

7.     GMACCF admits the allegations contained in Paragraph 7 of the Amended Complaint.

8.     GMACCF lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Complaint.

9.     GMACCF admits that Paul Fitzgerald worked in GMAC's Boston office, located at 151 Merrimac Street, Boston, MA 02114; that Mr. Fitzgerald dealt with Landay; and that Landay purported to seek financing on behalf of Seneca Sports, Inc.

("Seneca"). GMACCF lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 9 of the Amended Complaint.

10. GMACCF lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 10 of the Amended Complaint

11. GMACCF admits that it entered into a factoring agreement (the "Factoring Agreement"),[2] with Seneca and Brookfield International, Inc. ("Brookfield", together with Seneca, the "Borrowers"), states that the Factoring Agreement speaks for itself, and denies the remaining allegations contained in Paragraph 11 of the Amended Complaint to the extent they are inconsistent with the terms of the Factoring Agreement.

12. GMACCF admits that on or about September 19, 2000, it entered into the Factoring Agreement with the Borrowers, states that the Factoring Agreement speaks for itself, and denies the remaining allegations contained in Paragraph 12 of the Amended Complaint to the extent they are inconsistent with the terms of the Factoring Agreement.

13. GMACCF admits that on or about September 19, 2000, Landay executed a personal guaranty (the "Guaranty"),[3] states that the Guaranty speaks for itself, and denies the remaining allegations contained in Paragraph 13 of the Amended Complaint to the extent they are inconsistent with the terms of the Guaranty.

14. GMACCF admits that Landay provided GMACCF with a personal standby letter of credit (the "Standby Letter of Credit"),[4] states that the Standby Letter of Credit speaks for itself, and denies the remaining allegations contained in Paragraph 14 of the Amended Complaint to the extent they are inconsistent with the terms of the Standby Letter of Credit.

---

[2] A true and accurate copy of the Factoring Agreement is attached hereto as Exhibit 1.
[3] A true and accurate copy of the Guaranty is attached hereto as Exhibit 2.
[4] A true and accurate copy of this Standby Letter of Credit is attached hereto as Exhibit 3.

15. GMACCF admits that it entered into a Subordination Agreement[5] with Landay, states that the Subordination Agreement speaks for itself, and denies the remaining allegations contained in Paragraph 15 of the Amended Complaint to the extent they are inconsistent with the terms of the Subordination Agreement, except that GMACCF lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Landay is a secured creditor of Seneca.

16. GMACCF states that the Factoring Agreement speaks for itself, and denies the allegations contained in Paragraph 16 of the Amended Complaint to the extent they are inconsistent with the terms of the Factoring Agreement.

17. GMACCF states that the Factoring Agreement speaks for itself, and denies the allegations contained in Paragraph 17 of the Amended Complaint to the extent they are inconsistent with the terms of the Factoring Agreement.

18. GMACCF denies the allegations contained in the first sentence of Paragraph 18 of the Amended Complaint. GMACCF lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Amended Complaint.

19. GMACCF denies the allegations contained in Paragraph 19 of the Amended Complaint, except that it admits that Landay executed a Standby Letter of Credit for $250,000 with an expiration date of May 2001.[6]

20. GMACCF denies the allegations contained in Paragraph 20 of the Amended Complaint.

---

[5] A true and accurate copy of this Subordination Agreement is attached hereto as Exhibit 4.
[6] A true and accurate copy of this Standby Letter of Credit is attached hereto as Exhibit 5.

21. GMACCF denies the allegations contained in Paragraph 21 of the Amended Complaint.

22. GMACCF denies the allegations contained in Paragraph 22 of the Amended Complaint.

23. GMACCF denies the allegations contained in Paragraph 23 of the Amended Complaint, except that it admits that in or about May and June 2001, Jane Frangos worked in GMAC's New York office and Fitzgerald worked in its Boston office, and it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning representations allegedly made by Frangos and Fitzgerald.

24. GMACCF denies the allegations contained in Paragraph 24 of the Amended Complaint.

25. GMACCF denies the allegations contained in Paragraph 25 of the Amended Complaint, except that it admits that Landay extended the $250,000 Standby Letter of Credit.

26. GMACCF lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Amended Complaint.

27. GMACCF lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Amended Complaint.

28. GMACCF lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Amended Complaint.

29. GMACCF lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Amended Complaint.

30. GMACCF lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Amended Complaint.

31. GMACCF lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Amended Complaint.

32. GMACCF admits that it entered into a Forbearance Agreement with Seneca and Brookfield, dated August 9, 2001,[7] and that Landay executed a Ratification and Amendment of Guaranty, dated August 9, 2001;[8] states that the Forbearance Agreement and the Ratification and Amendment of Guaranty speak for themselves; and denies the allegations contained in Paragraph 32 of the Amended Complaint to the extent they are inconsistent with the terms of the Forbearance Agreement and the Ratification and Amendment of Guaranty.

33. GMACCF admits the allegations contained in Paragraph 33 of the Amended Complaint.

34. GMACCF lacks knowledge or information sufficient to form a belief as to why Landay "increased his personal exposure" as stated in the first sentence of Paragraph 34 of the Amended Complaint. The second sentence of Paragraph 34 of the Amended Complaint sets forth a legal conclusion to which no response is required, but to the extent a response is required, GMACCF denies the allegations contained in that sentence.

35. GMACCF states that the Forbearance Agreement and documents incorporated therein speak for themselves, and denies the allegations contained in Paragraph 35 of the Amended Complaint to the extent they are inconsistent with the terms of those documents.

---

[7] A true and accurate copy of the Forbearance Agreement is attached hereto as Exhibit 6.
[8] A true and accurate copy of the Ratification and Amendment of Guaranty is attached hereto as Exhibit 7.

36. GMACCF states that the Forbearance Agreement and documents incorporated therein speak for themselves, and denies the allegations contained in Paragraph 36 of the Amended Complaint to the extent they are inconsistent with the terms of those documents.

37. GMACCF states that the Forbearance Agreement and documents incorporated therein speak for themselves, and denies the allegations contained in Paragraph 37 of the Amended Complaint to the extent they are inconsistent with the terms of those documents.

38. GMACCF admits that it executed the Forbearance Agreement on August 10, 2001, states that the Forbearance Agreement speaks for itself, and denies the allegations contained in Paragraph 38 of the Amended Complaint to the extent they are inconsistent with the terms of the Forbearance Agreement. GMACCF denies all other allegations contained in Paragraph 38 of the Amended Complaint.

39. GMACCF states that the Forbearance Agreement and documents incorporated therein speak for themselves, and denies the allegations contained in Paragraph 39 of the Amended Complaint to the extent they are inconsistent with the terms of those documents. GMACCF admits the allegations contained in the last sentence of Paragraph 39 of the Amended Complaint.

40. GMACCF states that the Forbearance Agreement and documents incorporated therein speak for themselves, and denies the allegations contained in Paragraph 40 of the Amended Complaint to the extent they are inconsistent with the terms of those documents.

41. GMACCF denies the allegations contained in the first and third sentences of Paragraph 41 of the Amended Complaint. GMACCF lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 41.

42. GMACCF denies the allegations contained in Paragraph 42 of the Amended Complaint.

43. GMACCF states that the Forbearance Agreement and documents incorporated therein speak for themselves, and denies the allegations contained in Paragraph 43 of the Amended Complaint to the extent they are inconsistent with the terms of those documents. GMACCF denies the remaining allegations contained in Paragraph 43.

44. GMACCF denies the allegations contained in Paragraph 44 of the Amended Complaint.

45. GMACCF admits the allegations contained in Paragraph 45 of the Amended Complaint.

46. GMACCF lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Amended Complaint.

47. GMACCF lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Amended Complaint.

48. GMACCF denies the allegations contained in Paragraph 48 of the Amended Complaint, except that it admits that on or about October 15, 2001, it collected the $4.1 million Standby Letter of Credit that Landay had provided in September 2000.

49. GMACCF admits the allegations contained in Paragraph 49 of the Amended Complaint.

50. GMACCF admits that it possesses certain assets and business records of the Borrowers. It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Amended Complaint.

51. GMACCF denies the allegations contained in Paragraph 51 of the Amended Complaint.

52. GMACCF denies the allegations contained in Paragraph 52 of the Amended Complaint, except that it admits possessing certain assets and business records of the Borrowers.

53. GMACCF denies the allegations contained in Paragraph 53 of the Amended Complaint.

54. GMACCF admits that it has informed Landay that he would be provided with an accounting following the liquidation of the Borrowers' assets, that Landay has requested an accounting, and that GMACCF has so far not provided an accounting. GMACCF denies all other allegations contained in Paragraph 54 of the Amended Complaint.

55. GMACCF admits that in or about June-July 2002, it filed a "Summons With Notice" in a New York court, which demanded that Landay pay more that $1 million on his Guaranty. GMACCF denies all other allegations contained in Paragraph 55 of the Amended Complaint

56. GMACCF lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Landay's calculations contained in Paragraph 56 of

the Amended Complaint. GMACCF denies all other allegations contained in Paragraph 55 of the Amended Complaint.

57. GMACCF denies the allegations contained in Paragraph 57 of the Amended Complaint, except that it admits that attorneys for Landay asked GMACCF for an accounting of the Borrowers' assets.

58. GMACCF admits the allegations contained in the first sentence of Paragraph 58 of the Amended Complaint. It denies the allegations contained in the second sentence and lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence.

59. GMACCF states that any documents produced by GMACCF in the New York litigation speak for themselves, and denies all other allegations contained in Paragraph 59 of the Amended Complaint.

<u>Count I</u>

(Misrepresentation)

60. GMACCF adopts and incorporates its responses to Paragraphs 1 through 59 of the Amended Complaint.

61. GMACCF denies the allegations contained in Paragraph 61 of the Amended Complaint.

62. GMACCF denies the allegations contained in Paragraph 62 of the Amended Complaint.

63. GMACCF denies the allegations contained in Paragraph 63 of the Amended Complaint.

64. GMACCF states that the documents referenced in Paragraph 64 of the Amended Complaint speak for themselves and denies all other allegations contained in the Paragraph.

65. GMACCF denies the allegations contained in Paragraph 65 of the Amended Complaint.

Count II

(Usury:  M.G.L. c. 271, Section 49)

66. GMACCF adopts and incorporates its responses to Paragraphs 1 through 65 of the Amended Complaint.

67. GMACCF denies the allegations contained in Paragraph 67 of the Amended Complaint.

68. GMACCF admits the allegations contained in Paragraph 68 of the Amended Complaint.

69. GMACCF admits that on or about September 19, 2000, it filed a document with Office of the Attorney General, Criminal Division, of the Commonwealth of Massachusetts, and states that that document speaks for itself.  GMACCF denies all other allegations contained in Paragraph 69 of the Amended Complaint.

70. GMACCF denies the allegations contained in Paragraph 70 of the Amended Complaint, except that it states that the document it filed with the Office of the Attorney General in Massachusetts speaks for itself.

71. GMACCF denies the allegations contained in Paragraph 71 of the Amended Complaint.

Count III

(Breach of Contract, Factoring Agreement)

72. GMACCF adopts and incorporates its responses to Paragraphs 1 through 71 of the Amended Complaint.

73. GMACCF admits that Landay provided GMACCF with a $4.1 million Standby Letter of Credit, a $250,000 Standby Letter of Credit and a Guaranty, and states that those documents speak for themselves. GMACCF lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Amended Complaint regarding an alleged debt owed to him by the Borrowers. GMACCF denies all other allegations contained in Paragraph 73 of the Amended Complaint.

74. GMACCF denies the allegations contained in Paragraph 74 of the Amended Complaint.

75. GMACCF denies the allegations contained in Paragraph 75 of the Amended Complaint, except that it admits that it has collected more than $5,350,000 from Landay and is seeking to collect in excess of $1 million more.

76. GMACCF denies the allegations contained in Paragraph 76 of the Amended Complaint.

Count IV

(Breach of Contract, Forbearance Agreement)

77. GMACCF adopts and incorporates its responses to Paragraphs 1 through 76 of the Amended Complaint.

BOS_474275_4/MDUBNOFF

78. GMACCF admits that Landay provided GMACCF with a Ratification and Amendment of Guaranty and a $250,000 Standby Letter of Credit, and states that those documents speak for themselves. GMACCF admits that Landay made a $1 million cash deposit in favor of GMAC. GMACCF denies all other allegations contained in Paragraph 78 of the Amended Complaint.

79. GMACCF denies the allegations contained in Paragraph 79 of the Amended Complaint.

80. GMACCF denies the allegations contained in Paragraph 80 of the Amended Complaint, except that GMACCF admits that it collected $5,350,000 from Landay.

81. GMACCF denies the allegations contained in Paragraph 81 of the Amended Complaint.

## Count V

(Breach of Covenant of Fair Dealing)

82. GMACCF adopts and incorporates its responses to Paragraphs 1 through 81 of the Amended Complaint.

83. GMACCF denies the allegations contained in Paragraph 83 of the Amended Complaint.

84. GMACCF denies the allegations contained in Paragraph 84 of the Amended Complaint.

## Count VI

(Violation of Landay's Rights as Junior Creditor)

85. GMACCF adopts and incorporates its responses to Paragraphs 1 through 84 of the Amended Complaint.

86. GMACCF denies the allegations contained in Paragraph 86 of the Amended Complaint.

87. GMACCF lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the allegations contained in Paragraph 87 of the Amended Complaint.

88. GMACCF denies the allegations contained in Paragraph 88 of the Amended Complaint.

89. GMACCF denies the allegations contained in Paragraph 89 of the Amended Complaint.

90. GMACCF denies the allegations contained in Paragraph 90 of the Amended Complaint.

Count VII

(M.G.L. c. 93A)

91. GMACCF adopts and incorporates its responses to Paragraphs 1 through 90 of the Amended Complaint.

92. Paragraph 92 of the Amended Complaint sets forth a legal conclusion to which no response is required, but to the extent a response is required, GMACCF denies that it was engaged in trade or commerce with Landay in Massachusetts at all relevant times.

93. GMACCF denies the allegations contained in Paragraph 93 of the Amended Complaint.

94. GMACCF denies the allegations contained in Paragraph 94 of the Amended Complaint.

95.  GMACCF denies the allegations contained in Paragraph 95 of the Amended Complaint.

### First Affirmative Defense

Plaintiff failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred by the doctrine of *res judicata*.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of collateral estoppel.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the forum selection clauses contained in the Factoring Agreement, the Guaranty, the Forbearance Agreement, and the Ratification and Amendment of Guaranty.

### Fifth Affirmative Defense

Plaintiff lacks standing to assert claims that arise out of or relate to the Factoring Agreement and the Forbearance Agreement, since he was not a party to those agreements.

### Sixth Affirmative Defense

Plaintiff may not step into the shoes of the Borrowers for the purpose of asserting claims arising out of or relating to the Factoring Agreement or the Forbearance Agreement, because the Borrowers are in bankruptcy.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the doctrine of waiver.

### Eighth Affirmative Defense

Plaintiff's claims are barred by the doctrine of estoppel.

### Ninth Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Tenth Affirmative Defense

Plaintiff's claims must be dismissed for improper venue.

### Eleventh Affirmative Defense

Plaintiff's claims must be dismissed or stayed because of a prior pending action in New York state court.

### Twelfth Affirmative Defense

This Court should abstain from ruling on Plaintiff's claims because of the pending prior action in New York state court.

### Thirteenth Affirmative Defense

Plaintiff's claim for usury in Count II is barred by the filing by GMACCF of a criminal usury notification with the Office of the Attorney General for Massachusetts.

### Fourteenth Affirmative Defense

Plaintiff lacks standing to assert a claim for breach of the implied covenant of good faith and fair dealing ancillary to the Factoring Agreement and Forbearance Agreement, because he was not a party to either agreement.

### Fifteenth Affirmative Defense

Plaintiff's claim for a violation of Chapter 93A must be denied because the conduct described in the Amended Complaint does not constitute trade or commerce within the Commonwealth of Massachusetts.

**Sixteenth Affirmative Defense**

Plaintiff's claims for a violation of Chapter 93A must be denied because the events giving rise to the claim did not occur primarily and substantially in Massachusetts.

**Seventeenth Affirmative Defense**

Plaintiff's claims for a violation of Chapter 93A must be denied because he has failed to exhaust his administrative remedies.

**Eighteenth Affirmative Defense**

Plaintiff is not entitled to any recovery in excess of his out-of-pocket losses.

Respectfully submitted,

GMAC COMMERCIAL FINANCE LLC

/s/ Mark B. Dubnoff
John A. Houlihan (BBO # 542038)
Mark B. Dubnoff (BBO # 637212)
Edwards & Angell, LLP
101 Federal Street
Boston, MA  02110
(617) 439-4444