# EXHIBIT 4

## SUBORDINATION AGREEMENT

GMAC Commercial Credit LLC
1290 Avenue of the Americas
New York, New York 10104
(Senior Creditor's Name and Address)

Re:

SENECA SPORTS, INC.
75 Fortune Boulevard
Milford, MA 01757

The total indebtedness of the Debtor above named to the undersigned creditor (hereinafter referred to as "Junior Creditor") existing on the date hereof is itemized as follows:

| JUNIOR CREDITOR | PRESENT UNPAID BALANCE | COLLATERAL (if none, state "None") |
|---|---|---|
| Name: David Landay | $3,450,000 | |
| Address: 11 E. India Row, Boston, MA | | |

Debtor has requested the Senior Creditor named above ("Senior Creditor"), to make loans and advances or to extend credit to the Debtor, and Senior Creditor is willing to do so only upon the execution of this Subordination Agreement.

IT IS THEREFORE AGREED:

1. The Junior Creditor hereby subordinates payment of all the Debtor's "Obligations" to the Junior Creditor evidenced by those certain promissory notes dated _9/19/02_ in the aggregate amount of $3,450,000.00 ("Junior Debt") to full payment of all the Debtor's Obligations to the Senior Creditor ("Senior Debt"). "Obligations" means principal of and interest on all indebtedness and obligations whether now or hereafter owing, and whether direct or indirect, absolute or contingent, or consensual or created by law, and including expenses and attorneys' fees.

2. The Debtor and the Junior Creditor agree that until all Senior Debt is indefeasibly paid to Senior Creditor: the Debtor shall not, directly or indirectly, make any payment of any Junior Debt and that no collateral or guarantees or proceeds thereof will be enforced or applied to any Junior Debt, except in favor of Senior Creditor as provided herein; that the Junior Creditor will not accept payment of or seek to collect any Junior Debt or join in any petition or otherwise initiate against the Debtor any proceeding described in paragraph 5 hereof; and that no collateral will be granted for any Junior Debt, in addition to now existing collateral; that the Debtor shall not directly or indirectly make any loan, gift or distribution of any assets to the Junior Creditor; and that no Junior Debt will be waived, forgiven, cancelled or converted to or exchanged for capital stock of Debtor. (Notwithstanding the foregoing, the Debtor may make scheduled payments of interest on the Junior Debt provided the Debtor is not in default of the Senior Debt and such interest rate is not in excess of the prime rate in effect at such time).

3. As security for payment of all Senior Debt and for performance by the Junior Creditor of this Agreement, the Junior Creditor hereby assigns to the Senior Creditor all Junior Debt, and in furtherance thereof, the Junior Creditor is endorsing or assigning and delivering to Senior Creditor with this Agreement, all collateral for and guarantees and evidence of now existing Junior Debt. The Debtor and Junior Creditor agree to notify Senior Creditor in writing immediately of the creation of any Junior Debt and of the acquisition of any collateral for or guaranty of any Junior Debt; and agree to issue and endorse or assign to Senior Creditor (in the form required by Senior Creditor) all said guarantees and collateral and evidence of Junior Debt, and to give Senior Creditor such Financing Statements under the Uniform Commercial Code as Senior Creditor requires. In the event any endorsement or assignment is omitted, Senior Creditor is hereby irrevocably authorized on behalf of Junior Creditor to make the same. However, no specific endorsement or assignment shall be necessary to subject any Junior Debt to the assignment thereof contained in this Agreement. The Debtor and the Junior Creditor shall make appropriate notations in their books to show the subordinate character of all Junior Debt, and will make such books available for Senior Creditor to examine during regular business hours, and deliver Financial Statements to Senior Creditor upon request.

4. The Debtor and the Junior Creditor warrant to Senior Creditor that the Junior Creditor is and will be the exclusive legal and beneficial owner of all Junior Debt and related collateral and guarantees, and that none of the Junior Debt or collateral or guarantees is or will be subject to any lien, security interest, financing statement, subordination, assignment or other claim, except in favor of Senior Creditor (and the Debtor and Junior Creditor

5263/02

GLAN 00641

- 2 -

agree to notify Senior Creditor immediately in writing of any claims made or adverse occurrence pertaining to any Junior Debt).

5. At any meeting of creditors of the Debtor or in the event of any proceedings, voluntary or involuntary, for the distribution, division or application of all or part of the assets of the Debtor or the proceeds thereof, whether such proceedings be for the liquidation, dissolution or winding up the Debtor or its business, receivership, insolvency or bankruptcy proceedings, such as an assignment for the benefit of creditors or proceedings by or against the Debtor for relief under any bankruptcy, reorganization or insolvency law or any law relating to the relief of debtors, reorganization, arrangement, composition or extension or otherwise. If all the Senior Debt has not been paid in full at the time, Senior Creditor is hereby irrevocably authorized at any such meeting or in any such proceeding:

(a) To enforce claims comprising any of the Junior Debt either in its own name or the name of the Junior Creditor, by proof of debt, proof of claim, suit or otherwise;

(b) To collect any assets of the Debtor distributed, divided or applied by way of dividend or payment, or any securities issued, on account of any of the Junior Debt and apply the same, or the proceeds of any realization upon the same, that Senior Creditor in its discretion elects to accept, to any Senior Debt;

(c) To vote claims comprising any of the Junior Debt to accept or reject any plan of partial or complete liquidation, reorganization, arrangement, composition or extension; and

(d) To take generally any action in connection with any such meeting or proceeding which the Junior Creditor might otherwise take.

6. Should any payment of any Junior Debt be received by the Junior Creditor, such payment shall be held in trust by the Junior Creditor for the benefit of the Senior Creditor and shall be delivered forthwith to Senior Creditor for application to Senior Debt, in the form received with any necessary endorsement or assignment. The Junior Creditor shall not be subrogated to, or be entitled to any assignment or re-assignment of any Senior Debt or Junior Debt, or of any collateral for or guarantees or evidences of any Senior Debt or Junior Debt, until all Senior Debt is indefeasibly paid to Senior Creditor.

7. The Junior Creditor and Debtor waive notice of acceptance hereof by Senior Creditor, and waive notice of and consent to the creation of any Senior Debt, extensions granted or other action taken by Senior Creditor in reliance hereon, the taking or releasing of collateral or any obligors or guarantors for the payment of Senior Debt, the releasing of any other subordinating creditor; and the Junior Creditor and Debtor waive demand, presentment, protest, notice of protest and of default and any and all other notices to which any of them might otherwise be entitled. No failure or delay by Senior Creditor to exercise any right granted herein, or in any other agreement or by law shall constitute a waiver of such right or of any other right. The Debtor and the Junior Creditor agree to execute and deliver to Senior Creditor such additional documents and to take such further action as Senior Creditor may hereafter require.

This Agreement constitutes the entire agreement of subordination between the parties, and shall bind and benefit the Junior Creditor, the Debtor and Senior Creditor (and any of its affiliates, subsidiaries or parent to whom the Debtor may now or hereafter be indebted), and their respective heirs, executors, administrators, successors and assigns. This Agreement shall be governed by the laws of the State of New York.

IN WITNESS WHEREOF, the Junior Creditor and Debtor have executed and delivered this Agreement on this _17_ day of _September_, 2000.

ATTEST:                                              SENECA SPORTS, INC.
                                                     (Debtor)

_____                        By: _____
Secretary                                            Title: _____

[CORPORATE SEAL]


_____
David Landay
(Junior Creditor)


Rev. 5/3/99 8283/02                              (SUBORDN)                    GLAN 00642