UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DAVID L. LANDAY, <br>     Plaintiff, <br><br> v. <br><br> GMAC COMMERCIAL CREDIT LLC <br> and GMAC COMMERCIAL FINANCE LLC, <br>     Defendants. | Civil Action No. 04-cv-11955-WGY |

**MEMORANDUM SUPPORTING MOTION
TO STRIKE PLAINTIFF'S JURY DEMAND**

In his First Amended Complaint ("Am. Compl."), Plaintiff David L. Landay ("Landay") asserts seven causes of action against Defendant GMAC Commercial Finance LLC ("GMACCF").[1] All seven arise out of or relate to loan-related contracts in which Landay expressly waived his right to a jury trial. Therefore, Landay's demand for a trial by jury should be stricken.

**Background**

Landay is the former CEO, president, director and shareholder of Seneca Sports, Inc. ("Seneca") and/or Brookfield International, Inc. ("Brookfield", together with Seneca, the "Borrowers"). Am. Compl. ¶ 1. In his capacity as president of the Borrowers, Landay executed a Factoring Agreement with GMACCF, dated September 19, 2000.[2] Pursuant to that agreement, Landay also executed a personal Guaranty in favor of

---

[1] The First Amended Complaint lists two separate defendants, GMAC Commercial Credit LLC, and GMAC Commercial Finance LLC, and includes both names in the caption. In actuality, GMAC Commercial Finance LLC is the successor by merger of GMAC Commercial Credit LLC and GMAC Business Credit LLC.

[2] A copy of the Factoring Agreement is attached as Exhibit 1 to GMACCF's Answer, filed separately.

GMACCF,[3] a Standby Letter of Credit with a face value of $4,100,000.00,[4] and a Subordination Agreement, by which Landay subordinated obligations owing to him by Seneca.[5]  The Factoring Agreement made specific reference to the Guaranty, the Standby Letter of Credit and the Subordination Agreement.  <u>See</u> Ans., Ex.1, at pp.10-11.  The Factoring Agreement also stated, in all capital letters:

> TO THE EXTENT LEGALLY PERMISSIBLE, BOTH YOU AND WE WAIVE ALL RIGHT TO TRIAL BY JURY IN ANY LITIGATION RELATING TO TRANSACTIONS UDNER THIS AGREEMENT, WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE.

<u>Id.</u> at p.12, ¶ 14(i).  Landay's Guaranty also contained an express jury trial wavier:

> THE UNDERSIGNED WAIVES THE RIGHT TO TRIAL BY JURY IN ALL ACTIONS BROUGHT BY OR AGAINST THE COMPANY.

Ans., Ex.2, at p.2.

Also in connection with GMACCF's loan to the Borrowers, Landay executed a second Standby Letter of Credit in favor of GMACCF, this time in the amount of $250,000, for which he subsequently extended the expiration dates.[6]  Am. Compl. ¶¶ 18-19.  Then on or about August 9, 2001, Landay, in his capacity as president of the Borrowers, executed a Forbearance Agreement with GMACCF.[7]  Among other things, the Forbearance Agreement stated, in all capital letters, that:

> EACH OF THE CLIENTS HEREBY WAIVES ALL RIGHT TO TRIAL BY JURY IN ANY ACTION OR PROCEEDING UNDER, ARISING OUT OF OR RELATED TO THIS FORBEARANCE AGREEMENT.

---

[3] A copy of the Guaranty is attached as Exhibit 2 to GMACCF's Answer.
[4] A copy of the Standby Letter of Credit is attached as Exhibit 3 to GMACCF's Answer.
[5] A copy of the Subordination Agreement is attached as Exhibit 4 to GMACCF's Answer.
[6] A copy of the Standby Letter of Credit he signed in February 2001 is attached as Exhibit 5 to GMACCF's Answer.
[7] A copy of the Forbearance Agreement is attached as Exhibit 6 to GMACCF's Answer.

Ans., Ex. 6, p.6 ¶ 9(d).  Also on August 9, 2001, Landay executed a Ratification and Amendment of Guaranty, which expressly acknowledged and consented to the Borrowers' execution of the Forbearance Agreement and "ratifie[d], reaffirm[ed] and confirm[ed] all provisions of the Guaranty."[8]  Ans., Ex.7, p.1.

Count I of the Amended Complaint alleges misrepresentation in connection with all of the loan documents, and specifically the Guaranty, the Standby Letters of Credit, the Ratification and Amendment of Guaranty, and a $1,000,000 cash deposit in favor of GMACCF.  Am. Compl. ¶ 64.  See also id. ¶¶ 60-63, 65.  Count II alleges that GMACCF violated Massachusetts usury laws in connection with its efforts to enforce the loan documents and collect the debt owed to it.   Id. ¶¶ 66-71.  Count III alleges that GMACCF breached the Factoring Agreement.  Id. ¶¶ 72-76.  Count IV alleges that GMAC breached the Forbearance Agreement.  Id. ¶¶ 77-81.  Count V alleges that GMAC breached "the covenant of good faith and fair dealing implicit in the Factoring Agreement and the related agreements with Landay and in the Forbearance Agreement and the related agreements with Landay."  Id. ¶ 83.  See also id. ¶¶ 82, 84.  Count VI alleges that GMACCF breached duties to Landay that arose under the Subordination Agreement, by virtue of Landay's status as a junior creditor of Seneca.  Id. ¶¶ 85-89.  Count VII alleges that all of GMACCF's acts and practices toward Landay in connection with the loan contracts violated Mass. Gen. Laws ch. 93A ("Chapter 93A").

---

[8] A copy of Landay's Ratification and Amendment of Guaranty is attached as Exhibit 7 to GMACCF's Answer.

**Argument**

A contractual jury waiver provision is neither unreasonable nor uncommon and will be enforced. Smyly v. Hyundai Motor America, 762 F. Supp. 428 (D. Mass. 1991). The key inquiry in any case involving such a provision is whether its plain language "unambiguously covers the claims asserted." Medical Air Tech. Corp. v. Marwan Investment, Inc., 303 F.3d 11, 19 (1st Cir. 2002). Even where the party requesting the jury trial claims that it was fraudulently induced to enter into the contract containing the jury waiver, the waiver will be enforced unless said party can prove that the waiver provision itself was fraudulently induced. Telum, Inc. v. E.F. Hutton Credit Corp., 859 F.2d 835, 837 (10th Cir. 1988), cited in Medical Air Tech Corp., 303 F.3d at 19; Allyn v. Western United Life Assurance Co., 2004 WL 2850043, *5 (M.D. Fla. Dec. 10, 2004) Gurfein v. Sovereign Group, 826 F. Supp. 890, 921 (E.D. Pa. 1993).

In this case, the jury waiver provisions contained in the Factoring Agreement, the Guaranty and the Forbearance Agreements are unambiguous. Thus, any claims arising out of or relating to those agreements must be tried before a judge without a jury. The same holds true for any claims arising out of the Ratification and Amendment of Guaranty, which incorporates the Guaranty, and the Subordination Agreement and Standby Letters of Credit, which are defined by the Factoring Agreement and specifically referenced therein. All of Landay's allegations against GMACCF fit into this category. Therefore, no jury trial right exists with regard to any of them.

Moreover, there is no right to a trial by jury for actions cognizable under Chapter 93A. Wallace Motor Sales, Inc. v. American Motor Sales Corp., 780 F.2d 1049, 1052, n.1 (1st Cir. 1985) (citing Nei v. Burley, 388 Mass. 307 (1983)). Thus, even if Landay

had not waived his right to trial by jury on Counts I through VI, he still could not demand a trial by jury on Count VII.

## Conclusion

For all the foregoing reasons, this Court should strike Plaintiff's demand for a jury trial.

.

        GMAC COMMERCIAL FINANCE LLC

        /s/ Mark B. Dubnoff
        John A. Houlihan (BBO # 542038)
        Mark B. Dubnoff (BBO # 637212)
        Edwards & Angell, LLP
        101 Federal Street
        Boston, MA  02110
        (617) 439-4444