UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAVID L. LANDAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. NO. 04-CV-11955-WGY |
| | ) | |
| GMAC COMMERCIAL CREDIT, LLC and | ) | |
| GMAC COMMERCIAL FINANCE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' REVISED RULE 16.1 STATEMENT

Defendant GMAC Commercial Finance LLC ("GMACCF"),[1] by and through its attorneys, hereby submits a revised Rule 16.1 statement in light of the Court's Order of March 3, 2005, rejecting the parties' Joint Statement on the grounds that the proposed timeline was too long. Counsel for GMAC conferred with counsel for Plaintiff David L. Landay ("Landay") following this Court's Order, but no accord was reached on a revised timeline. As a result, the Defendants now submit their own revised pre-trial schedule. This new timeline takes into account the Defendants' plan to file a motion to dismiss this action on or before March 21, 2005.

**I.     PROPOSED PRE-TRIAL SCHEDULE**

1. Defendants shall have until March 21, 2005 to file a motion to dismiss.

2. Plaintiff shall have fourteen (14) days to oppose any motion to dismiss.

---

[1] The First Amended Complaint lists two separate defendants, GMAC Commercial Credit LLC, and GMAC Commercial Finance LLC, and includes both names in the caption. In actuality, GMAC Commercial Finance LLC is the successor by merger of GMAC Commercial Credit LLC and GMAC Business Credit LLC.

3. Any deadlines for responding to outstanding discovery requests shall be extended until either May 15, 2005 or two weeks after the Court rules on Defendants' Motion to Dismiss, whichever is earlier.

4. Amendments to the pleadings, if any, are due on July 1, 2005.

5. Plaintiff's expert report(s), if any, are due on August 1, 2005.

6. Defendants' expert report(s), if any, are due on September 1, 2005.

7. All discovery (fact and expert) will close on September 30, 2005.

8. Dispositve motions, including motions for summary judgment, if any, are due on October 21, 2005.

9. The final pretrial conference will take place in December 2005, at the Court's convenience.

10. This case will be trial ready by February 1, 2006.

Plaintiff opposes this proposed pre-trial schedule.

## II.  CONTEMPLATED MOTIONS

Until recently, GMACCF was negotiating with Landay to file a joint motion to stay this litigation in light of a lawsuit previously filed by the Defendants and currently pending between the same parties in the Supreme Court of the State of New York for New York County.  The New York litigation arises out of the same facts, transactions and occurrences as the current action, and features the same legal arguments and theories being raised by the parties in this case.  A stay of this action seemed reasonable since the New York court already granted summary judgment in favor of GMACCF on most claims, defenses and counterclaims, and discovery is nearly complete with regard to the unresolved issues.  The parties, however, were not able to agree on a joint motion for a

stay, so Defendants will soon be moving to dismiss this action instead. Among other things, Defendants will argue that the applicable loan documents require any action brought by Landay to be adjudicated in New York; that the terms of the applicable loan documents on their face bar Landay's claims; and that even if the loan documents did not bar this action, this Court should abstain from exercising jurisdiction under the Colorado River doctrine. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

### III.    OTHER ELEMENTS

A.    The parties do not consent to a trial by a magistrate judge.

B.    All parties have now submitted the required certifications of conferral regarding case budgets and alternative dispute resolution options.

C.    The Plaintiff presented a written settlement proposal to the Defendants on February 25, 2005. The Defendants question the good faith basis for Plaintiff's settlement proposal based on the dramatic and substantive differences between it and an offer previously submitted by the Plaintiff to the Defendants' New York counsel. The Defendants are ready to explain the basis for this assertion but cannot do so without disclosing the substance of the alternate settlement proposals. The Plaintiff disagrees with the Defendants characterization of its proposal and asserts that it is inappropriate for the Defendants to either disclose or discuss the details of any prior settlement proposal.

D.   The parties have discussed the possibility of alternative dispute resolution but have not agreed to pursue alternative dispute resolution at this time.

Respectfully submitted,

GMAC COMMERCIAL FINANCE LLC

/s/ Mark B. Dubnoff
John A. Houlihan (BBO # 542038)
Mark B. Dubnoff (BBO # 637212)
Edwards & Angell, LLP
101 Federal Street
Boston, MA  02110
(617) 439-4444

4