UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID L. LANDAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. NO. 04-CV-11955 WGY |
| ) | |
| GMAC COMMERCIAL CREDIT, LLC and ) | |
| GMAC COMMERCIAL FINANCE, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## RULE 16.1 JOINT STATEMENT

Plaintiff, David L. Landay ("Landay") and Defendant, GMAC Commercial Finance LLC ("GMAC"), [1] by and through their attorneys, submit this Joint Statement in accordance with this Court's orders dated February 3, 2005 and March 7, 2005 as well as Local Rule 16.1(D).

**I.   PROPOSED PRE-TRIAL SCHEDULE**

The parties disagree as to what the pretrial schedule should be.

**A.   The Plaintiff proposes the following schedule:**

1.   Deadline for GMAC's motion to dismiss:  March 31, 2005

2.   Deadline for Landay's opposition to motion to dismiss:  April 21, 2005

3.   No responses to discovery due until the earlier of the Court's ruling on the motion to dismiss or May 15, 2005

4.   Amendments to pleadings due on or before:  July 1, 2005

---

[1]   The First Amended Complaint lists two separate defendants, GMAC Commercial Credit LLC, and GMAC Commercial Finance LLC, and includes both names in the caption.  For the purposes of this Joint Statement, Landay accepts GMAC's representation that it is the successor by merger of GMAC Commercial Credit LLC and GMAC Business Credit LLC.

    5.    Plaintiff's expert report due on or before: November 1, 2005

    6.    Defendant's expert report due on or before: November 22, 2005

    7.    Close of discovery: December 15, 2005

    8.    Deadline for motions for summary judgment: December 15, 2005

    9.    Final Pre-Trial Conference: February, 2006

    10.    Ready for Trial: March, 2006

**B.    The Defendants propose the following schedule:**

    1.    Deadline for GMAC's motion to dismiss: March 31, 2005

    2.    Deadline for Landay's opposition to motion to dismiss: April 21, 2005

    3.    No responses to discovery due until the earlier of the Court's ruling on the motion to dismiss or May 31, 2005

    4.    Amendments to pleadings due on or before: July 1, 2005

    5.    Landay's expert report due on or before: September 15, 2005

    6.    Landay's expert to be made available for deposition before: September 30, 2005

    7.    GMAC's expert report due on or before: October 11, 2005

    8.    Close of discovery: October 28, 2005

    9.    Deadline for motions for summary judgment: November 23, 2005

    10.    Final Pre-Trial Conference: February, 2006

    11.    Ready for Trial: March, 2006

II.     **PRE-TRIAL SCHEDULE/THE NEW YORK ACTION**

On or about October 25, 2002, GMAC's predecessor-in-interest, GMAC Commercial Credit LLC filed a Verified Complaint against Landay in the Supreme Court for the State of New York, New York County ("the New York Action"). Both parties are represented by different counsel in the New York Action.

Based on his experience with GMAC's discovery responses in the New York action, Landay anticipates the need for motion practice in order to obtain full disclosure from GMAC. Landay believes that the early discovery deadlines proposed by GMAC are unrealistic and do not provide sufficient time (a) for resolution of expected discovery disputes or (b) for full analysis of complicated financial records once they are produced by GMAC. Landay believes that the deadlines he suggests allow for making a summary judgment motion sufficiently in advance of trial for the Court to give it due consideration; the earlier deadlines suggested by GMAC are not necessary to accomplish this. Moreover, Landay believes that a case of this nature is not a good candidate for summary judgment, in any event, and that full discovery should not be sacrificed because a party hopes to make such motion.

GMAC contends that the parties' discovery experiences in the New York Action should have no bearing on the discovery schedule adopted for this case. For its part, GMAC believes that the discovery schedule should be structured in such a manner that the parties can submit and argue motions for summary judgment sufficiently in advance of the pre-trial conference to afford the Court with a realistic opportunity to rule on any such motions prior to the pre-trial conference. GMAC does not believe that Landay's proposed schedule achieves this objective. Landay disagrees.

By order dated May 25, 2004, the New York court granted GMAC's motion for partial summary judgment in the New York Action. Since GMAC believes that the claims asserted by Landay in this case are identical to the counterclaims and defenses asserted by Landay in the New York Action, it intends to move to dismiss this action on the grounds that: 1) the applicable loan documents require any action brought by Plaintiff to be adjudicated in New York; 2) that the terms of the applicable loan documents on their face bar Plaintiff's claims; 3) that even if the loan documents did not bar this action, this Court should abstain from exercising jurisdiction under the Colorado River doctrine. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976); and 4) by virtue of the New York Court's ruling, Landay is estopped from asserting the claims that he attempts to raise in this action. Landay disagrees with GMAC's interpretation of the New York court's May 25, 2004 order and intends to vigorously oppose, GMAC's motion to dismiss. GMAC wishes to avoid the expenditure of time and money associated with discovery until after this Court rules on its motion to dismiss.

### III.   MISCELLANEOUS DISCOVERY ISSUES

A.   **Location of Depositions:** The parties agree that:

1) Landay will be deposed in Boston.

2) GMAC will make its employees (including Rule 30(b)(6) designees) available for deposition in either Boston or New York, at its discretion. This agreement does not extend to former employees, agents or independent contractors.

      3)    All other deposition witnesses may be deposed in any location where they are subject to subpoena or in such other location as counsel to Landay, GMAC and any third party witness may otherwise agree.

    **B.**    **Real Time Transcription of Depositions:**  The parties agree that all depositions may be transcribed using real time technology.

    **C.**    **Video Recording of Depositions:**  The parties agree that they will be permitted to videotape any deposition provided that the party noticing the deposition gives all other parties twenty-one days' notice of the intention to videotape the deposition.

**IV.**    **OTHER ELEMENTS**

    **A.**    The parties do not consent to a trial by a magistrate judge.

    **B.**    Both parties have submitted fully executed Rule 16.1 Certificates to the Court.

    **C.**    Landay presented a written settlement proposal to GMAC on February 25, 2005.  GMAC has rejected said offer.

    **D.**    The parties have agreed to conduct ADR before Magistrate Judge Collings in April.

        Respectfully submitted,

        DAVID L. LANDAY,
        By his attorney,

March 21, 2005        /s/ Alan R. Hoffman
        Alan R. Hoffman, BBO# 236860
        Lynch, Brewer, Hoffman & Fink, LLP
        101 Federal Street, 22nd Floor
        Boston, MA 02110
        (617) 951-0800


        GMAC COMMERCIAL FINANCE LLC,
        By its attorneys,

March 21, 2005        /s/ John A. Houlihan
        John A. Houlihan (BBO# 542038)
        Mark B. Dubnoff (BBO# 637212)
        EDWARDS & ANGELL, LLP
        101 Federal Street
        Boston, MA 02110
        (617) 439-4444

191647_1