UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID L. LANDAY )<br>  Plaintiff, )<br> )<br>v. )<br> )<br>GMAC COMMERCIAL CREDIT LLC )<br>and GMAC COMMERCIAL FINANCE )<br>LLC, )<br>  Defendants. )<br> ) | Civil Action No. 04-cv-11955-WGY |

**DEFENDANTS' EMERGENCY MOTION TO EXTEND
THE DEADLINE FOR AMENDMENTS TO THE PLEADINGS**

Defendant GMAC Commercial Finance LLC ("GMACCF"),[1] by and through its attorneys, moves for a one-month extension in the deadline for amendments to the pleadings. Under the current discovery schedule, all amendments to the pleadings must be filed by this Friday, July 1, 2005. GMACCF is considering filing an amended Answer to assert counterclaims against Plaintiff David L. Landay ("Landay"), but such a pleading may be rendered moot if this Court grants GMACCF's currently pending motion for judgment on the pleadings. Thus, extending the pleading deadline until August 1, 2005, or some other date after this Court issues its ruling on GMACCF's motion for judgment on the pleadings, would conserve the resources of the parties and this Court.

As explained fully in GMACCF's memorandum supporting its motion for judgment on the pleadings, Docket No. 23, this is the second lawsuit between GMACCF and Landay to arise from the same core of operative facts. On or about October 25, 2002, GMACCF's predecessor-

---

[1] GMAC Commercial Finance LLC is the successor by merger of GMAC Commercial Credit LLC and GMAC Business Credit LLC. In the interest of avoiding confusion, all three companies are referred to as GMACCF.

in-interest, GMAC Commercial Credit LLC, filed a Verified Complaint against Landay in the Supreme Court for the State of New York, New York County, Index No. 602238/02 ("the New York Action"). The New York Action arose out of a personal Guaranty that Landay executed on the obligations that Seneca Sports, Inc. ("Seneca") and Brookfield International, Inc. ("Brookfield"), owed to GMAC Commercial Credit LLC. In the lawsuit, GMACCF sought recovery from Landay of $1,235,055, together with contractual interest and attorneys' fees, on theories of breach of contract and account stated. Landay asserted a series of affirmative defenses and counterclaims. On May 25, 2004, the New York court granted partial summary judgment in favor of GMACCF and against Landay on liability. The case is currently before a Special Referee on the issue of damages.

Landay filed this action on September 9, 2004. He subsequently filed an Amended Complaint, consisting of seven counts, which he served on GMACCF on December 16, 2004. GMACCF filed an Answer on January 27, 2005, which did not include any counterclaims. On March 31, 2005, GMACCF moved for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), arguing, among other things, that the ruling in the New York Action had preclusive effect here. After a hearing on May 17, 2005, this Court allowed the motion in part, dismissing Counts 3, 4, and 5 of Landay's Amended Complaint in their entirety and dismissing that portion of Count 7 that was based on Counts 3, 4 and 5. The Court took the remainder of GMACCF's motion under advisement.

Although GMACCF believes that it is not required to assert any counterclaims in this action in order to preserve its previously asserted rights in the New York Action, it is concerned that if it does not assert counterclaims in this action, Landay may argue in the future that GMACCF has somehow waived its rights in the New York Action. Thus, out of an abundance

of caution, GMACCF is considering filing an amended Answer that would include counterclaims that mirror the claims that GMACCF already has asserted against Landay in the New York Action. With the deadline for amending the pleadings fast approaching, GMACCF's counsel contacted Landay's counsel and sought a stipulation that GMACCF could leave its pleading in this case unaltered without waiving any of its rights in the New York Action. Landay refused to agree to such a stipulation. As a result, GMACCF must infer that Landay intends to make a waiver argument in the New York Action if GMACCF does not assert counterclaims against Landay in this case.

There are three possible solutions to this problem if this Court does not grant GMACCF's pending motion for judgment on the pleadings before this Friday. One would be for GMACCF to amend its Answer to assert counterclaims based on breach of contract and account stated. After Landay responds to these counterclaims, GMACCF would then move for judgment on the pleadings, based on the preclusive effects of the New York rulings. This seems like an unnecessary and inefficient use of the parties and this Court's resources. A second would be for this Court to issue an Order before Friday declaring that if GMACCF does not assert counterclaims in this action, GMACCF would not be waiving any of the claims it already has asserted in the New York Action. The third would be for this Court to grant an extension in the deadline for amending the pleadings until either August 1, 2005, or a reasonable time after it issues its ruling on the pending motion for judgment on the pleadings.

WHEREFORE, GMACCF moves for a one-month extension in the deadline to submit amendments to the pleadings, or alternatively the entry of an Order declaring that GMACCF does not need to assert any counterclaims in this action to preserve its already-litigated claims in

the New York Action.  GMACCF also respectfully requests that this Court act on this motion by June 30, so that it would have time to seek leave to amend its pleadings if this motion is denied.

>GMAC COMMERCIAL FINANCE LLC,
>By its attorneys,
>
>/s/ Mark B. Dubnoff
>John A. Houlihan (BBO# 542038)
>Mark B. Dubnoff (BBO# 637212)
>EDWARDS & ANGELL, LLP
>101 Federal Street
>Boston, MA  02110
>(617) 439-4444

DATED:    June 29, 2005

## LOCAL RULE 7.1(a)(2) CERTIFICATION

The undersigned hereby certifies, pursuant to Local Rule 7.1(a)(2), that he has conferred with counsel for the plaintiff in a good faith attempt to resolve or narrow the issues in dispute, and that these efforts were not successful.  More specifically, counsel for the Plaintiff stated that while he would not oppose any request to extend the pleadings deadline for ten days, until July 11, he would oppose any further extensions.  Counsel for the Plaintiff also stated that his client was unwilling to stipulate that GMACCF that GMACCF could leave its pleading in this case unaltered without waiving any of its rights in the New York Action.

>/s/ Mark B. Dubnoff
>Mark B. Dubnoff