UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID L. LANDAY<br>    Plaintiff,<br><br>v.<br><br>GMAC COMMERCIAL CREDIT LLC<br>and GMAC COMMERCIAL FINANCE LLC,<br>    Defendants. | Civil Action No. 04-cv-11955-WGY |

## DEFENDANTS' MOTION TO STAY DISCOVERY UNTIL AFTER THE COURT RULES ON THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant GMAC Commercial Finance LLC ("GMACCF")[1] moves to stay discovery until after the Court issues its ruling on GMACCF's pending motion for judgment on the pleadings.

Plaintiff David L. Landay ("Landay") recently served GMACCF with a set of document production requests and a set of interrogatories, much if not all of which may soon be rendered moot. There is simply no purpose to be served by requiring GMACCF to expend its resources responding to these potentially irrelevant discovery requests, especially since most of them appear at first glance to be duplicative of the discovery that Landay served on GMACCF in the New York Action.[2]

This Court already has dismissed half of Landay's claims, ruling from the bench on May 17 that GMACCF was entitled to judgment on the pleadings as to Counts 3, 4, and 5 of the

---

[1]   GMAC Commercial Finance LLC is the successor by merger of GMAC Commercial Credit LLC and GMAC Business Credit LLC. In the interest of avoiding confusion, all three companies are referred to as GMACCF.

[2]   As explained in other filings, GMACCF's predecessor-in-interest, GMAC Commercial Credit LLC, filed a Verified Complaint against Landay on or about October 25, 2002, in the Supreme Court for the State of New York, New York County, Index No. 602238/02.

Amended Complaint, as well as that portion of Count 7 that was based on Counts 3, 4 and 5. While the Court took the remainder of GMACCF's motion under advisement, if it ultimately dismisses all or even some of Landay's remaining claims, any discovery relating to those claims will be pointless.

For example, if this Court grants GMACCF's pending motion as to Count II (usury in violation of M.G.L. 271, § 49), there will be no potential relevance to Landay's request for "[a]ll documents referring, reflecting or relating to any filing made pursuant to M.G.L. 271, Section 49 concerning GMAC's transactions with Seneca [Sports, Inc.] and/or Brookfield [International, Inc.] and/or Landay, including without limitation, all documents showing the date of any such filing." (Request No. 2.)[3] Nor would there be any potential relevance to Landay's request for "[a]ll records that GMAC was required to maintain pursuant to M.G.L., Section 271" (Request No. 3), or his interrogatory seeking a description of "the steps GMAC took to comply with the requirements of M.G.L. 271, Section 49." (Interrogatory No. 1.g.)[4] Similarly, if this Court were to grant GMACCF's motion as to Count VI (violation of Landay's rights as a junior creditor of Seneca and Brookfield), there would no discovery purpose served by either Landay's request for "[a]ll documents referring, reflecting or relating to GMAC's efforts to sell Borrowers' assets and/or collect outstanding accounts receivable" (Request No. 15), or his interrogatory for "EACH and EVERY Account Receivable of the Borrowers that existed on October 22, 2001, when GMAC took charge of the assets of the Borrowers." (Interrogatory No. 2.)

Accordingly, it would be a waste of GMACCF's resources for it to have to respond to the aforementioned discovery requests before it knows which of Landay's claims, if any, will survive GMACCF's pending motion. Principles of efficiency counsel a stay of discovery in this

---

[3] A copy of Landay's First Request for Production of Documents is attached as Exhibit 1.
[4] A copy of Landay's First Set of Interrogatories, minus exhibits, is attached as Exhibit 2.

BOS_494818_1.DOC/MDUBNOFF

case – or, at least, of GMACCF's obligations to respond to such discovery – until after this Court issues its final ruling on the motion. Absent such a stay, GMACCF would have to respond to Landay's document production requests no later than Monday, July 11, 2005, and Landay's interrogatories no later that Monday, July 18. There is simply no utility in requiring GMACCF to meet these deadlines, given the procedural posture of this case.

At the same time, staying discovery as reqeusted would not prejudice Landay's rights, as he appears to possess nearly all of the information that he now seeks. In the New York Action, GMACCF provided Landay with hundreds of pages of documents, responded to two sets of interrogatories, and made several witnesses available for deposition. While GMACCF has not done a detailed comparison of Landay's discovery requests in the two case – since such a comparison might be mooted by the Court's ruling on its motion for judgment on the pleadings – it is unaware of any new documents that could be produced. Additionally, an initial review of Landay's interrogatories in the two cases reveals a fair amount of overlap between them. For example, in the New York Action, Landay asked GMACCF to "[d]escribe all efforts [it] has made to dispose of, sell, or liquidate the [Borrowers'] assets." (Interrogatory No. 5.)[5] In this case, Landay has asked GMACCF to describe the same efforts in a fourteen-part interrogatory regarding accounts receivable (No. 2), a thirteen-part interrogatory regarding inventory (No. 4), an eight-part interrogatory regarding intellectual property (No. 5), and a seven-part interrogatory regarding "all other assets" (No. 6). Landay's case will not be adversely impacted by his inability to conduct needlessly cumulative discovery.

---

[5] A copy of GMACCF's response to Landay's first set of interrogatories in the New York Action is attached as Exhibit 3.

BOS_494818_1.DOC/MDUBNOFF

WHEREFORE, GMACCF respectively requests a stay of all discovery in this case until this Court clarifies the remaining issues in dispute through its ultimate ruling on GMACCF's pending motion for judgment on the pleadings.

>                   GMAC COMMERCIAL FINANCE LLC,
>                   By its attorneys,
>
>
>                   /s/ Mark B. Dubnoff
>                   John A. Houlihan (BBO# 542038)
>                   Mark B. Dubnoff (BBO# 637212)
>                   EDWARDS & ANGELL, LLP
>                   101 Federal Street
>                   Boston, MA  02110
>                   (617) 439-4444

DATED:      July 1, 2005

## LOCAL RULE 7.1(a)(2) CERTIFICATION

The undersigned hereby certifies, pursuant to Local Rule 7.1(a)(2), that he has conferred with counsel for the plaintiff in a good faith attempt to resolve or narrow the issues in dispute, and that these efforts were not successful.

>                   /s/ Mark B. Dubnoff
>                   Mark B. Dubnoff