UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-11955-WGY

| | |
|---|---|
| DAVID L. LANDAY,<br><br>    Plaintiff,<br><br>v.<br><br>GMAC COMMERCIAL CREDIT, LLC and<br>GMAC COMMERCIAL FINANCE, LLC,<br><br>    Defendants. | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO AMEND ANSWER** |

Now comes Plaintiff and opposes Defendants' Motion to Amend Answer on the ground of futility, in that Defendants' proposed Counterclaim fails to state a claim upon which relief can be granted.

While motions to amend are liberally granted, a Court should deny them if, as a matter of law, the amendment would be futile. Carlo v. Reed Rolled Thread Die Company, 49 F.3d 790 (1st Cir. 1995), and cases cited. Plaintiff submits that the proposed Counterclaim is futile because it seeks to enforce a judgment which Defendants' acknowledge does not exist.

The proposed Counterclaim seeks "judgment in Massachusetts against Landay in aid of its foreign judgment and to satisfy the ultimate liability thereunder." ¶9 of proposed Counterclaim. However, it is clear from Defendants' proposed Counterclaim that there has been no judgment entered against Landay. See ¶8 of proposed Counterclaim. "Although the New York Court has not yet determined the amount of money that Landay owes to GMACCF in the New York Action, GMACCF will be seeking to enforce that judgment in Massachusetts…" (emphasis added). The affidavit of Barry

Michael Okun submitted herewith sets forth the current status of the New York proceeding, Exhibit 1 hereto.  While partial summary judgment as to liability has entered against Landay in New York (See also ¶4 of the proposed Counterclaim) no judgment, let alone a final judgment, has entered.  Exhibit 1, ¶3.  The Summary Judgment Court in New York ruled that the "issues of whether or not the collateral was disposed of in a commercially reasonable manner, and the net amount, if any, due to Plaintiff from Defendant…" (emphasis added) remain open to be determined after hearing.  Exhibit A to Okun Affidavit, p. 18.  Thus, there is no final judgment against Landay; and indeed a Court could still rule that Landay owes nothing.  Without a judgment, there is nothing for Defendants to enforce.

Even had Defendants sued Landay in New York, the lack of a final judgment would prove fatal to their claim.  In this regard, the Registration of Judgments for Enforcement in Other Districts Act, 28 U.S.C. §1963, is triggered only "when the [underlying] judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that ordered the judgment for good cause shown."  See, e.g., Armstrong v. Armstrong, 130 F.R.D. 449, 454 (D. Col. 1990), citing In Re Grand Jury Proceedings, 795 F.2d 226, 230 (1st Cir. 1986), cert. denied, 479 U.S. 1064 (1987) ("A judgment may not be certified for registration, therefore, if the time for appeal has not yet expired").  See, also, Lipton v. Schmertz, 68 F.R.D. 249 (S.D.N.Y. 1974) (No registration is possible when an appeal is pending).

Therefore, Defendants' claim is at best premature, and therefore not ripe for litigation.  The basic function of the ripeness doctrine is "to prevent the courts, through avoidance of premature adjudication from entangling themselves in abstract

disagreements." Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967). In order to determine "ripeness for review", a court must "…evaluate the fitness of the issue presented and the hardship that withholding immediate judicial consideration will work." Rhode Island Association of Realtors, Inc. v. Sheldon Whitehouse, Attorney General of the State of Rhode Island, 199 F.3d 26, 33 (1st Cir. 1999). The party asserting the claim "…must adduce facts sufficient to establish both fitness and hardship." Id. In the present case, the Defendants have done neither. On the contrary, the proposed Counterclaim reflects the prematurity of the claim. If Landay is successful in New York, it may never come to fruition. The claim is therefore not "fit" for adjudication. Furthermore, no hardship is established here where the Defendants have admitted in their moving papers that they would be willing to dismiss the claim without prejudice.

## CONCLUSION

Defendants' Motion to Amend should be denied because the proposed Counterclaim fails to state a claim upon which relief can be granted, and it would therefore be futile to allow the Amendment.

                Respectfully submitted,
                DAVID L. LANDAY,
                By his attorney,


                /s/ Alan R. Hoffman
                Alan R. Hoffman, BBO# 236860
                Lynch, Brewer, Hoffman & Fink, LLP
                101 Federal Street, 22nd Floor
                Boston, MA 02110
                (617) 951-0800

Dated: July 12, 2005

196877_1