UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------------------X

DAVID L. LANDAY,

        Plaintiff,

  -against-

GMAC COMMERCIAL CREDIT LLC and GMAC COMMERCIAL FINANCE LLC,

        Defendants.

-----------------------------------------------------------------------X

Civil Action No. 04-cv-11955-WGY

**AFFIDAVIT OF BARRY MICHAEL OKUN, ESQ.**

STATE OF NEW YORK    )
                                     ) .ss:
COUNTY OF NEW YORK  )

**BARRY MICHAEL OKUN,** being duly sworn, deposes and says:

    1.     I am an attorney admitted to practice in the courts of the State of New York, associated with the law firm of Goodkind Labaton Rudoff & Sucharow LLP, attorneys for David L. Landay in a lawsuit pending in the Supreme Court of the State of New York for the County of New York entitled *GMAC Commercial Credit LLC v. Landay*, Index No. 602238/02 (the "New York Action"). I submit this affidavit in opposition to the motion in the above-captioned action by defendants GMAC Commercial Credit LLC and GMAC Commercial Finance LLC for leave to amend their answer to include a counterclaim based on the domestication of a judgment purportedly entered in the New York Action in favor of GMAC Commercial Credit LLC ("GMACCC"), one of the defendants herein, against David L. Landay, the plaintiff herein.

    2.     No final judgment has been entered in the New York Action. The New York Action is an action brought by GMACCC against Landay as the guarantor of certain loans made

by GMACCC to two corporations, Seneca Sports, Inc. and Brookfield International, Inc.  By a decision and order dated May 25, 2004 (copy annexed hereto as Exhibit A), Justice Herman Cahn of the New York State Supreme Court granted GMACCC *partial* summary judgment against Landay *on the issue of liability only*.  As the annexed decision and order makes clear, however, the New York court directed further discovery, and then an inquest, on the issues of both GMACCC's damages and Landay's defense that GMACCC did not dispose of the collateral on the loan in a commercially reasonable manner.

2. Such discovery is ongoing and an inquest has not yet been scheduled.

3. Accordingly, no final judgment has been entered in the New York Action, but only an interlocutory finding of Landay's liability to GMACCC on the guarantees.  Moreover, not only do the amount of GMACCC's damages (if any) remain to be determined, but so does Landay's defense of "commercial reasonability."  It is, therefore, entirely possible that Landay will not be found to be liable for any amount at all, either because GMACCC is unable to prove any damages or because GMACCC's damages will be found to be barred by reason of the "commercially unreasonable" manner in which GMACCC disposed of the collateral on the loans.  In any event, even if Landay will be found to be liable to GMACCC for some amount of damages, that amount is, at present, undetermined – both because GMACCC has yet to submit and receive a ruling on its proof, and because the effect of Landay's "commercial reasonability" defense, as a partial even if not a complete bar, has not yet been determined.

4. Nor has the time to seek appellate review of the New York decision and order granting partial summary judgment to GMACCC on the issue of liability expired.  Although New York state court practice permits interlocutory appeals from non-final orders such as the annexed decision and order granting GMACCC partial summary judgment, *see generally* New

- 3 -

York Civil Practice Law & Rules 5701(a)(2), it does not require them. In the absence of an interlocutory appeal – and none exists here – then, just as under federal practice, an appeal from a final judgment, once entered, brings up for appellate review prior orders entered in the case. New York Civil Practice Law & Rules 5501(a)(1). Thus, not only has no final judgment yet been entered in the New York Action, but the time to appeal from the order granting partial summary judgment has not yet expired.

              /s/ Barry Michael Okun
              BARRY MICHAEL OKUN

Sworn to before me this
  day of July, 2005.

_____
  Notary Public