UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-11955-WGY

| | | |
|---|---|---|
| DAVID L. LANDAY, | ) | |
| | ) | |
| Plaintiff, | ) | **LANDAY'S** |
| | ) | **MEMORANDUM IN** |
| v. | ) | **OPPOSITION TO** |
| | ) | **DEFENDANTS' MOTION** |
| GMACCF COMMERCIAL CREDIT, LLC and | ) | **TO STAY DISCOVERY** |
| GMACCF COMMERCIAL FINANCE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff David L. Landay ("Landay") submits this Memorandum in opposition to the Motion of GMACCF to Stay Discovery Until After the Court Rules on GMACCF's Pending Motion for Judgment on the Pleadings.

In setting the discovery deadline for October 28, 2005 for the close of all discovery, this Court adopted GMACCF's proposed schedule as opposed to Landay's slightly more liberal proposal.[1]  Moreover, in GMACCF's proposal it agreed that "no responses to any discovery [be] due until the earlier of the Court's ruling on the motion to dismiss or May 31, 2005."  Now, the Court having the Defendants' Motion for Judgment on the Pleadings still under advisement, GMACCF is reneging on its implicit agreement to respond to discovery after May 31, 2005, and, moreover, for the reasons stated below, is depriving Landay of a legitimate opportunity to prove his case.  Indeed, the absurdity of GMACCF's Motion is shown by the fact that, if the Motion for Judgment on the Pleadings is not decided by October 28, 2005, Landay will have no time to do any discovery in this case.

---

[1]    Landay's proposal was that discovery close on December 15, 2005.

The Court has established a very strict schedule for all discovery and motions leading to a trial date in early 2006.  According to the Court's schedule, discovery must be completed by October 28, 2005, three and one-half months from now.  Were discovery to be stayed at all, Landay would be extremely prejudiced.  This is especially true where, as here, GMACCF has a history in the New York litigation of resisting discovery and requiring Landay to ask for the aid of the Court by way of time-consuming motion practice.  As already indicated by GMACCF in the instant motion, GMACCF is preparing to resist responding to the Interrogatories and Document Requests that Landay has served on it.  The instant Motion, with its undertones of resistance to discovery, demonstrates that every day that this Court has allotted for discovery is precious to Landay.

Landay regrets having to air "dirty laundry" from the New York action here. However, GMACCF's characterization of Landay's outstanding discovery requests as duplicative of the New York discovery and GMACCF's statement that Landay will not be "adversely impacted by his inability to conduct needlessly cumulatively discovery" (Motion, p.3) are disingenuous, misleading and require a firm response.  Put bluntly, Landay will be adversely impacted to an extreme degree because GMACCF has resisted and avoided discovery in New York; Landay has very little information from that source.  If GMACCF is permitted to resist or delay discovery here, as it has done in New York, Landay will remain without the tools to pursue his claims.

GMACCF's document production in New York has been paltry.  Documents that Landay believes GMACCF kept in its regular course of business have not been produced.  Moreover, GMACCF has not produced any of the documents that it seized

from the corporate borrowers in 2001.  All of these documents are called for by the outstanding discovery requests in this Court.  They have not been produced in New York and now GMACCF seeks to avoid their production here.

Moreover, so far, GMACCF has gotten away with non-answers to interrogatories in the New York action. Suffice it to say that, to date, GMACCF has succeeded in NOT providing any accounting to Landay concerning the alleged debt for which it claims he is liable as guarantor.  For example, as to assets of the corporate borrowers that GMACCF seized to satisfy the debt: GMACCF has not provided even a list of the seized accounts receivables, let alone a list showing how much was collected from any of such accounts to date. Nor has GMACCF provided a list of all other assets seized or explained the disposition of each such asset.  Most pertinently to the Usury Count, GMACCF has certainly never explained what charges and other costs in addition to interest are included in the alleged debt.  All of this information is necessary to Landay's claims in this Court.

In many instances, GMACCF "answered" Landay's New York interrogatories by making general references to documents it produced.  In the instant action, Landay has propounded interrogatories seeking to understand what the documents say and how they allegedly provide the information he is entitled to as part of an accounting. GMACCF cannot be heard to claim that Landay's discovery is duplicative when he asks it to explain its own documents and to provide information it has never provided before.

Contrary to GMACCF's assertion that it has made "several witnesses available for deposition" in New York, GMACCF has produced only two witnesses, neither of whom had any knowledge concerning the corporate borrowers' accounts receivable and

both of which had very limited knowledge concerning the loan in question.  One knew

nothing about GMACCF's accounting practices or internal documents.  The other, while

familiar with some documents, had very little knowledge concerning the details of the

loan.  Although there is outstanding in the New York case a notice for the deposition of

a corporate witness with knowledge of corporate records and details of the loan (similar

to the information sought in the interrogatories in this action), GMACCF currently is

refusing to make this witness available in a timely manner.[2]  All of this shows that

GMACCF, indeed, is not wasting its resources in providing discovery (Motion, p.2), but,

rather, is using them to thwart discovery, thereby causing Landay to exhaust his limited

resources and enable GMACCF to win by attrition.

The Court should not permit GMACCF to avoid Landay's discovery by

compressing the discovery period into a smaller time frame bounded by the date the

Court renders its decision and the current discovery deadline.[3]  Because the records

that GMACCF produced in New York are by no means self-explanatory and because

despite New York counsel's repeated efforts, no explanation has been forthcoming,

Landay needs the interrogatories answered fully and in good faith immediately in order

to provide his expert with the materials necessary to include in his report and to serve

---

[2]    The information being denied Landay in New York is relevant to the instant action as well.  For example, the interrogatories in the instant case ask GMACCF about several documents that may indicate sharp practices in violation of Chapter 93A. See, e.g., Landay Interrogatory 3 (Exhibit 2 to Motion). It appears that GMACCF sent notices to the corporate borrowers that, in the absence of a response, would cause GMACCF to keep money it had received without crediting it to the loan (and, ultimately, Landay). However, GMACCF had already taken possession of the corporate borrowers' assets and premises; no response was possible.

[3] GMACCF's argument that Landay's discovery requests are potentially irrelevant if the Court grants its motion for judgment on the pleadings is simply a statement of the obvious.

said report in a timely fashion.  In light of the existing discovery deadlines, nothing less

will suffice.

If the Court were to stay discovery until it decides GMACCF's motion, it should

extend the discovery schedule into the future by a like number of days. Indeed, it

should, change the entire schedule, including the trial date.  Landay needs every day

that this Court granted for discovery; anything less will prejudice his case.

<div style="margin-left: 50%;">

Respectfully submitted,<br>
DAVID L. LANDAY,<br>
By his attorney,


/s/ Alan R. Hoffman
Alan R. Hoffman, BBO# 236860<br>
Lynch, Brewer, Hoffman & Fink, LLP<br>
101 Federal Street, 22nd Floor<br>
Boston, MA 02110<br>
(617) 951-0800

</div>

Dated:  July 14, 2005

197156_1