UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-11955-WGY

| | |
|---|---|
| DAVID L. LANDAY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GMAC COMMERCIAL CREDIT, LLC and ) <br> GMAC COMMERCIAL FINANCE, LLC, ) <br> ) <br> Defendants. ) <br> ) | **PLAINTIFF LANDAY'S EMERGENCY MOTION TO MODIFY DISCOVERY SCHEDULE** |

Plaintiff, David L. Landay ("Landay") brings this emergency motion to modify the discovery deadlines because Defendants ("GMAC") have posed numerous baseless objections to various discovery vehicles to stymie Landay's legitimate discovery needs and, most significantly, have only recently produced for inspection a prodigious cache of documents belonging to Seneca Sports, Inc. and its affiliate Brookfield International, Inc. (the "Borrowers") that Landay had sought in the related New York litigation for over two years. As will be noted below, these warehoused documents (seized by GMAC from the Borrowers in 2001) contain information highly relevant to the work of Plaintiff's expert witness whose report, according to GMAC's proposed and possibly adopted discovery schedule, is due on September 15, 2005. Yet, as of this date, Landay has not received from GMAC any of the aforementioned Seneca documents, despite the fact that he has been asking for them for over two years and the fact that these documents do not belong to GMAC, but, rather, to corporations of which Landay was president, director and a major shareholder.

Landay submits that the interests of justice require that the discovery deadlines be modified so that Landay's expert may adequately comply with the Rules of Civil Procedure regarding production of his report and Landay may prepare his case for trial in an orderly, fair and efficient manner.  Landay does not ask this Court to modify any other deadlines by this motion and, if allowed, this motion will not impact either GMAC's ability to file another dispositive motion or delay the March 2006 trial date.

## ARGUMENT

This lender liability case involves claims by a guarantor, Landay, that the lender, GMAC, made fraudulent representations to him, violated the Commonwealth's criminal usury laws, violated his rights as a subordinated creditor of the Borrowers, two corporations as to which he was president, director and shareholder, and violated M.G.L. Chapter 93A.

The parties, having been unable to agree on a discovery schedule and other deadlines, filed a Rule 16.1 Joint Statement on March 21, 2005 which set forth their respective positions.  Exhibit A.  While both schedules accommodated the March 2006 trial date, Landay proposed a time-table which provided that his expert report was due on or before November 1, 2005, GMAC's expert report was due on or before November 22, 2005, and discovery was to close on December 15, 2005.  Defendants proposed that Landay's expert report be due on September 15, 2005, GMAC's expert report be due on October 11, 2005, and that discovery close on October 28, 2005.  On March 23, 2005, this Court issued the following order: "[d]iscovery due by 10/28/05; dispositive motions due by 11/23/05".  The Court's order sets GMAC's proposed date of October 28, 2005 for the close of discovery, but does not explicitly adopt any of the intermediate

2

deadlines. While it is therefore not entirely clear that Plaintiff's expert's report is due on September 15, 2005, as opposed to October 28, 2005, Landay is filing this motion, first, to establish a clear deadline for the serving of his expert's report and second, as will be noted below, because GMAC's lack of cooperation in the discovery process mandates an extended date for completion of discovery.

On June 9, 2005, Landay served his First Request for Production of Documents, and on June 17, 2005 he served his First Set of Interrogatories. Instead of responding to this discovery in a timely fashion, GMAC responded on July 1, 2005 with a Motion to Stay Discovery which was based on the fact that this Court had under advisement Defendants' Motion for Judgment on the Pleadings and the hope that the Court would allow this latter motion, thereby mooting the outstanding discovery.

Notwithstanding the fact that this Court did not allow the Motion to Stay as of the time document responses were due, GMAC served no document responses, nor did it produce documents within the time set forth in the discovery rules. However, on July 18, 2005, the Court allowed the Motion to Stay until it ruled on the Motion for Judgment on the Pleadings. That ruling followed on July 22, 2005, when the Court denied the latter motion with respect to Counts I, II, VI and VII of the Complaint.

Subsequent to that date, GMAC served responses to Landay's discovery on July 29, 2005 and August 10, 2005. Exhibit B and Exhibit C attached hereto. Generally, there responses can be seen as overly aggressive in their meritless objections, incomplete and not very informative. As to the Response to Plaintiff's First Request for Production, served on July 29, 2005, the actual production, which took place on or about August 10, 2005, was a duplication of the documents already produced in the

3

related New York State action.[1] It was only on or after August 10, 2005 that Landay learned from GMAC's counsel that the Borrowers' documents, which had been covered by outstanding discovery requests in the New York action, <u>might</u> have been located in a warehouse in Massachusetts. Additionally, the interrogatory responses, filed on August 10, 2005, were blanketed with non-meritorious objections, including an arbitrary determination that subparts of a question were not subparts within the meaning of the Local Rule. (GMAC's document responses and its interrogatory responses will be the subject of motions to compel upon completion of a "meet and confer" scheduled for August 31, 2005).

In light of the impending discovery deadlines, Landay noticed the deposition of Kathleen Pappalardo, a witness previously identified by GMAC, for August 18, 2005 and served a 30(b)(6) notice on GMAC which listed 33 categories of information. Exhibit D. This deposition proceeded on August 18 and 19. However, GMAC objected vigorously to the topics listed and narrowly defined the scope of the 30(b)(6) deposition by limiting Ms. Pappalardo's responsibility to <u>parts</u> of 7 of the topics. See Exhibit E. Ms. Pappalardo provided little or no information on the excluded topics in her capacity as a fact witness since she had no direct knowledge of the facts of the underlying transactions. Landay expects that he will have to seek a Court order to obtain by deposition the information that GMAC refused to provide at the 30(b)(6) deposition on August 19.

On Tuesday afternoon August 23, 2005, GMAC allowed Landay and his counsel to inspect the warehoused documents of the Borrowers which had been transported to

---

[1] This was so notwithstanding that the requests in this case were more extensive than those in the New York action.

a storeroom at defense counsel's Boston office. The "newly discovered"[2] documents consisted of approximately 171 boxes or individual filing cabinet drawers. These boxes are estimated to contain approximately 800,000 to 1,000,000 pages. Landay and counsel reviewed these documents and indicated by appropriate tags which ones should be copied. This review process ended on Friday, August 26, 2005.[3]

These documents include a treasure trove of relevant materials, some of which are necessary for Landay's expert to complete his work. To give one example, at Ms. Pappalardo's deposition, defense counsel refused to produce client account statements and other documents dated prior to the date on which GMAC seized the Borrowers' businesses, thereby unilaterally determining that the thirteen-month relationship between the Borrowers and GMAC had <u>no possible relevance to this case</u>. Exhibit G. To the contrary, Landay contends <u>inter alia</u> that a usury defense cannot be waived as a matter of public policy[4] and that the lack of such documents imposes a serious impediment on Plaintiff's expert's usury calculations with respect to periods preceding GMAC's seizure of the Borrowers' assets and papers of the Borrowers. Be that as it may, Landay has found and tagged a Borrowers' file containing such documents in defense counsel's in-house warehouse. As of the date of this Motion, Landay has not

---

[2] GMAC confiscated these documents from Borrowers less than a year before it commenced an action against Landay in New York based on transactions related to the confiscated documents. GMAC has no valid excuse for having "misplaced" these documents at all. At a minimum, the existence and location of these documents should have been known to GMAC no later than March 29, 2004 when its agent, the liquidator, testified to their whereabouts in the New York action. Exhibit F.

[3] GMAC is treating these documents as its own and is controlling Landay's access to them. It is respectfully submitted that GMAC is exceeding its rights in this regard. It cannot be emphasized enough that GMAC has no greater right to these documents than Landay and that it should not have any say as to which documents Landay can copy.

[4] <u>See</u> <u>Greenwood Trust Co. v. Commonwealth of Massachusetts</u>, 776 F. Supp. 21 (D. Mass. 1991), <u>rev'd</u> 971 F.2d 818 (1st Cir. 1992), as to public policy, and <u>Hammelburger v. Foursome Inn, Corp.</u>, 437 N.Y.S. 2d 356, 358-359, 76 A.D. 646, 649 (2nd Dep't 1980), as to waiver.

received <u>any</u> of the Borrowers' documents from the warehouse.  See footnote 3.  The undersigned was informed today that copies of the 4,000 pages tagged will not be available until <u>after Labor Day</u>, although it might be possible to expedite copying and delivery of certain designated categories of documents.

In light of the above, Landay submits that the interests of justice mandate allowance of this motion.  GMAC, a demonstrated discovery-abuser[5] in the New York action, should not be allowed to prejudice Landay's case by obfuscatory and delaying tactics in this Court.  Moreover, the allowance of this motion will not prejudice GMAC in any way or impact the Court-established trial date.

## **CONCLUSION**

For the reasons stated above, this Court should modify the current discovery deadlines as follows:

1. Plaintiff's expert report due on or before November 1, 2005;

2. Defendants' expert report due on or before November 22, 2005; and

3. Close of discovery December 15, 2005.

                                                Respectfully submitted,
                                                DAVID L. LANDAY,
                                                By his attorney,

                                                /s/ Alan R. Hoffman
                                                Alan R. Hoffman, BBO# 236860
                                                Lynch, Brewer, Hoffman & Fink, LLP
                                                101 Federal Street, 22nd Floor
                                                Boston, MA 02110
                                                (617) 951-0800

Dated:  August 30, 2005

---

[5] At the August 18 and 19 deposition, GMAC produced a number of documents, and computer back-up tapes, all of which had been called for, but not produced in the New York action.  The back-up computer tapes were located <u>in New York counsel's files</u>.  See Exhibit H.  This pattern of discovery abuse in the New York action is part of Landay's Chapter 93A claim.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

The undersigned hereby certifies, pursuant to Local Rule 7.1(a)(2), that on August 29, 2005 he conferred with John A. Houlihan, Esq., counsel for the Defendants, in a good faith attempt to resolve or narrow the issues in dispute, and that theses efforts were not successful.

/s/ Alan R. Hoffman
Alan R. Hoffman

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by hand on August 30, 2005.

/s/ Alan R. Hoffman
Alan R. Hoffman

199179_1