UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-11955-WGY

| | |
|---|---|
| DAVID L. LANDAY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GMAC COMMERCIAL CREDIT, LLC and )<br>GMAC COMMERCIAL FINANCE, LLC, )<br>)<br>Defendants. )<br>) | **PLAINTIFF LANDAY'S EMERGENCY MOTION TO STAY OBLIGATION TO SERVE EXPERT REPORT UNTIL SEPTEMBER 29, 2005** |

Now comes the Plaintiff and moves this Honorable Court for a stay of any putative obligation on his part to serve an expert report by September 15, 2005 and states as reasons the following:

1) The Court in ordering a discovery deadline – "[d]iscovery due by 10/28/05" – may or may not have adopted GMAC's proposed date of September 15, 2005 for service of Plaintiff's expert's report.

2) On August 23, 2005, GMAC made available to Plaintiff for the first time the contents of the warehouse belonging to the Borrowers which contained approximately 800,000 to 1,000,000 pages.

3) During that week Plaintiff identified certain documents for copying.

4) A set of these documents, numbering approximately 5,500 pages, was delivered on September 5, 2005.

5) The photocopied documents include thousands of pages of documents relevant to the work of an expert witness. Landay has not seen these documents since GMAC seized the Borrowers' business in 2001. These documents were producible in

the New York action in June of 2003, in response to a request to produce documents, but not produced.

6) The undersigned represents that he has engaged an expert witness who started his work based in documents <u>previously produced</u> and that the expert needs additional time to review and assimilate information contained in the September 5, 2005 production in order to complete his report.

7) By way of example, as of August 23, 2005, the expert had available to him some documentation, which included GMAC's monthly Client Statements and back-up documentation relating to miscellaneous charges i.e., charges the nature of which was not identified on the Client Statements. The earliest of these documents was dated on or about October 1, 2001, thirteen months <u>after</u> the loan was made.

8) Therefore, he has only been able to calculate the interest, expenses, costs and fees for the purposes of Massachusetts Criminal Usury Statute from October 1, 2001 forward.

9) The September 5, 2005 production of the Borrowers' documents contains documents which would permit the expert to complete a usury analysis which would commence from the date of the loan in September 2000 to the present. However, the expert needs a reasonable amount of time to review and analyze these newly produced documents.

10) On August 30, 2005, Plaintiff filed a Motion to Modify Discovery Schedule, which included a request to modify the time for disclosure of Plaintiff's expert report so that it would be due on November 1, 2005.

11) The Defendants have not yet filed their opposition and this Court has not yet ruled.

12) The allowance of this Motion for a two week stay will not prejudice the Defendants.

For these reasons, Plaintiff requests that this Court order that Landay's expert report be due on September 29, 2005.[1]

                            Respectfully submitted,
                            DAVID L. LANDAY,
                            By his attorney,

                            /s/ Alan R. Hoffman
                            Alan R. Hoffman, BBO# 236860
                            Lynch, Brewer, Hoffman & Fink, LLP
                            101 Federal Street, 22nd Floor
                            Boston, MA 02110
                            (617) 951-0800

Dated: September 7, 2005

---

[1] If the Court allows Landay's Motion to Modify Discovery Schedule subsequent to the allowance of this Motion, the September 29, 2005 date would be superseded.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

The undersigned hereby certifies, pursuant to Local Rule 7.1(a)(2), that on September 7, 2005 he conferred with John A. Houlihan, Esq., counsel for the Defendants by telephone, in a good faith attempt to resolve or narrow the issues in dispute, and that theses efforts were not successful.

/s/ Alan R. Hoffman
Alan R. Hoffman

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on September 7, 2005.

/s/ Alan R. Hoffman
Alan R. Hoffman

199521_1