# **EXHIBIT 1**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID L. LANDAY<br>　　Plaintiff,<br><br>v.<br><br>GMAC COMMERCIAL CREDIT LLC<br>and GMAC COMMERCIAL FINANCE<br>LLC,<br>　　Defendants. | Civil Action No. 04-cv-11955-WGY |

## DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant GMAC Commercial Finance LLC ("GMACCF" or "Defendant")[1] propounds the following set of interrogatories to Plaintiff David L. Landay ("Landay" or "Plaintiff").

## DEFINITIONS AND INSTRUCTIONS

1. Plaintiff shall answer these interrogatories under oath within 30 days of the date of service.

2. Defendant adopts and incorporates by reference the Uniform Definitions in Discovery Requests set forth in Local Rule 26.5(C) of this Court.

3. The terms "and" and "or" mean "and/or."

4. Any word written in the singular shall be construed as plural or vice versa, and any masculine word shall be construed as feminine or vice versa, where necessary to facilitate the response to a request.

5. The term "you" means the party on whom these interrogatories are propounded, together with that party's agents, servants, and representatives.

6. "GMACCF" and/or "GMAC" means GMAC Commercial Finance LLC and all subsidiary and other affiliated companies thereof, and any of their respective officers, principals, agents, employees, or attorneys.

7. "Landay" means David L. Landay.

---

[1] GMAC Commercial Finance LLC is the successor by merger of GMAC Commercial Credit LLC and GMAC Business Credit LLC. In the interest of avoiding confusion, all three companies are referred to as GMACCF.

8. The term "Complaint" as used herein refers to the First Amended Complaint filed in the above-captioned case, Civil Action No. 04-11955-WGY, in the United States District Court for the District of Massachusetts, and the allegations contained therein.

9. The term "Answer" as used herein refers to the Answer that GMACCF filed in the above-captioned case, which was docketed on January 27, 2005, and is listed as item number 7 in the court's docket.

10. The term "Factoring Agreement" as used herein refers to the document attached as Exhibit 1 to GMACCF's Answer.

11. The term "Guaranty" as used herein refers to the document attached as Exhibit 2 to GMACCF's Answer.

12. The term "Subordination Agreement" as used herein refers to the document attached as Exhibit 4 to GMACCF's Answer.

13. The term "Forbearance Agreement" as used herein refers to the document attached as Exhibit 6 to GMACCF's Answer.

14. The term "Ratification and Amendment of Guaranty" as used herein refers to the document attached as Exhibit 7 to GMACCF's Answer.

15. The term "Loan Agreements" refers collectively to the Factoring Agreement, the Guaranty, the Subordination Agreement, the Forbearance Agreement, and the Ratification and Amendment of Guaranty, along with any ancillary agreements.

16. If any information responsive to any of these interrogatories is withheld on the ground of privilege, please specify the nature of the asserted privilege and fully explain the basis for withholding the information.

17. In answering interrogatories that ask you to state the basis of an allegation or contention, please be sure to comply with Local Rule 26.5(c)(8).

18. These interrogatories will be deemed to be continuing so as to require supplemental answers pursuant to Fed. R. Civ. P. 26(e) whenever Landay comes into the possession of new knowledge or information responsive to the interrogatories. Landay shall comply with all of his obligations under Fed. R. Civ. P. 26(e) with regard to supplementation.

## INTERROGATORIES

1. Identify any false statements that you have made to GMACCF in connection with the Loan Agreements, orally or in writing, including any false statements regarding your personal finances.

2. Please identify each person whom you expect to call as an expert witness at trial of this matter, and for each such person, please state: the subject matter on which the purported expert is expected to testify; the substance of the facts and opinions to which the purported

expert is expected to testify; all documents that reflect the facts to which the purported expert is expected to testify; and all documents and things which each purported expert used, referred to, or consulted in formulating the opinions on which he is expected to testify.

3. State the basis for the allegation in Paragraph 10 of the Complaint that "Fitzgerald represented to Landay that GMAC would look first to the assets of Seneca and Brookfield to satisfy any debt before it would seek to satisfy debt from Landay or any assets that Landay might provide personally as collateral."

4. State the basis for the allegation in Paragraph 15 of the Complaint that Landay was "a secured creditor" of Seneca as of September 19, 2000.

5. Identify all creditors of Seneca other than GMACCF and yourself as of October 22, 2001, by their names and amounts of indebtedness.

6. State the basis for the allegation in Paragraph 18 of the Complaint that in early 2001 "GMAC reaffirmed its obligation to provide the Seasonal Overadvance and stated its intention to make those funds available."

7. Identify all of the "other advances" that you reference in Paragraph 21 of the Complaint.

8. State the basis for the allegation in Paragraph 22 of the Complaint that "[a]s a result of GMAC's actions, Seneca and Brookfield lost sales."

9. State the basis for the allegation in Paragraph 51 of the Complaint that after October 22, 2001, "GMAC and its agent RAS proceeded to dispose of the assets of Seneca and Brookfield in an irresponsible fashion, not designed in any way to maximize collection but, rather in derogation of Landay's rights as a guarantor, a creditor and a shareholder of Seneca and Brookfield."

10. State the basis for the allegation in Paragraph 53 of the Complaint that "GMAC's disposition of Seneca and Brookfield amounted to waste."

11. State the value that you believe GMAC should have been able to obtain for "the assets of Seneca and Brookfield" and state the basis for your belief.

12. State the basis for the allegation contained in paragraph 56 of the Amended Complaint that "[a]ccording to Landay's calculations, the day he was excluded from the premises, the assets of Seneca and Brookfield were more than sufficient to satisfy the net balance allegedly due to GMAC and, in fact, there were sufficient assets to entitle Landay to a refund of some of the $5,300,000 collateral GMAC collected from him.

13. State the basis for your contention in Paragraph 63 of the Complaint that "[e]ach time GMAC represented to Landay that it would make the Seasonal Overadvance, it had a preconceived intent not to do so."

14.  State the basis for the allegation in Paragraph 67 of the Complaint that "GMAC's transactions with Seneca, Brookfield and Landay were in violation of the Massachusetts usury statute (M.G.L. 271, Section 49)."

15.  State the basis for the allegation in Paragraph 71 of the Complaint that as a result of GMACCF's alleged usury, Landay suffered damages, "including but not limited to the $5,350,000 [Landay has] already paid to GMAC."

16.  State the basis for the allegation in Paragraph 90 of the Complaint that as a result of GMACCF's alleged violation of Landay's rights as a junior creditor, "Landay, as guarantor and creditor, has been damaged in an amount … no less than $3,450,000."

17.  State the basis for your claim that GMACCF violated Section 11 of Massachusetts General Laws, Chapter 93A.

GMAC COMMERCIAL FINANCE LLC

_____
John A. Houlihan (BBO # 542038)
Mark B. Dubnoff (BBO # 637212)
Edwards & Angell, LLP
101 Federal Street
Boston, MA  02110
(617) 439-4444

DATED:   August 5, 2005

### CERTIFICATE OF SERVICE

I, Mark B. Dubnoff, hereby certify that on this 5th day of August, 2005, I caused a copy of the foregoing document to be sent by hand delivery to Alan R. Hoffman, Lynch, Brewer, Hoffman & Fink, LLP, 101 Federal Street, Boston, MA 02110, counsel for David L. Landay.

_____
Mark B. Dubnoff