UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DAVID L. LANDAY<br>Plaintiff,<br><br>v.<br><br>GMAC COMMERCIAL CREDIT LLC<br>and GMAC COMMERCIAL FINANCE<br>LLC,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 04-CV-11955-WGY |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
## TO STRIKE PLAINTIFF'S SUPPLEMENTAL EXPERT REPORT

More than one month after the deadline for serving defendant GMAC Commercial

Finance LLC ("GMAC CF")[1] with his expert's report and more than three weeks after GMAC

CF deposed his expert, plaintiff, David L. Landay ("Landay"), served GMAC CF with a First

Supplement to Expert Witness Report of Keith D. Lowey, CPA (the "Supplemental Report").

Based on the same information available when Landay's proffered expert drafted his initial

report, the Supplemental Report increased Lowey's damage estimates. GMAC CF now moves

to preclude the Supplemental Report on the grounds that it is untimely, and Landay's reliance on

it would unfairly prejudice GMAC CF.

### I.    BACKGROUND

Following this Court's rejection of their earlier pre-trial schedule proposals for having

"too long a time line," _see_ Electronic Order, dated March 3, 2005, counsel for Landay and

GMAC CF submitted a Revised Rule 16.1 Joint Statement on March 21, 2005. _See_ Docket

---

[1]      While the Amended Complaint names two defendants, GMAC Commercial Credit LLC
and GMAC Commercial Finance LLC, GMAC Commercial Finance LLC is actually the
successor by merger of GMAC Commercial Credit LLC and a third GMAC entity, GMAC
Business Credit LLC.

No. 21. As with their original submission, the parties presented competing visions of a discovery

schedule, with Landay proposing a longer period of discovery and GMAC CF proposing a

shorter schedule that would allow for full consideration of an anticipated summary judgment

motion in advance of a final pre-trial conference in February 2006. *Id.* at 1-3.

On March 29, 2005, this Court issued an electronic Case Management Order, establishing

October 28, 2005 as the date for conclusion of discovery. In the same Order, the Court directed

the parties to file dispositive motions on or before November 23, 2005. Since the dates selected

by the Court were consistent with GMAC CF's proposed discovery schedule and inconsistent

with Landay's proposed discovery schedule, *see* Docket No. 21, the parties have presumed

throughout pre-trial discovery that this Court accepted GMAC CF's proposed schedule in its

entirety. *See, e.g.*, Docket No. 34 (GMAC CF's emergency motion for an extension of time to

amend pleadings from July 1, 2005 – the date specified in GMAC CF's proposed pre-trial

schedule – until August 1, 2005); Docket No. 35 (Landay's opposition to that motion); Docket

No. 37 (GMAC CF's motion to amend its answer, filed on July 1 – the understood deadline for

doing so); Docket No. 38 (Landay's opposition to GMAC CF's motion to amend answer);

Docket No. 43 (Landay's motion to extend the deadline to serve an expert report from September

15, 2005 – the date specified in GMAC CF's pre-trial schedule proposal – until September 29);

Docket No. 44 (the parties' Joint Motion to Modify the Case Management Order). Thus, the

parties assumed that September 15 was the operative deadline for Landay to provide GMAC CF

with his expert report and that GMAC CF's report would be due on September 15. *See* Docket

No. 21 at 2.

On September 7, 2005, Landay moved to stay his obligation to present an expert report

until September 29, 2005. *See* Docket No. 43. Before this Court could act on that motion,

GMAC CF reached an accommodation with Landay, and together, the parties filed a Joint Motion to Modify the Case Management Order. *See* Docket No. 44. In that Joint Motion, the parties proposed four changes in the existing schedule, including a postponement of Landay's deadline for producing his expert report until October 6 and a related postponement until October 15 of the date by which Landay was required to make his expert available for deposition. *Id.* This Court granted the Joint Motion in an electronic order on September 12 and subsequently denied as moot Landay's motion to stay his obligation to present an expert report.

On September 2, 2005, Landay's counsel sent a letter to GMAC CF's counsel requesting a further extension in the deadline for producing Landay's expert report, from October 6 until October 10. In an e-mail response, GMAC CF's counsel granted that request.

On October 10, Landay served GMAC CF with the Expert Witness Report of Keith D. Lowey, CPA (the "Initial Report"). Ten days later on October 20, GMAC CF deposed Lowey, questioning him about the opinions expressed in the Initial Report. During that deposition, Lowey acknowledged one error in his usury damage analysis, but he otherwise stood behind his Initial Report. On October 31, 2005, GMAC CF duly served Landay with its own expert report that included rebuttals of Lowey's analysis and conclusions.

Shortly thereafter, GMAC CF's counsel began drafting a motion for summary judgment and supporting documents. Then, on Friday, November 11, the last day of the discovery period, Landay delivered Lowey's Supplemental Report. This Supplemental Report included new opinions on the damages that Landay allegedly suffered and revised the damage estimates upward by several hundred thousand dollars. Nothing in the Supplemental Report suggests that Lowey based his revisions on information not previously available to him. Apparently he either

took a second look at some of the documents he already had at his disposal or simply rethought his position.

## II.    ARGUMENT

Fed.R.Civ.P. 26(a)(2) requires litigants who plan to present expert testimony at trial to provide their adversaries with reports summarizing their expected testimony "at the times and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2)(C). Federal courts in Massachusetts and elsewhere routinely apply this rule to exclude untimely expert reports that purport to "supplement" earlier reports, especially where the "supplemental" reports attempt to introduce new opinions. *See, e.g., Boston Gas Co. v. Century Indemnity Co.*, 2005 WL 2901891, *3 (D. Mass. Nov. 4, 2005); *Carboun v. City of Chandler*, 2005 WL 2408294, *13 (D. Ariz Sept. 27, 2005); *Beller v. United States*, 221 F.R.D. 689, 694 (D. N. Mex. 2003); *Shalley v. City of Philadelphia*, 1996 WL 210795, *1 (E.D. Pa. April 30, 1996).

For example, in *Boston Gas Co. v. Century Indemnity Co.*, the court struck a supplemental report that the defendant's expert submitted after expert discovery closed and two months before trial. *See* 2005 WL 2901891, at *3. In doing so, the court stated that the report contained "a set of entirely new opinions" and rejected the defendant's attempt to justify the supplemental report by pointing to the plaintiff's tardy delivery of certain underlying information. *Id.* Similarly, in *Carboun*, the Court struck a "supplemental" expert report that the plaintiff served on the defendant some thirty-six days after the Court's established deadline for expert discovery. *See* 2005 WL 2408294, at *13. Coincidentally, that is the same length of time between October 6, which was the deadline imposed by this Court for Landay to submit his expert report (before GMAC CF granted a four-day extension) and November 11, when GMAC CF received the Supplemental Report. Based simply on the rationale applied in the *Boston Gas*

*Co. v. Century Indemnity Co.* and *Carboun* decisions, this Court should grant GMAC CF's

motion.

Undoubtedly, Landay will argue that any prejudice to GMAC CF could be addressed by

re-opening expert discovery, but this Court should reject any such siren song. As the court

explained in *Beller*, the problem of an untimely "supplemental" report cannot be cured by

permitting the non-producing party to re-open the expert's deposition. "The intent of the rule is

to ensure that deposition testimony can proceed with parties already armed with the expert's

report so as to be able to evaluate the opinions to be offered." *Id.* The *Beller* Court further

stated:

> Should the Court allow the supplemental expert report, it would be bound to
> reopen discovery to allow [defendant] time for its own expert to review the new
> report and formulate new opinions. Additionally, because [plaintiff's expert]
> offers new opinions in her supplemental report, or at least suggests new bases for
> her opinions, [defendant] would have a right to take a new deposition of this
> expert. The new deposition testimony might well lead to [defendant] having to
> modify its prior report or retain a new expert or experts to counter the opinion
> testimony being offered in plaintiff's revised report … All of this would
> contribute to delay in the ultimate disposition of this case, would thwart the
> Court's case management plan, and might even threaten the existing trial date.

*Beller*, 221 F.R.D. at 693-94.

Precisely the same analysis applies here. If this Court permits Landay to use the

Supplemental Report, basic notions of fair play and simple justice would require the Court to

reopen discovery in order to provide GMAC CF with an opportunity to depose Lowey with

respect to the Supplemental Report. To the extent necessary, GMAC CF's experts would also be

entitled to revise their initial report in light of Lowey's Supplemental Report, and any such

revisions might trigger a desire on the part of Landay to re-open the deposition of GMAC CF's

experts. All of this would inevitably cause delay in the ultimate disposition of this case and

thwart this Court's case management plan. It would certainly threaten the pending summary judgment motion as well as the existing trial schedule.

### III.    CONCLUSION

This Court cannot permit Landay to present expert testimony based on a Supplemental Report submitted well after the deadline for his expert report; nor can it countenance the reopening of discovery and the possible submission of additional revised expert reports that would be necessary to address the obvious prejudice attached to Landay's late submission. Under the circumstances, this Court should, for the reasons discussed in this memorandum, strike Landay's Supplemental Report, and preclude Landay from offering or relying upon any of the opinions contained in the Supplemental Report, either at trial or in opposition to GMAC CF's Motion for Summary Judgment.

Respectfully submitted,
GMAC COMMERCIAL FINANCE LLC

/s/ John A. Houlihan
DATED:  November 23, 2005                       /s/ Mark B. Dubnoff
John A. Houlihan (BBO # 542038)
Mark B. Dubnoff (BBO # 637212)
EDWARDS ANGELL PALMER &
DODGE LLP
101 Federal Street
Boston, MA  02110
(617) 439-4444