UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DAVID L. LANDAY )<br>Plaintiff, )<br> )<br>v. )<br> )<br>GMAC COMMERCIAL CREDIT LLC )<br>and GMAC COMMERCIAL FINANCE )<br>LLC, )<br>Defendants. )<br> ) | Civil Action No. 04-cv-11955-WGY |

## GMAC COMMERCIAL FINANCE LLC'S RESPONSE
## TO LANDAY'S FIRST SET OF INTERROGATORIES

Defendant GMAC Commercial Finance LLC ("GMACCF" or "Defendant"),[1] objects and responds to the first set of interrogatories propounded by Plaintiff David L. Landay ("Landay" or "Plaintiff") as follows.

## GENERAL OBJECTIONS

Defendant makes the following General Objections (the "General Objections") to Plaintiff's interrogatories. These General Objections are incorporated by reference into Defendant's response to each and every individual interrogatory, to the extent applicable whether or not specifically stated in any individual response.

1.   Defendant objects to these interrogatories or any specific interrogatory to the extent that they or it require Defendant to exceed its obligations under the Federal Rules of Civil Procedure.

---



[1]   The First Amended Complaint lists two separate defendants, GMAC Commercial Credit LLC, and GMAC Commercial Finance LLC, and includes both names in the caption. In actuality, GMAC Commercial Finance LLC is the successor by merger of GMAC Commercial Credit LLC and GMAC Business Credit LLC.

BOS_498508_3.DOC/MDUBNOFF

GMACCF maintains compact disks ("CDs") that contain records of many electronic files that were once stored on its mainframe computer. Other computer files are stored on microfiche. Some of the documents that have been stored on either CDs or microfiche relate to the Borrowers and/or Landay.

**RESPONSE TO "INTERROGATORY NO. 1f."**

GMACCF also specifically objects to what Landay has labeled subpart "f" of "Interrogatory No.1" on the grounds that it is vague and ambiguous, especially with regard to its use of the terms "records" and "hard-copies," and because it is compound in nature. Subject to and without waiving its general or specific objections and notwithstanding its compound nature, GMACCF will regard "Interrogatory No. 1f" as a single interrogatory and respond as follows:

A person seeking to access such records on a CD would need to know which CD to search, what computer codes have been assigned to various file categories stored on the CD, and what codes have been assigned to various clients or customers, such as the Borrowers and/or Landay. A person seeking to access records on microfiche would have to know precisely where to find the microfiche that might contain such records. Hard copies of retrieved files can be made.

**RESPONSE TO "INTERROGATORY NO. 1g."**

GMACCF specifically objects to what Landay has called subpart "g" of "Interrogatory No. 1" on the grounds that it asks a fact witness to make a legal conclusion as to what the requirements of M.G.L. 271, Section 49 are; it is not reasonably calculated to lead to the discovery of admissible evidence, since M.G.L. 271, Section 49 has no applicability to any of the loan agreements in this case; and it is vague and ambiguous, especially with regard to its use of

the term "the steps." Subject to and without waiving its general or specific objections, GMACCF responds to "Interrogatory No. 1g" as follows:

Even if M.G.L. 271, Section 49 had any applicability to this case, which it does not, GMACCF fully complied with its requirements because it did not charge usurious interest rates on the loans to the Borrowers. As the document Bates numbered GLAN 01523 indicates, the interest that GMACCF charged on the loan was approximately 8.35% in the month ending November 30, 2001. Similarly, the document Bated numbered GLAN 01527 indicates that the interest rate on the loans was approximately 8.09% in the month ending December 31, 2001.

Additionally, in response to a direct request from Seneca's counsel, GMACCF sent the document Bates numbered GLAN 01165 to the Massachusetts Attorney General's Office on or about September 19, 2000.

**RESPONSE TO "INTERROGATORY NO. 1h."**

GMACCF also objects to what Landay has labeled subpart "h" of "Interrogatory No. 1" on the grounds that it calls for a legal conclusion regarding the requirements under M.G.L. 217, Section 49 (which does not even exist); it is not reasonably calculated to lead to the discovery of admissible evidence, especially insofar as it seeks the "current location" of various documents; it is vague and ambiguous; it is overbroad insofar as it does not refer to this litigation; and it is compound in nature. Subject to and without waiving its general or specific objections, and notwithstanding its compound nature, GMACCF will regard "Interrogatory No. 1h" as a single interrogatory and respond to it as follows:

GMACCF was not required to maintain any documents pursuant to a nonexistent provision of the Massachusetts General Laws. To the extent that Landay intended to refer to M.G.L. 271, Section 49, GMACCF still did not have to maintain any documents. However,

GMACCF has produced to Landay all non-privileged documents that it could find after a diligent search, which relate to Landay's usury allegation. None of the subparts of "Interrogatory No. 1h" is applicable.

**<u>INTERROGATORY NO. 2</u>**

Please account for EACH and EVERY Account Receivable of the Borrowers that existed on October 22, 2001, when GMAC took charge of the assets of Borrowers. Include the following in your answer:

a. State the name of Borrower's customer that owed the account receivable.

b. State the amount owed on October 22, 2001.

c. State the amount collected by GMAC to date.

d. Describe the efforts made by GMAC to collect the receivable.

e. Identify all agents, servants or employees of GMAC responsible for collecting and receivable.

f. State the date or dates the receivable was collected by GMAC.

g. If the full amount owed by Borrowers' customer was not collected by GMAC, state the reason for the shortfall.

h. Identify all documents that reflect or relate to your response to subsection g. above.

i. Identify all documents on which the receivable is reflected and state where on the document (e.g., page, column heading and line number) the receivable is reflected.

j. Identify all documents on which the collection of the receivable is reflected and state where on the document (e.g., page, column heading and line number) the collection is reflected.

k. State whether the collection of such receivable was credited to Borrowers' and, if so, identify all documents on which such credit is reflected and state where on the document it appears.

l. State whether you have destroyed or otherwise disposed of any document that referred, reflected, or related to this receivable and, if so, identify such documents and state what became of them, including the date they ceased to exist.

m. State whether you maintain computerized records that contain information concerning Borrowers' accounts receivable and, if so, describe such records including but not limited to whether or not there are hard-copies of such records extant.

**RESPONSE TO INTERROGATORY NO. 17**

See General Objections.  GMACCF also specifically reserves all of its other objections to this interrogatory.

*[signature]*
Kathleen A. Pappalardo, Vice President

As to Objections,

GMAC COMMERCIAL FINANCE LLC

*[signature]*
John A. Houlihan (BBO # 542038)
Mark B. Dubnoff (BBO # 637212)
Edwards & Angell, LLP
101 Federal Street
Boston, MA  02110
(617) 439-4444