Page 1

```
 1
 2        UNITED STATES DISTRICT COURT
 3         DISTRICT OF MASSACHUSETTS
 4
 5   DAVID L. LANDAY,              )
 6              Plaintiff,         )
 7        vs.                      )   No. 04-CV-11955-WGY
 8   GMACCF COMMERCIAL CREDIT,     )
 9   LLC, and GMACCF COMMERCIAL    )
10   FINANCE, LLC,                 )
11              Defendants.        )
12
13
14      DEPOSITION OF KATHLEEN A. PAPPALARDO
15              New York, New York
16           Friday, August 19, 2005
17
18
19
20
21
22
23   Reported by:
24   Bonnie Pruszynski, RMR
25   JOB NO. 4766
```

1       PAPPALARDO

2   Q   Do you have any other schedules
3   relating to backup of the items which appear on
4   Exhibit 3, besides the one that you were working
5   from this morning?
6   A   Any supporting schedules?
7   Q   Correct.
8   A   No, I don't believe so.
9   Q   Okay.
10      MR. HOFFMAN: All right. Well, let's
11  suspend and wait for the production of the
12  last document.
13      MR. HOULIHAN: Okay.
14      (Recess taken)
15      (Landay Exhibit 58 marked for
16  identification as of this date.)
17      MR. HOFFMAN: Back on the record.
18  Q   Ms. Pappalardo, I placed in front of
19  you Landay Exhibit 58. Can you tell us what
20  Landay Exhibit 58 is?
21  A   I'm sorry. Tell you the --
22  Q   What is Landay Exhibit 58?
23  A   Client statements.
24  Q   For a period of time; correct?
25  A   Correct.

1                           PAPPALARDO

2        Q    And what period is covered?

3        A    October 2002 through 12-31-03.

4        Q    Okay.  And I believe, based on your
5   prior testimony, you are not aware of any client
6   statements on the Seneca account after that
7   time, after the last one that appears on this
8   exhibit?

9        A    Not to my knowledge.

10       Q    Okay.  And these documents that you
11  have in front of you, which are exhibit, Landay
12  Exhibit 58, they are made and kept in the
13  regular course of GMACCF's business?

14       A    Yes.

15            MR. HOULIHAN:  One moment, please.

16            THE WITNESS:  With the exception of my
17       handwritten notations.

18            MR. HOFFMAN:  So noted.

19       Q    And is it fair to say that with
20  respect to Exhibit 3, you utilized Exhibit 58,
21  Exhibit 3 being the most current summary
22  document?

23       A    I did utilize the client statements
24  for some of Exhibit 3.

25       Q    For which months, if you can tell us?

PAPPALARDO

A    I would have to go back and review.

Q    Let me ask you this question. Did you -- Exhibit 58 covers the period October of '02 through 12-31-03. You didn't use this exhibit, Exhibit 58 for all of those months; correct?

A    Correct. Some of the entries on Exhibit 3, such as some of the legal in the later months, were not included here --

Q    Okay. That's fine.

A    -- in the client statements.

Q    And also, you know, if there was a write off or a write down of the entire loan, it would not be included in the Seneca Sports damages calculation?

A    Correct.

Q    But what, I guess my point is, did you rely on some of these reports which are contained in Landay Exhibit 58 in creating Exhibit 3?

A    I did rely on some of the reports in Landay 58 to create Landay 3.

Q    Okay. Thank you.

I want to ask you to turn to Bates