UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-11955-WGY

DAVID L. LANDAY, )
)
       Plaintiff, )
)
v. )
)
GMAC COMMERCIAL CREDIT, LLC and )
GMAC COMMERCIAL FINANCE, LLC, )
)
       Defendants. )
_____)

### AFFIDAVIT OF KEITH D. LOWEY

I, Keith D. Lowey, hereby depose and say as follows:

1.    I was retained by the Plaintiff, David Landay, as an expert witness in this case.

2.    Exhibit 1 to this affidavit contains excerpts and exhibits from my October 10, 2005 Report which relate to the usury issue. My assignment in this regard was to determine "whether the interest and expenses charged by GMAC on the Factoring Agreement exceeded the 20% ceiling under the Massachusetts usury statute...." Report, p. 1.

    As noted in Exhibit 1:

> In order to calculate the overall interest rate charged on the GMAC loan, a schedule was prepared that re-created the loan activity for the history of the loan. This recreation effort was performed as a result of GMAC not being able to provide the plaintiff with a similar schedule. GMAC provided the plaintiff with a summarized schedule (by month) of the loan activity, monthly client statements and some daily cash records. In order to validate the activity, and prepare an accurate calculation of the periodic interest being charged on the loan, this comprehensive schedule was prepared. The analysis ultimately afforded me the opportunity to review

the loan activity by transaction (i.e., individual charges to the loan, individual payments/receipts posted to the loan, draws against the loan, adjustments to the loan balance, etc.) for propriety. As of the writing of this report, there are still numerous transactions for which GMAC has provided no support.

I calculated the annualized effective interest rate for the period from October 22, 2001 (the "Takeover Date") to January 31, 2003 as being 27.10%. The rationale for specifically identifying this period was that it begins with the date that GMAC took control of the Seneca business and concludes at the end of the month that includes the last significant transaction that was posted to the loan balance, i.e. on 1/9/03 GMAC posted a collection of $103,341.50 against the outstanding loan balance. GMAC wrote the balance of the loan off on 11/24/03. During the period from 2/1/03 to 11/24/03, only monthly interest and over-advance fees were charged to the loan along with two *de minimus* receipts totaling less than $300. Since I could not determine the reason that GMAC waited until November 2003 to write off the loan, I ignored the period from 2/1/03 to 11/24/03 in preparing the usury calculation.

The effect of interest being charged at a rate in excess of 20% (the "Usury Interest Damages") for the period 10/22/01 to 1/31/03 amounts to $107,775.20, as evidenced by the calculation in Exhibit D. Additionally, see Exhibit E for the calculation of the interest rate being charged on the loan and Exhibit F for the loan transaction activity for this period.

Report, pp. 2-3.

As set forth in Exhibit E to this report, the average "interest" rate for the period 10/22/01 to 1/31/03 was 27.10%.

3.      During my deposition in this case, Mr. Houlihan brought to my attention the fact that one of the items that I had included in the interest calculation had been incorrectly characterized as a charge instead of a principal payment. This mischaracterization resulted from our reliance on one of GMAC's Client Statements. As a result, I reaudited all the GMAC Client Statements against underlying data available to me. I found that GMAC had also misclassified five payments to its liquidator RAS totaling $69,665.00 as "advances".

4.  Consequently, I prepared a Supplemental Report. Excerpts relating to the usury analysis are attached as Exhibit 2. The revised calculations showed a 28.02% effective interest rate and usury interest damages of $121,822.98.

5.  Exhibit 3 to this Affidavit is a spreadsheet which lists the various categories of loan charges which were included in the usury calculations.

SIGNED UNDER THE PAINS AND PENALITIES OF PERJURY ON THIS 16th DAY OF NOVEMBER, 2005.

_____
KEITH D. LOWEY

230541_1

3