# EXHIBIT 9

CASNER & EDWARDS, LLP

MEMORANDUM

To: Paul Fitzgerald, Lou Marcus

From: Gary Hoff

Date: August 15, 2000

RE: GMACCC, LC Factoring Arrangement with Seneca Sports, Inc.

EXHIBIT
6a
10-18-05  DR

The following memorandum contains a list of those issues as to which the documents forwarded yesterday are either at variance from the commitment letter or are otherwise of significant concern to Seneca. There are, in addition, a minimal number of less important modifications or corrections which will be shown on a mark up to be forwarded to Mr. Marcus promptly.

**Factoring Agreement.**

1. Section 4 (b)(ii) allows for a proration of the Minimum Volume Charge on Receivables for a Partial First Year. However, it appears to make the Minimum Volume Charge on Receivables fully applicable to a Last Partial Year, without proration, even if the Last Partial Year results from the normal expiration of the agreement on the Termination Date three years from now. We would request that a proration be made as to the Last Partial Year in the event that it results from a simple expiration of the Agreement.

2. Section 9 does not have any of the financial covenants filled in. Could you please provide your proposed covenants. (As an incidental matter, the definition of Fixed Charge Coverage Ratio appears to have some language missing).

3. Section 12:

The Borrowing Rate is ¼% higher than as indicated in the commitment letter.

The Default Rate is 1% higher than as indicated in the commitment lettter.

An Eligible Receivable must be payable to Seneca, but Section 8(a) requires all Receivables to bear a notice that it is payable to GMACCC.

Subordination Agreement is defined to require the subordination of $2,900,000 in debt due to David Landay from Seneca. The agreed upon amount of subordinated debt was $2,300,000.

2

4. <u>Other</u>. It is my understanding that an account will be maintained for Seneca at Fleet Bank. I am somewhat confused however as to how the mechanics of collection, deposit and drawing by Seneca are intended to work.

### Guaranty.

The Guaranty of David Landay is, under the terms of the commitment letter, to be a guaranty limited in amount to $3,500,000.

### Subordination Agreement and Promissory Note.

As mentioned above, the amount of debt due to Mr. Landay to be subordinated to GMACCC is to be limited to $2,300,000, and should therefore not include all the obligations due to Mr. Landay from Seneca. In addition, Seneca should be allowed to make payments of principal provided the Company is not in Default. There are existing notes evidencing the debt to be subordinated. Accordingly, the note included will not be required.

LAN   0044