# EXHIBIT 11

August 9, 2001

**GMAC COMMERCIAL CREDIT LLC**
1290 Avenue of the Americas
New York, New York 10104

Re: <u>Ratification and Amendment of Guaranty</u>

Gentlemen:

Reference is made to the Guaranty dated September 19, 2000 (as the same has heretofore or may be hereafter amended, restated, renewed, extended, supplemented, substituted or otherwise modified from time to time, collectively, the "Guaranty") executed by the undersigned (the "Guarantor") in favor of GMAC Commercial Credit LLC (the "Company") pursuant to which Guarantor guaranteed all of the obligations of Seneca Sports, Inc. ("Seneca") and Brookfield International, Inc. ("Brookfield"; and together with Seneca, collectively, the "Clients") to the Company, including all such obligations of the Clients to the Company arising under or in connection with that certain Factoring Agreement dated September 19, 2000 by and among the Clients and the Company and all of the notes, instruments, agreements and other documents executed and/or delivered in connection therewith (all of the foregoing, as the same have heretofore been amended, restated, renewed, extended, supplemented, substituted or otherwise modified, collectively, the "Factoring Agreements").

Reference is further made to the Forbearance Agreement dated the date hereof by and among the Company and the Clients (as may be hereafter amended, restated, renewed, extended, supplemented, substituted or otherwise modified, collectively, the "Forbearance Agreement"). Guarantor acknowledges that it has received a copy of the Forbearance Agreement.

As an inducement to the Company to enter into the Forbearance Agreement, Guarantor hereby (i) acknowledges and consents to the execution of the Forbearance Agreement by the Clients; and (ii) ratifies, reaffirms and confirms all terms and provisions of the Guaranty including, without limitation, the representations, warranties and covenants contained in the Guaranty, as amended herein, and (iii) acknowledges, confirms and agrees that Guarantor's Obligations (as defined in the Guaranty) are due and owing by the Guarantor to Factor without offset, defense or counterclaim of any kind, nature or description whatsoever.

Guarantor hereby acknowledges, confirms and agrees that the second to last paragraph of the Guaranty (which paragraph, for the avoidance of doubt, begins "Notwithstanding anything to the contrary contained herein ...") is hereby amended as follows:

> "Notwithstanding anything to the contrary contained herein, the continuing liability of the undersigned hereunder shall not exceed the principal amount of $4,500,000, plus interest thereon at the Default Rate provided for in the Agreement (which interest shall be payable for the period commencing on the date of demand for

115661-2

GLAN 00692

payment by the Company and ending on the date of full and complete payment of such amount), plus any and all costs and expenses of collection hereunder, including, without limitation, attorneys' fees and legal expenses. Such continuing liability shall (i) be in addition to and shall not be reduced or satisfied from the proceeds of certain Standby Letters of Credit in the aggregate original face amount of $4,350,000 opened for the account of the Client at the request of the undersigned for the benefit of the Company, and shall not be affected by, nor shall anything herein contained be deemed a limitation of the amount of credit which may be extended to the Client, or the number of transactions with the Client or the nature or the amount of the "Obligations", as defined in the Agreement, incurred by the Client."

Except as specifically set forth herein, no other modifications or amendments to the Guaranty are intended or implied, and in all other respects the Guaranty shall continue in full force and effect in accordance with its respective terms as of the date hereof.

Nothing in this agreement shall be deemed to prejudice, waive, compromise, discharge or otherwise effect any and all claims, security interests, rights and remedies which the Company now has or may hereafter have against any person not a party hereto or any of such person's assets, under applicable law or otherwise, all of which are hereby expressly reserved.

This agreement constitutes a continuing obligation and shall be binding upon Guarantor and shall inure to the benefit of and be enforceable by the Company and its successors, transferees and/or assigns.

Guarantor hereby agrees that Guarantor shall, from time to time, execute and deliver any and all additional and/or supplemental instruments, and do such other acts and things, as may be necessary or desirable to affect the purposes of this agreement, and the consummation of the transactions contemplated hereby.

This agreement sets forth the entire agreement and understanding of the Guarantor and the Company with respect to the matters set forth herein, and supersedes any and all prior agreements and understandings of the parties hereto with respect to the foregoing, and this agreement cannot be changed, modified, amended or terminated except in writing executed by the party to be charged.

Very truly yours,

DAVID L. LANDAY, individually

AGREED:

GMAC COMMERCIAL CREDIT LLC

By: _____

Title: PRESIDENT & CEO

2

GLAN 00693