# EXHIBIT 12

Case 1:04-cv-11955-WGY    Document 55-13    Filed 11/23/2005    Page 1 of 3

## GMAC COMMERCIAL CREDIT LLC
1290 Avenue of the Americas
New York, New York 10104

August 9, 2001

Mr. David L. Landay
85 East India Row
Apt. #20-F
Boston, Massachusetts 02110

EXHIBIT 75
10-18-05

Re: <u>Cash Deposit</u>

Dear Mr. Landay:

Reference is made to the Factoring Agreement dated September 19, 2000 (as amended, restated, renewed, extended, supplemented, substituted or otherwise modified, the "Factoring Agreement") by and among Seneca Sports, Inc. ("Seneca"), Brookfield International, Inc. ("Brookfield"; and together with Seneca, collectively, the "Clients") and GMAC Commercial Credit LLC ("Factor"). All capitalized terms used and not otherwise defined herein shall have the respective meanings ascribed to them in the Factoring Agreement.

Reference is further made to (i) that certain Guaranty dated September 19, 2000 (as amended, restated, renewed, extended, supplemented, substituted or otherwise modified, the "Guaranty") executed by David L. Landay ("Pledgor") in favor of Factor, pursuant to which Pledgor unconditionally guaranteed the Obligations of the Clients to Factor and (ii) that certain Forbearance Agreement dated the date hereof by and among Clients and Factor (as amended, restated, renewed, extended, supplemented, substituted or otherwise modified, the "Forbearance Agreement").

Pledgor hereby acknowledges, confirms and agrees that Pledgor shall make certain cash deposits in the aggregate amount of $1,000,000 (collectively, the "Cash Deposit") with Factor to be held by Factor as collateral security for the Obligations (as defined in the Guaranty). The Cash Deposit shall be made by Pledgor in the amount of (i) $400,000 on or before August 11, 2001, and (ii) $600,000 on or before August 15, 2001. Pledgor has agreed to make the Cash Deposit with Factor in consideration of Factor's agreement to forbear from exercising its rights and remedies under the Factoring Agreement, all as more fully set forth in the Forbearance Agreement.

Pledgor hereby grants to Factor a continuing first security interest in and right of setoff with respect to the Cash Deposit, securing payment and performance of all of the Obligations. In the event of a default by Clients in payment or performance of the Obligations, when due, or in the event of any other Event of Default under the Factoring Agreement or under the Forbearance Agreement, or under any other agreement among Factor and any Client or executed by any Client in Factor's favor or

115660-2

guaranteeing, evidencing or standing as collateral security for the Obligations, or in the event of the termination for any reason of any guarantee of the Obligations, then Factor may immediately apply the Cash Deposit to payment of the Obligations without notice or demand and in such order as Factor shall determine. Pledgor agrees that Factor need not attempt to exercise any of Factor's rights or remedies with respect to any other collateral for the Obligations or against any other obligor or guarantor of the Obligations (which rights and remedies may be exercised by Factor in such order and manner as Factor shall elect, and which shall be cumulative and not exclusive) before applying the Cash Deposit to payment of the Obligations. Factor may add or release any collateral for the Obligations or any party primarily or secondarily liable for the Obligations without affecting Factor's rights or recourse with respect to the Cash Deposit.

Any rights and remedies granted to Factor under the Factoring Agreement with respect to collateral security for the Obligations shall apply with equal force to the Cash Deposit.

While held by Factor, the Cash Deposit shall bear interest in Pledgor's favor at a per annum rate equal to the Alternate Base Rate minus three percent (3%).

If you are in agreement with all of the foregoing, please so indicate by signing and returning to us the enclosed copy of this letter.

Very truly yours,

GMAC COMMERCIAL CREDIT LLC

By: _____

Title: PRESIDENT & CEO

AGREED:

_____
DAVID L. LANDAY, individually

115660-2