# EXHIBIT 15

Case 1:04-cv-11955-WGY	Document 55-16	Filed 11/23/2005	Page 1 of 5

**GMAC COMMERCIAL CREDIT LLC**
1290 Avenue of the Americas
New York, New York 10104

September 25, 2001

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Mr. David L. Landay
85 East India Row
Apt. #20-F
Boston, Massachusetts 02110



Re: Seneca Sports, Inc. and Brookfield International, Inc.

Dear Mr. Landay:

Reference is made to the Forbearance Agreement dated August 9, 2001 (the "Forbearance Agreement") among Seneca Sports, Inc. ("Seneca") and Brookfield International, Inc. ("Brookfield; and together with Seneca, collectively, the "Clients") and GMAC Commercial Credit LLC ("Factor"), the Factoring Agreement dated September 19, 2000 ("Factoring Agreement") among Clients and Factor and all of the notes, instruments, mortgages, guaranties and other agreements executed and/or delivered in connection therewith (all of the foregoing, together with the Forbearance Agreement and the Factoring Agreement, as the same now exist or may hereafter be amended, restated, renewed, extended, supplemented, substituted or otherwise modified, are collectively referred to herein as the "Agreements"). Reference is further made to your Guaranty dated September 19, 2000 (as heretofore amended, restated, renewed, ratified, extended, supplemented, substituted or otherwise modified, the "Guaranty") pursuant to which you have guaranteed to Factor the prompt payment when due of all of the "Obligations", as defined in the Guaranty, of Clients to Factor, and to that certain letter re: Cash Deposit dated August 9, 2001 (as heretofore amended, restated, renewed, ratified, extended, supplemented, substituted or otherwise modified, the "Cash Deposit Letter") executed by you and Factor.

You are hereby advised that Additional Defaults exist under the Forbearance Agreement and the Forbearance Period is hereby terminated. Pursuant to the terms of your Guaranty, the Forbearance Agreement and the Factoring Agreement, all of the Clients' Obligations are now due and payable to Factor. Accordingly, demand is hereby made on you for immediate payment in full by you of all of your Obligations to Factor under your Guaranty.

123983-1

Mr. David L. Landay
September 24, 2001
Page 2

As of September 24, 2001, the aggregate principal amount of your Obligations to Factor under your Guaranty is $4,500,000, plus interest accrued and accruing thereon at the Default Rate, and all costs and expenses (including attorneys' fees and disbursements) and all other charges payable by you under the Guaranty.

If Factor does not receive immediate payment in full of all of the Obligations from you, Factor will, at its option, exercise its rights and remedies under the Guaranty and its rights and remedies as a secured party under the Uniform Commercial Code and other applicable law.

In addition to, and not in limitation of the foregoing, please be advised that Factor is simultaneously herewith exercising its rights under the Cash Deposit Letter and submitting sight drafts to the issuing bank for the full face amounts of (i) Standby Letter of Credit No. 1S1228246 dated September 19, 2000 in the face amount of $4,100,000 issued by Fleet National Bank in Factor's favor upon your application and (ii) Standby Letter of Credit No. 1S1257988 dated February 27, 2001 in the face amount of $250,000 issued by Fleet National Bank in Factor's favor upon your application.

Nothing herein shall operate as a waiver of any of the rights or remedies of Factor, all of which rights and remedies are hereby reserved.

Very truly yours,

GMAC COMMERCIAL CREDIT LLC

By: *[signature]*

Title: SVP.

**GMAC COMMERCIAL CREDIT LLC**
1290 Avenue of the Americas
New York, New York 10104

September 25, 2001

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Seneca Sports, Inc.
Brookfield International, Inc.
75 Fortune Boulevard
Milford, Massachusetts 01757
Attention: Mr. David L. Landay
  President



EXHIBIT 90 10-18-05

Dear Mr. Landay:

Reference is made to the Forbearance Agreement dated August 9, 2001 ("Forbearance Agreement") among Seneca Sports, Inc. ("Seneca") and Brookfield International, Inc. ("Brookfield"; and together with Seneca, individually and collectively, the "Clients") and GMAC Commercial Credit LLC ("Factor"), the Factoring Agreement dated September 19, 2000 ("Factoring Agreement") among Clients and Factor and all of the notes, instruments, mortgages, guarantees and other agreements executed and/or delivered in connection therewith (all of the foregoing, together with the Forbearance Agreement and the Factoring Agreement, as the same now exist or may hereafter be amended, restated, renewed, extended, supplemented, substituted or otherwise modified, collectively, the "Agreements"). Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Forbearance Agreement.

Factor hereby advises Clients that breaches of provisions of the Forbearance Agreement exist and are continuing, including without limitation, breaches of Section 8.4(a)(iv) and, therefore, Additional Defaults have occurred and continue to exist under the Forbearance Agreement. In accordance with the terms of the Forbearance Agreement, the Forbearance Period is hereby terminated.

Accordingly, all Obligations to Factor are immediately due and payable, including, without limitation, all principal, accrued and accruing interest, commissions, costs, fees and expenses (including, without limitation, attorneys' fees and disbursements) due under the Factoring Agreement.

As of September 24, 2001, the aggregate principal amount of outstanding Obligations is not less than $7,372,000, plus interest accrued and accruing thereon and all commissions, costs, fees and expenses (including attorneys' fees and disbursements) and all other charges payable by Clients to

123933-1

L02588

Seneca Sports, Inc.
September 24, 2001
Page 2

Factor under the Factoring Agreement and the other Agreements, and Factor hereby makes demand for immediate payment of the Obligations.

  Nothing herein shall operate as a waiver of any rights or remedies of Factor, all of which rights and remedies are hereby reserved.

                Very truly yours,

                GMAC COMMERCIAL CREDIT LLC

                By: _____

                Title: _____ SVP _____

L02589