# EXHIBIT 21

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID L. LANDAY<br>    Plaintiff,<br><br>v.<br><br>GMAC COMMERCIAL CREDIT LLC<br>and GMAC COMMERCIAL FINANCE<br>LLC,<br>    Defendants. | Civil Action No. 04-cv-11955-WGY |

## GMAC COMMERCIAL FINANCE LLC'S SUPPLEMENTAL
## RESPONSE TO LANDAY'S FIRST SET OF INTERROGATORIES

Pursuant to the Court Order dated September 26, 2005 (the "Order"), defendant GMAC Commercial Finance LLC ("GMACCF" or "Defendant")[1] provides the following supplemental response to the first set of interrogatories propounded by Plaintiff David L. Landay ("Landay" or "Plaintiff"). In its Order, this Court overruled GMACCF's objections to Interrogatory No. 2 and held that GMACCF had to answer Interrogatories 4-6 and 8-17, but only to the extent they were characterized on pages 11-12 of Landay's Motion to Compel. Thus, in this supplemental response, Interrogatory No. 2 is restated in full, but the remaining interrogatories are recast to comport with their characterizations on pages 11 and 12 of Landay's Motion to Compel. In responding to Landay's restated interrogatories, GMACCF reasserts and incorporates all of the General Objections that it asserted in its initial Response to Landay's First Set of Interrogatories as well as all of the specific objections asserted in response to Interrogatory No. 2. To the extent the Court overruled any of those objections, GMACCF reserves its rights for appeal.

---

[1] The First Amended Complaint lists two separate defendants, GMAC Commercial Credit LLC, and GMAC Commercial Finance LLC, and includes both names in the caption. In actuality, GMAC Commercial Finance LLC is the successor by merger of GMAC Commercial Credit LLC and GMAC Business Credit LLC.

## SUPPLEMENTAL RESPONSES

## ORIGINAL INTERROGATORY NO. 2

Please account for EACH and EVERY Account Receivable of the Borrowers that existed on October 22, 2001, when GMAC took charge of the assets of Borrowers. Include the following in your answer:

a. State the name of Borrower's customer that owed the account receivable.

b. State the amount owed on October 22, 2001.

c. State the amount collected by GMAC to date.

d. Describe the efforts made by GMAC to collect the receivable.

e. Identify all agents, servants or employees of GMAC responsible for collecting and receivable.

f. State the date or dates the receivable was collected by GMAC.

g. If the full amount owed by Borrowers' customer was not collected by GMAC, state the reason for the shortfall.

h. Identify all documents that reflect or relate to your response to subsection g. above.

i. Identify all documents on which the receivable is reflected and state where on the document (e.g., page, column heading and line number) the receivable is reflected.

j. Identify all documents on which the collection of the receivable is reflected and state where on the document (e.g., page, column heading and line number) the collection is reflected.

k. State whether the collection of such receivable was credited to Borrowers' and, if so, identify all documents on which such credit is reflected and state where on the document it appears.

l. State whether you have destroyed or otherwise disposed of any document that referred, reflected, or related to this receivable and, if so, identify such documents and state what became of them, including the date they ceased to exist.

m. State whether you maintain computerized records that contain information concerning Borrowers' accounts receivable and, if so, describe such records including but not limited to whether or not there are hard-copies of such records extant.

n. State the location of the Accounts Receivable records that Borrowers maintained and which were seized by GMAC on October 22, 2001. If you claim you no longer have such records in your possession, custody or control, state (i) the date you last had them in

your possession, custody or control, (ii) the address of their last-known location, (iii) the identity of the person(s) who have the records now, and (iv) what you did to the records to cause them to no longer be in your possession, custody or control.

## ORIGINAL RESPONSE TO INTERROGATORY NO. 2[2]

GMACCF refers Landay to GMACCF's response to Landay's Interrogatory No. 4 in the New York Action and incorporates that response herein by reference. As in the New York Action, GMACCF refers Landay to the documents Bates numbered GLAN 01516 to GLAN 01582 for information about the accounts receivable that were collected after October 22, 2001. GMACCF also refers Landay to document Bates numbered LAN 0168, which indicates the total amount of accounts receivable that were owed to the Borrowers as of October 22, 2001.

GMACCF has not located records in its own office files or computer databases listing the names of every individual customer who owed money to the Borrowers as of October 22, 2001, let alone the amount of each account receivable, the amount collected, and the date of collection. GMACCF, however, has provided Landay with numerous documents that indicate when accounts receivable were received and when certain customers paid certain amounts. These documents include those with Bates numbers GLAN 01516 through GLAN 01582 and GLAN 01684 through GLAN 01830. Additionally, it is possible that some information responsive to "Interrogatory No. 2a" and "Interrogatory No. 2b" can be found in documents stored at the facility referenced by John Rijo at his deposition. See GMACCF's Resp. to "Interrogatory No. 1b," above. GMACCF also states that as of October 22, 2001, the total amount of accounts receivables owed to the Borrowers was $869,885.82. GMACCF collected $588,000.

GMACCF has no way of reconstructing its efforts to collect individual receivables on the Borrowers' account. As a general matter, however, it would have been consistent with

---

[2] For ease of administration, GMACCF is not reprinting all of its objections and responses in the format that they were prepared in its initial Response to Landay's First Set of Interrogatories. Instead, GMACCF is combining its responses to all of the subparts of Interrogatory No. 2 and reprinting them collectively in the text.

GMACCF's existing policy for employees in GMACCF's collections department to have tried to contact the Borrowers' customers, by mail and/or telephone, in an effort to collect those receivables. Some of the documents that GMACCF has produced to Landay appear to relate to those collection efforts.

GMACCF has a collections department that is dedicated generally to the collection of customers' accounts receivable. GMACCF is not aware at this time which employees within that department were specifically assigned to any of the Borrowers' specific accounts receivable.

GMACCF is not certain why particular customers chose not to pay their full debts to the Borrowers. GMACCF, however, directs Landay to the documents Bates numbered GLAN 01684 through 01830, which Landay already possesses, according to his Rule 26(a) initial disclosures. Those documents include information regarding why certain customers were given various credits on various accounts receivable.

GMACCF has produced thousands of documents to Landay for his review, many of which contain the information sought by this interrogatory, including the documents Bates numbered GLAN 01684 through 01830.

Among the documents that GMACCF has produced to Landay which reflect collections of accounts receivable are those Bates numbered GLAN 01516 through GLAN 01582 and GLAN 01684 through GLAN 01830.

All collections of known accounts receivable were credited to the Borrowers as reflected on documents Bates numbered GLAN 01516 through GLAN 01582.

GMACCF has not knowingly destroyed any documents that referred to any of the accounts receivable for the Borrowers. It is possible that some hard copies of documents may have been misplaced or that duplicates have been discarded, but such conduct would not have

been pursuant to any GMACCF policy or practice.  <u>See also</u> GMACCF's Responses to "Interrogatory No. 2m" and "Interrogatory No. 2n" below.

GMACCF does maintain some computerized records that relate to the Borrowers' accounts receivable and has already produced printouts of such records to Landay, such as those with Bates numbers GLAN 01516 through GLAN 01582.  However, it is likely that some computer records relating to the Borrowers' accounts receivable no longer exist, as some computer files are automatically deleted from GMACCF's system approximately twelve months after their creation.  For example, information that employees in the collections department might have entered into the computer system regarding why certain customers of the Borrowers were receiving certain credits on particular accounts may no longer exist.  Additionally, if GMACCF ever did have computerized records that identified each and every one of the Borrowers' accounts receivable as of October 22, 2001, it is highly unlikely that such records continue to exist.  GMACCF, however, may be able to obtain records that show the outstanding accounts receivable as of December 31, 2001, and reserves the right to supplement its discovery responses if it can locate such information.  If computer records relating to the Borrowers' accounts receivable continue to exist, it should be possible to make hard copies of such records.

GMACCF is unaware of any records relating to the Borrowers' accounts receivable as of October 22, 2001, other than those that have already been produced to Landay during discovery or that are still in the storage facility referenced by John Rijo in his deposition.  <u>See</u> GMACCF's Resp. to Int. No. 1b, above.

### **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2**

GMACCF has already produced to Landay all documents that it has been able to locate through reasonable diligence that relate to the Borrowers' outstanding accounts receivable as of

BOS_505986_1.DOC/MDUBNOFF

October 22, 2001, and GMACCF's efforts to collect on those accounts. According to the document Bates numbered LAN 0168, the total amount of outstanding accounts receivable was $869,885.82 as of October 19, 2001. The accounts receivable aging report dated October 22, 2001, which was recovered from the backup tapes of the Borrowers' computer files and produced to Landay (see Bates number GMAC_Landay 01156-01164), lists every account receivable by customer and amount. Without vouching for the accuracy of the data maintained by the Borrowers, GMACCF incorporates that document as part of its answer to this interrogatory. According to that report, the total outstanding accounts receivable as of October 22, 2001, was $815,050.75.

GMACCF ultimately collected $588,000 on these accounts receivable and credited that amount to the balance due from the Borrowers. GMACCF is not aware of any single document that identifies these collections on an account-by-account basis. However, GMACCF directs Landay's attention to the documents Bates numbered GLAN 02139-02143, which list the accounts receivable outstanding as of November 15, 2001, along with their aging reports. A similar report, run on December 15, 2001, appears in documents Bates numbered GLAN 02144-02148. Similar reports for subsequent time periods are shown in the documents Bates numbered GLAN 02149-02155. GMACCF also directs Landay's attention to all of the schedules of client charges and charge backs that it has produced, such as those contained in documents Bates numbered GLAN 02156-02173, as they contain additional information about certain accounts receivable that had been outstanding as of October 22, 2001, such as when some of those accounts were collected, how much money was collected, and whether the amount due from the customer was reduced for some reason. GMACCF incorporates those documents in its answer to

this interrogatory. Pursuant to Fed. R. Civ. P. 33(c), GMACCF invites Landay to perform his own reverse calculations.

GMACCF states that it has no reason to believe that it did not follow its standard policies and practices regarding the collection of accounts receivable, and that it can provide Landay's counsel with copies of documents relating to those general policies upon his execution of an attorneys' eyes only agreement. Pursuant to these policies, GMACCF intensified its efforts to collect the outstanding accounts receivable upon learning that the loan was in trouble. Margarita Rodrigues, the only current GMACCF employee believed to have participated in the effort to collect these accounts receivable, is currently on disability leave.

GMACCF has not knowingly destroyed any documents that referred to any of the accounts receivable for the Borrowers. GMACCF does maintain some computerized records that relate to the Borrowers' accounts receivable and has already produced printouts of such records to Landay, such as those with Bates numbers GLAN 01516 through GLAN 01582. GMACCF believes that all of the Borrowers' records relating to accounts receivable as of October 22, 2001, have been produced to Landay in this case.

## ORIGINAL INTERROGATORY NO. 4

Please account for all Borrowers' inventory seized by GMAC on October 22, 2001. In addition to providing (1) the total inventory cost value as of October 22, 2001 and (2) the total amount of money received by GMAC to date from the sale of Borrowers' inventory, provide the following details for each and every style number in Borrowers' inventory as of October 22, 2001:

  a. The standard cost value per unit (pair or single item, as appropriate),

  b. The number of units in that style,

  c. The number of units GMAC sold in liquidation,

  d. The identity of the buyer in liquidation and buyer's date of purchase,

  e. The amount received by GMAC from the sale,