# EXHIBIT 29

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x

GMAC COMMERCIAL CREDIT LLC,

                Plaintiff,

-against-

DAVID L. LANDAY,

                Defendant.

-----------------------------------------------------------------x

**VERIFIED COMPLAINT**

Index No. 602338/02
Date purchased: 6/26/02

NEW YORK
COUNTY CLERK'S OFFICE

OCT 29 2002

NOT COMPARED
WITH COPY FILED

Plaintiff GMAC Commercial Credit LLC ("GMACCC"), by and through its attorney, Cohen Tauber Spievack & Wagner LLP, alleges as its Complaint against defendant David L. Landay ("Landay") the following:

### THE PARTIES

1.     GMACCC is a New York limited liability company with its principal place of business at 1290 Avenue of the Americas, New York, New York 10104.

2.     On information and belief, Landay is a resident of the State of Massachusetts and was at all relevant times the president of Seneca Sports, Inc. ("Seneca") and Brookfield International, Inc. ("Brookfield," together with Seneca, the "Borrowers"). On information and belief, at all relevant times the Borrowers were corporations organized under the laws of the State of Massachusetts and maintained an office at 75 Fortune Boulevard, Milford, Massachusetts 01757.

### JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action pursuant to CPLR 301. Venue is proper pursuant to CPLR 501 and CPLR 503.

4. In addition, as explained in further detail below, Landay has contractually submitted himself to the personal jurisdiction of the courts located in the State of New York.

## BACKGROUND FACTS

5. On or about September 19, 2000, GMACC and the Borrowers entered into a commercial factoring agreement (the "Factoring Agreement"). A copy of the Factoring Agreement is attached as Exhibit A.

6. Pursuant to the Factoring Agreement, GMACCC agreed to purchase from the Borrowers all of its receivables existing as of and created after September 19, 2000, and the Borrowers granted to GMACCC a continuing security interest in all of the Borrowers' present and future receivables and all "Collateral" as security for the Borrowers' "Obligations," as such terms are defined in the Factoring Agreement.

7. On or about September 19, 2000, Landay executed an unconditional guaranty (the "Landay Guaranty"), personally guarantying any indebtedness that the Borrowers owed to GMACCC. A copy of the Landay Guaranty is attached as Exhibit B.

8. Under the Landay Guaranty, Landay expressly waived "[d]emand of payment, presentment, protest and notice of dishonor or non-payment."

9. The Landay Guaranty also provided that "any statement of account which is binding on [the Borrowers] under the Agreement shall be binding on [Landay] for all purposes under this guaranty."

10. The Landay Guaranty further provided that "[i]f this guaranty and/or any Obligation is placed with an attorney for collection, the undersigned further agrees to pay an attorney's fee of fifteen percent of any principal and interest due and demanded, which is hereby agreed to be just and reasonable and which shall be recoverable with the amount due under this guaranty."

11. The Landay Guaranty's choice of law and forum selection clause provided that the Landay Guaranty was "to be governed by and construed in accordance with the laws of the State of New York" and that "all actions and proceedings arising out of or in connection with [the] guaranty . . . may be brought in the federal or state courts of the State of New York . . . or at [GMACCC's] option, in any other courts as [GMACCC] may select."

12. Throughout the course of the parties' dealings under the Factoring Agreement, GMACCC issued and mailed monthly statements of account to the Borrowers in accordance with the terms of Section 6 of the Factoring Agreement, which provided that the statements of account "will be fully binding on [the Borrowers] and will constitute an account stated, unless, within thirty (30) days after such statement is mailed to [the Borrowers] or within thirty (30) days after the mailing of any adjustment thereof [GMACCC] may make, [the Borrowers give GMACCC] specific written notice of exceptions."

13. On or about August 9, 2001, GMACCC and the Borrowers executed a Forbearance Agreement, whereby the Borrowers acknowledged, *inter alia*, the occurrence of certain "Events of Default" and outstanding obligations of "not less than $6,719,177.62" under the Factoring Agreement. Pursuant to the Forbearance Agreement, GMACCC agreed "for a limited period of time [to] forbear from exercising its rights and remedies under the [Factoring] Agreement," but did not waive the existing defaults or its rights and remedies under the Factoring Agreement. A copy of the Forbearance Agreement is attached as Exhibit C.

14. In consideration of the forbearance, the parties agreed that Landay would execute (i) an Amendment and Ratification of Guaranty and (ii) a letter "regarding Cash Deposit." The Forbearance Agreement also modified the definition of "Borrowing Base" under the Factoring Agreement and provided that GMACCC would establish a specified amount of reserves.

15. By letter agreement dated August 9, 2001 to GMACCC (the "Ratification Letter"), Landay ratified, in accordance with the terms of the Forbearance Agreement, the terms of the Landay Guaranty, as amended. The ratification amended the maximum amount of Landay's liability from $3,500,000 provided under the Landay Guaranty, to "$4,500,000 plus interest thereon at the Default Rate provided for in the [Factoring] Agreement." A copy of the executed Ratification Letter is attached as Exhibit D.

16. As of September 24, 2001, the aggregate principal amount of the Borrowers' Obligations to GMACCC was $7,372,000, plus accrued and accruing interest, commissions, costs, fees and expenses (including attorneys' fees). As of that date, both the Borrowers and Landay were in default of their Obligations, and the entire amount of the Obligations became due.

17. By two letters dated September 25, 2001 (the "Default Letters"), GMACCC notified Borrowers and Landay of the defaults under the Factoring Agreement and Forbearance Agreement, and that all of the Obligations were then due and payable. GMACCC accordingly made demand of Landay for immediate payment in full of all of Landay's Obligations to GMACCC under the Landay Guaranty. Copies of the Default Letters are attached collectively as Exhibit E.

18. Despite due demand, Landay has failed to make payment of any indebtedness owed to GMACCC.

19. Neither the Borrowers nor Landay has provided any notice of objection to any statement of account or to the Default Letters.

20. As a result of the liquidation of certain of the Borrowers' assets, as of October 3, 2002, the amount of the Borrowers' outstanding indebtedness has decreased to $1,205,402.13 with interest occurring at a rate of 8%, for a per diem amount of $267.69.

## FIRST CAUSE OF ACTION AGAINST LANDAY
### (Breach of Contract)

21. GMACCC repeats the allegations set forth in paragraphs 1 through 20 hereof as if fully set forth herein.

22. The Borrowers defaulted on their obligations under the Factoring Agreement and Forbearance Agreement and, despite due demand, have failed and refused to make payment on their outstanding indebtedness owed to GMACCC.

23. As of October 3, 2002, the balance outstanding on the Obligations is $1,205,402.13, with interest running at 8%, or $267.69 per diem.

24. Pursuant to the terms of the Landay Guaranty, Landay is unconditionally obligated to pay GMACCC the total indebtedness owed to it by the Borrowers.

25. Despite GMACCC's demand for payment, Landay has refused to pay GMACCC the amounts due and owing to GMACCC under the terms of the Guaranty.

26. By reason of the foregoing, as of October 3, 2002, GMACCC has been damaged in the amount of $1,205,402.13, with interest continuing to accrue thereon from October 4, 2002 at a rate of $267.69 per diem. In addition, in accordance with the terms of the Forbearance Agreement and the Landay Guaranty, GMACCC is entitled to recover from Landay its attorneys' fees in this action, in an amount equal to fifteen percent of the amount of principal and interest due and owing to GMACCC.

## SECOND CAUSE OF ACTION AGAINST LANDAY
### (Account Stated)

27. GMACCC repeats the allegations set forth in paragraphs 1 through 26 hereof as if fully set forth herein.

28. GMACCC sent to the Borrowers statements of account on a monthly basis.

29. The Borrowers accepted each statement of account received from GMACCC without objection, and therefore became bound thereby.

30. The last statement of account sent by GMACCC to the Borrowers showed an account balance of $1,009,056.70 as of November 30, 2001.

31. The Borrowers failed to pay the amount of $1,009,056.70 reflected in the last statement of account.

32. Pursuant to the Landay Guaranty, Landay personally "guarantee(d) to [GMACCC] . . . the prompt payment at maturity, or whenever they may become due in accordance with any of their terms, of all now existing and hereafter arising liabilities, indebtedness and obligations of [the Borrowers] to [GMACCC]."

33. Landay has failed to pay the amount of $1,009,056.70 reflected in the last statement of account.

34. By reason of the foregoing, GMACCC is entitled to recover from Landay the sum of $1,009,056.70, plus interest at the contractual rate from December 1, 2001.

35. By reason of the foregoing, GMACCC has been damaged in the amount of $1,009,056.70, plus interest thereon. In addition, in, accordance with the terms of the Landay Guaranty, GMACCC is entitled to recover from Landay its attorneys' fees in this action in an amount equal to fifteen percent of the amount of principal and interest due and owing to GMACCC.

**WHEREFORE**, plaintiff GMAC Commercial Credit LLC demands judgment against defendant David L. Landay as follows:

A. On the First Cause of Action, directing David L. Landay (1) to pay GMAC Commercial Credit LLC $1,205,402.13, plus interest thereon at a rate of $267.69 per diem from

October 4, 2002, and (2) to pay GMAC Commercial Credit LLC's costs and disbursements incurred in connection with this action, including reasonable attorneys' fees;

    B.    On the Second Cause of Action, directing David L. Landay (1) to pay GMAC Commercial Credit LLC $1,009,056.70, plus interest thereon from December 1, 2001, and (2) to pay GMAC Commercial Credit LLC's costs and disbursements incurred in connection with this action, including reasonable attorneys' fees; and

    C.    Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       October 25, 2002

COHEN TAUBER SPIEVACK & WAGNER, LLP

By: _____
Stephen Wagner
*Attorneys for Plaintiff*
*GMAC Commercial Credit LLC*
757 Third Avenue
New York, New York 10017
(212) 586-5800

## VERIFICATION

STATE OF NEW YORK           )
                            ss.:
COUNTY OF NEW YORK          )

JOHN FITZPATRICK, being duly sworn, deposes and says:

I am Executive Vice President of GMAC Commercial Credit LLC, a New York limited liability company and the Plaintiff herein.

I have read the annexed Verified Complaint, know the contents thereof, and the same is true to the best of my knowledge, except as to those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

The basis for my belief as to those matters not stated upon my own knowledge is information contained in the books and records of Plaintiff.

_____
JOHN FITZPATRICK

Sworn to before me this
25th day of October 2002

_____
NOTARY PUBLIC

LORRAINE S. FIELDS
Notary Public, State of New York
No. 02FI4864248
Qualified in Nassau County
Commission Expires June 9, 2006

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X
GMAC COMMERCIAL CREDIT LLC,

                                Plaintiff,

- against -

DAVID L. LANDAY,

                                Defendant.
-----------------------------------------------------------X

Index No. 602338/02
Date Purchased: 6/26/02

**SUMMONS
WITH NOTICE**

To the above named Defendant

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York), and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

      Plaintiff designates New York County as the place of trial. The basis of the venue is plaintiff's residence. Plaintiff is a New York limited liability company that maintains its principal office at and therefore resides at 1290 Avenue of the Americas, New York, New York 10104.

      The object of this action is to recover monies owed pursuant to a promissory note and the guaranty thereof.

      The relief sought is money damages owed as of June 17, 2002, by the defendant to the plaintiff, in the amount of One Million Two Hundred thirty-five

Thousand fifty-five Dollars and thirty-two Cents ($1,235,055.32), together with interest thereon at the rate of 8% per annum, late charges, reasonable attorneys' fees, and the costs and disbursements of this action.

Upon your failure to appear, judgment will be taken against you by default for the sum of ONE MILLION TWO HUNDRED THIRTY-FIVE THOUSAND FIFTY-FIVE DOLLARS AND THIRTY-TWO CENTS ($1,235,055.32), together with interest accruing at the rate of $273.42 per diem from June 18, 2002, late charges, reasonable attorneys' fees, and the costs and disbursements of this action.

Dated:    New York, New York
          June 17, 2002

                                        _____
                                        LORRAINE S. FIELDS
                                        Assistant General Counsel
                                        Attorney for Plaintiff
                                        **GMAC COMMERCIAL CREDIT LLC**
                                        1290 Avenue of the Americas
                                        New York, New York 10104
                                        (212) 884-7281

**TO:**  **DAVID L. LANDAY**
         85 East India Row
         Apt. #20F
         Boston, Massachusetts 02110

2