UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID L. LANDAY,<br>    Plaintiff,<br><br>    v.<br><br>GMAC COMMERCIAL CREDIT LLC<br>and GMAC COMMERCIAL FINANCE<br>LLC,<br>    Defendants. | Civil Action No. 04-cv-11955-WGY |

**MEMORANDUM SUPPORTING DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING TO NEW YORK DISCOVERY DISPUTES**

This Court should preclude Plaintiff David L. Landay ("Landay") from offering any evidence or argument relating to the discovery disputes that plagued the related New York case. Such disputes (most of which were resolved adversely to Landay) have absolutely no bearing on any of the issues in this action. Nevertheless, in correspondence outside of the pleadings, Landay indicated his intention to argue that his Chapter 93A claim (Count VII) encompasses what Landay characterizes as GMAC CF's "intransigence" in failing to timely satisfy its discovery obligations in New York.[1]

At least three fundamental flaws infect Landay's logic. First, Landay's Amended Complaint does not refer to the New York discovery dispute. Second, the plain language of Chapter 93A precludes any claim based on conduct that must have occurred primarily and substantially in New York. Finally, as a matter of law, the "intransigence" alleged by Landay could not give rise to a Chapter 93A claim even if it occurred primarily and substantially in Massachusetts.

---

[1] GMAC CF vigorously denies that its acts and omissions in the New York Action – including its responses to Landay's discovery requests – failed to satisfy applicable standards of conduct. Indeed, the New York Court's repeated rejection of Landay's requests for sanctions suggests that Landay's complaints generally lacked merit.

## I.   BACKGROUND

This is the second lawsuit between the parties to arise from the same set of operative facts. In 2002, GMAC CF sued Landay in New York state court (the "New York Action") to collect on a personal guaranty that Landay executed to secure, in part, the obligations that Seneca Sports, Inc. and Brookfield International, Inc. (collectively "the Borrowers") owed to GMAC CF. On May 25, 2004, the New York court granted partial summary judgment in GMAC CF's favor on all issues relating to liability. The court, however, referred several damage-related matters for determination by a Special Referee and held that both parties were entitled to additional discovery as to those issues. Unfortunately, discovery in the New York Action developed into a series of mini brawls, with Landay repeatedly asking for sanctions against GMAC CF, and the court repeatedly denying those requests.

Meanwhile, Landay filed this action on September 9, 2004. In his Amended Complaint, he accused GMAC CF of misrepresentation (Count I), usury in violation of Mass. Gen. Laws ch. 271, § 49 (Count II), breach of a Factoring Agreement between GMAC CF and the Borrowers (Count III), breach of a Forbearance Agreement between GMAC CF and the Borrowers (Count IV), breach of the implied covenant of good faith and fair dealing ancillary to the Factoring and Forbearance Agreements (Count V), violation of Landay's rights as a junior creditor of Seneca (Count VI), and violation of Chapter 93A (Count VII). To say the least, Count VII is short on detail. Landay alleged only that he, GMAC CF, Seneca and Brookfield were engaged in "trade or commerce" within the Commonwealth; that the "acts and practices" described earlier in the Amended Complaint occurred "primarily and substantially" in Massachusetts; and that those acts and practices constituted "unfair and deceptive acts or

practices, which [GMACCF] knowingly committed." Am. Compl. (Docket No. 2) at 18-19, ¶¶ 91-95.

After filing its Answer, GMAC CF moved for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c). Docket No. 22. This Court heard oral argument on the motion on May 17 and granted it in part from the bench, dismissing Counts III, IV and V in their entirety, as well as that portion of Count VII that was based on the dismissed Counts. The Court took the rest of GMAC CF's motion under advisement before denying it in a one-page order on July 22.

At the time of that ruling, GMAC CF had no reason to believe that Landay's Chapter 93A claim incorporated any alleged discovery "intransigence" in the context of the New York discovery. Indeed, the Amended Complaint makes absolutely no reference to any alleged failure by GMAC CF to comply with Landay's discovery requests. Furthermore, when Landay opposed GMAC CF's motion for judgment on the pleadings, he made no reference to any New York discovery dispute. *See* Docket Nos. 26, 32. As a result, GMAC CF never contemplated addressing this issue in its motion.

The first hint that Landay intended to use his Chapter 93A claim to rehash discovery disputes from the New York Action came in a footnote buried in an "emergency" motion to modify the discovery schedule, which Landay filed on August 30. *See* Docket No. 41 at 6, n.5. Shortly thereafter, on September 6, Landay served GMAC CF with his Answers to Interrogatories. In response to a question asking him to state the basis for his Chapter 93A claim, Landay referred to GMAC CF's recent production in this case of records that it had seized from Seneca and Brookfield when it acquired peaceful possession of their assets on October 22, 2001.[2] Landay complained that GMAC CF's failure, <u>in the New York Action</u>, to locate and produce those documents constituted "heavy-handed tactics" and "discovery abuses," which

---

[2]    A copy of Landay's Answers to Interrogatories is attached as Exhibit 1.

were part of its "sharp business practices." Exhibit 1 at 12. However, in several of his interrogatory responses, Landay stated that he could not respond fully because he had not had sufficient time to review all of the relevant documents. *See, e.g., id.* at 2-7, 10-13 (Answer to Interrogatory Nos. 2, 4, 5, 7, 8, 9, 11, 17). In response, GMAC CF's counsel sent Landay's counsel a letter on September 8, inviting Landay to take an additional fifteen (15) days to review the documents before completing his interrogatory responses.[3] Landay accepted the offer to conduct a further inspection of the documents, but rejected GMAC CF's suggestion that he supplement his responses within an additional 15 days.

In a letter dated September 14, Landay's counsel explained his position and stated: "May I remind you that it is GMAC's intransigence over the past 2 years that has prevented Mr. Landay from having more timely access to the documents of his own companies."[4] On September 22, GMAC CF's counsel responded with a letter stating:

> I object to your continuing effort to conflate this lawsuit with the New York Action. Your letter, for example, accuses GMACCF of "intransigence over the past two years," when you know very well that this case is less than one year old and that GMACCF has not been remotely intransigent in this case. Please refrain from further use of such inflammatory, inaccurate and unproductive rhetoric.[5]

Landay's counsel replied stating:

> As to your objection to my reference to the New York case, may I remind you that **GMAC's intransigence in providing information to Mr. Landay is among the sharp practices alleged in Mr. Landay's 93A claim**. GMAC seized all his companies' documents and refused to release them to Mr. Landay or provide an accounting or any other information that might aid him in understanding the alleged shortfall. GMAC's refusal to provide documents in the New York litigation is but a continuation of the practices about which Mr. Landay complains. While your law firm has been more forthcoming than prior representatives of GMAC, the prior conduct cannot be divorced from this case.[6]

---

[3] A copy of the letter is attached as Exhibit 2.
[4] A copy of this letter is attached as Exhibit 3.
[5] A copy of this letter is attached as Exhibit 4.
[6] A copy of this letter is attached as Exhibit 5.

Exhibit 7 (emphasis added).

In a September 28 response, GMAC CF's counsel pointed out numerous flaws in Landay's logic, including the fact that his Amended Complaint made no reference to the New York discovery disputes.[7] Counsel's letter concluded with a request that Landay either "formally acknowledge that your Chapter 93A claim is not based on the conduct of GMAC CF during discovery in the New York Action or move for leave to amend Landay's complaint to clarify that Count VII does encompass such alleged 'intransigence'" Exhibit 8 at 2.

Landay declined both options in his counsel's letter dated October 6. Thus, Landay has never sought leave to file a second amended complaint. Nor has he supplemented his answers to interrogatories. Landay did, however, admit at his deposition that GMAC CF has done nothing in its conduct of this litigation that violates Massachusetts law. Deposition of David L. Landay ("Landay Depo.") at 179:2-8.[8] At the same time, he reiterated his position that GMAC CF's conduct in the New York Action violated Massachusetts law. *Id.* at 179:9-181:9.

Landay's counsel has since indicated that in opposing GMAC CF's motion for summary judgment, he may argue that the New York discovery disputes form an independent basis for Landay's Chapter 93A claim.

---

[7] A copy of this letter (without exhibits) is attached as Exhibit 6.
[8] Copies of the cited pages of Landay's deposition are attached as Exhibit 7.

## II.   ARGUMENT

### A.   Landay Is Limited To The Allegations Contained In His Amended Complaint.

Fed. R. Civ. P. 8(a) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rule reflects the idea that "even in this age of notice pleading, a defendant must be afforded both adequate notice of any claims asserted against him and a meaningful opportunity to mount a defense." *Diaz-Rivera v. Rivera-Rodriguez*, 377 F.3d 119, 123 (1st Cir. 2004) (citation omitted). In this case, Landay's Amended Complaint failed to put GMAC CF on notice that his Chapter 93A claim encompassed the New York discovery disputes. To the contrary, Count VII alleged only that "the acts and practices described above constitute unfair and deceptive acts and practices." Since the New York discovery disputes were manifestly not part of "the acts and practices described above," GMAC CF had no reason to address this issue when it moved to dismiss this case on the pleadings or to factor this issue into its discovery plan.

In truth, Landay probably did not even decide to base his Chapter 93A claim on the New York discovery disputes until discovery was well under way in this case. The sequence of events suggests that Landay first considered re-litigating discovery disputes from the New York Action sometime in the latter half of August 2005 after GMAC CF produced some Seneca/Brookfield documents from an off-site storage facility. If that was the case, however, Landay should have accepted GMAC CF's invitation in counsel's September 28 letter to move for leave to file a second amended complaint that properly raised alleged New York discovery disputes.[9] Landay declined this option, and as a result, his Amended Complaint still contains no allegations that can fairly be read to ground his Chapter 93A claim on any alleged "intransigence" in its conduct of

---

[9] Had Landay accepted GMAC CF's September 28 invitation to further amend his Amend Complaint, GMAC CF would have opposed that motion on the grounds articulated in this memorandum as well as the tardiness of the proposed amendment.

the New York Action. For this reason alone, this Court should preclude Landay from offering any evidence or argument relating to any alleged "intransigence" in the New York Action.

**B.  Conduct Occurring Entirely In New York Cannot Support A Chapter 93A Claim.**

To sustain a claim under Chapter 93A, a plaintiff must prove, among other things, that the allegedly unfair and deceptive conduct occurred "primarily and substantially" within the Commonwealth of Massachusetts. Mass. Gen. Laws ch. 93A, § 11; *Welch Foods, Inc. v. Liberty Mut. Fire Ins. Co.*, 19 Mass. L. Rptr. 226, 2005 WL 1131747, *25 (Mass. Super. Ct. April 6, 2005). Clearly, Landay cannot meet that burden with regard to the New York discovery disputes. By definition any discovery "intransigence" in New York Action must have occurred primarily and substantially in New York where the parties conducted the litigation. Therefore, given the plain language of Chapter 93A any such foreign action discovery "intransigence" cannot form the basis for a claim under Chapter 93A.

**C.  Alleged Discovery "Intransigence" Cannot Give Rise To A Chapter 93A Claim.**

Even if GMAC CF's alleged "intransigence" during discovery occurred "primarily and substantially" in Massachusetts, it still could not support a Chapter 93A claim. The Supreme Judicial Court has held that outright spoliation of evidence is not actionable under Chapter 93A, *see Gath v. M/A-Com, Inc.*, 440 Mass. 482, 498 (2003), and spoliation is clearly a much more severe offense than the alleged "intransigence" of failing to produce certain documents in a timely manner. As the *Gath* court noted, a party that contends that its adversary engaged in discovery abuses should move for sanctions under Rule 37 or seek other "appropriately tailored sanctions." *See Gath*, 440 Mass. at 498. It may not state a "separate, inherently speculative cause of action for such litigation misconduct." *Id.* If a Massachusetts litigant may not raise spoliation of evidence as the basis for a Chapter 93A claim, *a fortiori*, a New York litigant

cannot initiate new Massachusetts litigation to assert tardiness in the production of documents or other discovery "intransigence" in New York as the basis for such a claim. Nevertheless, despite the unambiguous language in *Gath*, that is precisely what Landay intends to do.

Moreover, Landay's 93A claim is even more tenuous than the claim rejected by the Supreme Judicial Court in *Gath*. In this case Landay's New York counsel repeatedly sought sanctions in the New York Action based upon GMAC CF's alleged discovery "intransigence," and was repeatedly rebuffed. Indeed, when Landay most recently raised the issue of sanctions in the New York Action, the court expressed a growing impatience with Landay's counsel and his strategy of attacking the discovery process. *See* Ex. 8 at 2. Unable to convince the New York court – which is charged with policing discovery in the matters before it – that GMAC CF's acts or omissions warranted sanctions, Landay now seeks to relitigate those New York discovery disputes in this Court the guise of a Chapter 93A claim. Given the holding in *Gath*, this Court cannot permit him to do so.

### III.  CONCLUSION

For all of the foregoing reasons, this Court should grant GMAC CF's motion *in limine* and preclude Landay from offering evidence or argument, at trial or in opposition to summary judgment, based on the parties' New York discovery disputes.

Respectfully submitted,
GMAC COMMERCIAL FINANCE LLC

DATED:  November 23, 2005

/s/ John A. Houlihan
/s/ Mark B. Dubnoff
John A. Houlihan (BBO # 542038)
Mark B. Dubnoff (BBO # 637212)
EDWARDS ANGELL PALMER & DODGE LLP
101 Federal Street
Boston, MA  02110
(617) 439-4444

BOS_512507_1/MDUBNOFF