# EXHIBIT 3

# LYNCH, BREWER, HOFFMAN & FINK, LLP
ATTORNEYS AT LAW

OWEN B. LYNCH
EDWARD S. BREWER, JR.◊
ALAN R. HOFFMAN
PETER W. FINK*
PATRICK J. KINNEY, JR.
PHYLLIS ZELERMYER WALD
J. ALLEN HOLLAND, JR.
ANNE HOFFMAN
ELIZABETH A. ZELDIN+
JOHN P. DENNIS△
DALE C. KERESTER
JENNIFER C. PLATT
CHRISTINE B. WHITMAN•*
THOMAS J. CLEMENS
MYRNA M. ZAKARIAN
SUZANNE T. MANCUSO†
KARIN I. McEWEN†▼

101 FEDERAL STREET, 22ND FLOOR
BOSTON, MASSACHUSETTS 02110-1800

TELEPHONE (617) 951-0800
FAX (617) 951-0811
http://www.lynchbrewer.com

• ALSO ADMITTED IN CT
* ALSO ADMITTED IN FL
△ ALSO ADMITTED IN ME
◊ ALSO ADMITTED IN NH
▼ ALSO ADMITTED IN NJ
† ALSO ADMITTED IN NY
+ ALSO ADMITTED IN SC

September 14, 2005

Mark B. Dubnoff, Esq.
Edwards & Angell, LLP
101 Federal Street
Boston, MA 02110

Re: David L. Landay v. GMAC Commercial Credit, LLC, et al.
United States District Court; Civil Action No. 04-CV-11955-WGY

Dear Mr. Dubnoff:

I am writing this letter in response to your letter of September 8, 2005 regarding supplementation.

Please be advised that I do not agree with the position that you have taken in your letter. Specifically, I do not agree that Mr. Landay only has until September 23 to supplement his answers to GMAC's interrogatories.

For over two years Mr. Landay has been asking GMAC for the Seneca/Brookfield documents. There are now approximately a million of such documents in your office.

You first tendered these documents for examination on August 23. Fortuitously, Mr. Landay was in Boston that week and he was able to spend some hours in your office under the supervision of one of your paralegals. As you know, Mr. Landay returned for two days this week to review documents.

Your office did not supply me with copies of the documents that Mr. Landay tagged for copying until September 6, 2005. These 5000-some-odd pages could not be provided to our expert or to Mr. Landay until you provided me with copies.

GMAC has not responded fully to Mr. Landay's document requests and interrogatories. Unless and until GMAC provides full discovery, Mr. Landay cannot fully supplement his answers.

RECEIVED SEP 15 2005

Mark B. Dubnoff, Esq.
Edwards & Angell, LLP
September 14, 2005
Page 2


    In addition, I beg to differ with your interpretation of the Federal Rules of Civil Procedure. Mr. Landay had 30 days to answer the interrogatories and he did so. He has a continuing obligation to supplement them in due course as he receives additional information. While we will make every effort to supplement the answers as expeditiously as possible, we will not be rushed into answers that may not be complete. May I remind you that it is GMAC's intransigence over the past 2 years that has prevented Mr. Landay from having more timely access to the documents of his own companies.

    As to certain of the interrogatories to which your letter calls attention:

    <u>Interrogatory 2</u>: The answer says that you will get the expert's report when completed. As per the recent Joint Motion, Landay expects to deliver the Report on October 6, 2005.

    <u>Interrogatory 5</u>: Mr. Landay has objected to this interrogatory and stands on his objection. However, Mr. Landay reports that he noticed a June 2001 accounts payable aging during his document review which you will have a copy of shortly.

    With regard to the other interrogatories listed in your letter, Mr. Landay recognizes his obligation to reasonably supplement to the extent required by the Federal Rules of Civil Procedure.

    Finally, if GMAC had answered Landay's first set of interrogatories with half the level of completeness and diligence of my client, there would have been no need to file the pending Motion to Compel.

                                      Very truly yours,

                                      Alan R. Hoffman

ARH/jlm/199774_1

cc:    Mr. David L. Landay