# EXHIBIT 6

# Edwards & Angell LLP

101 Federal Street   Boston, MA 02110   617.439.4444   *fax* 617.439.4170

Mark B. Dubnoff
617.517.5533
Direct Fax: 888.325.9149
mdubnoff@edwardsangell.com

September 28, 2005

Alan R. Hoffman, Esq.
Lynch, Brewer, Hoffman & Fink, LLP
101 Federal Street, 22nd Floor
Boston, MA 02110-1800

Re:   David L. Landay v. GMAC Commercial Credit, LLC et al.
      Civil Action No. 04-11955-WGY

Dear Mr. Hoffman:

I am writing in response to your letter of September 26, 2005. In the third paragraph of your letter, you state that "GMAC's intransigence in providing information to Mr. Landay is among the sharp practices alleged in Mr. Landay's 93A claim." You then go on to state that "GMAC's refusal to provide documents in the New York litigation is but a continuation of the practices about which Mr. Landay complains." There are several fundamental problems with these representations.

First of all, they are factually false. Nowhere in Landay's First Amended Complaint does he make any allegations that GMACCF has any engaged in any "intransigence" with regard to its production of documents in the New York litigation. Indeed, the only allegation of "intransigent" behavior is in connection with Landay's request for an accounting, see Am. Compl. ¶ 58, and even that is not referenced in connection with the Chapter 93A claim. See id. ¶¶ 91-95. Second, Chief Judge Young has already dismissed all aspects of Count VII that are not based on Landay's allegations in Count I (fraud), Count II (usury) and Count VI (violation of Landay's rights as a junior creditor). None of those substantive allegations have anything to do with any alleged "intransigence" by GMACCF or its attorneys in the New York litigation. Third, the deadline for amending your pleadings to add allegations of "intransigence" in GMACCF's conduct of the New York litigation has long since passed. Fourth, as you must be aware, Chapter 93A has jurisdictional requirements that preclude claims being asserted based on conduct not occurring primarily and substantially within the Commonwealth of Massachusetts. Therefore, any conduct that occurred in the context of the New York litigation by definition cannot give rise to a Chapter 93A claim. Fifth, even if this alleged "intransigence" had occurred in the context of a Massachusetts lawsuit, we are unaware of any case law that would support your theory of Chapter 93A liability based on it. For all of these reasons, you have no good faith basis for making any claims that Landay has a cause of action arising out of what you believe was GMACCF's "intransigence" in New York, and you should stop making statements as if you had such a good faith basis.

# Edwards & Angell LLP

Alan R. Hoffman, Esq.
September 28, 2005
Page 2

Moreover, it should by now be clear to you that all of your client's allegations of intransigence are false anyway. Landay's New York counsel has repeatedly complained to the New York court that GMACCF treated him unfairly in that case and owed him additional discovery, and the Court has repeatedly rejected such claims. The most recent occurrence was on September 16, 2005, when Landay's counsel sought dismissal and other various sanctions against GMACCF. The Court summarily rejected Landay's counsel's arguments and expressed growing impatience with Landay's constant complaints of unfairness. At the close of the hearing, the following exchange took place:

> MR. EINSTEIN: There are a number of things counsel said that I find both inconsistent and shocking. Shall I –
>
> THE COURT: We do not need any further argument.
>
> MR. EINSTEIN: Counsel –
>
> THE COURT: I don't think we need further argument. You wanted the argument, you had it. Thank you. The motion is marked denied. Thank you.

Transcript of Motion Hearing at 9:22-10:8. As you know, this was not the first time that the New York Court rebuked Landay's counsel on this issue.

In sum, you neither have factual support for your claim of "intransigence" nor any legal support for the idea that such alleged intransigence in the New York action has any theoretical relevance to this case. We respectfully request that you either formally acknowledge that your Chapter 93A claim is not based on the conduct of GMACCF during discovery in the New York litigation or move for leave to amend Landay's complaint to clarify that Count VII does encompass such alleged "intransigence." We, of course, would oppose any such motion.

As for the subject of your client's obligations under the Federal Rules of Civil Procedure, we will have to agree to disagree.

Sincerely,

Mark B. Dubnoff

cc: John A. Houlihan, Esq.