# EXHIBIT C

AUG-05-02 04:26 PM                                                                                    P.02

# Jenkens & Gilchrist Parker Chapin LLP

AUSTIN, TEXAS
(512) 499-3800

CHICAGO, ILLINOIS
(312) 425-3900

THE CHRYSLER BUILDING
405 LEXINGTON AVENUE
NEW YORK, NEW YORK 10174

DALLAS, TEXAS
(214) 855-4500

HOUSTON, TEXAS
(713) 951-3800

Stephen M. Rosenberg
(212) 704-6265
srosenberg@jenkens.com

(212) 704-6000
FACSIMILE (212) 704-6288

LOS ANGELES, CALIFORNIA
(310) 820-8800

PASADENA, CALIFORNIA
(626) 578-7400

www.jenkens.com

SAN ANTONIO, TEXAS
(210) 246-5000

WASHINGTON, D.C.
(202) 336-1500

August 5, 2002

**VIA FACSIMILE AND FIRST CLASS MAIL**
Lorraine S. Fields, Esq.
Assistant General Counsel
GMAC Commercial Credit LLC
1290 Avenue of the Americas
New York, NY 10104

Re:    GMAC Commercial Credit LLC v. David L. Landay

Dear Ms. Fields:

This is to remind you that we still need a copy of the accounting for the disposition of the collateral securing the debts of Seneca Sports, Inc. and Brookfield International, Inc. and statements detailing how the amount claimed due was calculated.

Please provide me with this information as soon as possible.

Thank you.

Very truly yours,

Stephen M. Rosenberg

NEWYORK 846714v1 61171-00001 08/05/02

L01695

**GMAC
Commercial
Finance**

*Legal Division*

**Lorraine S. Fields**
Assistant General Counsel

**FIRST CLASS MAIL AND
FACSIMILE TRANSMISSION**          (212 704-6288)

August 6, 2002

Stephen Rosenberg, Esq.
Jenkens & Gilchrist Parker Chapin LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174

                    Re:     GMAC Commercial Credit LLC ("GMACCC") v. David Landay

Dear Mr. Rosenberg:

       I am in-receipt of your "reminder" fax.  As you are well aware, you never made
such a request to me.

       If it is the intention on your client David Landay to defend GMACCC's claims
asserted against him in the above-referenced litigation, you will have access to damages
information in GMACCC's possession through the discovery process.

       If on the other hand, it is your client's intention to pay GMACCC the amount of
indebtedness that is due and owing to it, without having to resort to a long drawn out
litigation, please advise me and I will be happy to set up a meeting with you, your client
and the appropriate GMACCC business executive to review the information we have
supporting our damages claim.

                          Sincerely yours,

                          Lorraine S. Fields
                          Assistant General Counsel

1290 Avenue of the Americas, Third Floor
New York, NY 10104
(212) 884-7281   Fax Number: (212) 884-7372  E-mail Address: lorraine.fields@gmaccc.com

# Jenkens & Gilchrist Parker Chapin LLP

THE CHRYSLER BUILDING
405 LEXINGTON AVENUE
NEW YORK, NEW YORK 10174

Stephen M. Rosenberg
(212) 704-6265
srosenberg@jenkens.com

(212) 704-6000
FACSIMILE (212) 704-6288

www.jenkens.com

AUSTIN, TEXAS
(512) 499-3800
CHICAGO, ILLINOIS
(312) 425-3900
DALLAS, TEXAS
(214) 855-4500
HOUSTON, TEXAS
(713) 951-3300
LOS ANGELES, CALIFORNIA
(310) 820-8800
PASADENA, CALIFORNIA
(626) 578-7400
SAN ANTONIO, TEXAS
(210) 246-5000
WASHINGTON, D.C.
(202) 326-1500

August 7, 2002

**VIA FACSIMILE AND FIRST CLASS MAIL**
Lorraine S. Fields, Esq.
Assistant General Counsel
GMAC Commercial Credit LLC
1290 Avenue of the Americas
New York, NY 10104

Re:     GMAC Commercial Credit LLC ("GMACCC) v. David L. Landay

Dear Ms. Fields:

I was quite surprised at your August 6, 2002 letter. Perhaps you will recall that when we spoke on July 25, 2002, you asked me whether any defenses would be asserted. I advised you at that time that the matter was under review and that I would like an accounting respecting how the indebtedness claimed due was calculated and of the proceeds received from the sale of the debtor's collateral. I was told that you thought that would be available at the end of last week.

I understand that GMACCC took possession of several million dollars of inventory, accounts receivable and other assets which were to be liquidated and applied to the debt in question. It is also my understanding that this was done by an outside contractor and that no accounting has been rendered.

Normally the debtor and guarantors are provided with this information without being forced to litigate the issues to verify whether the collateral has been disposed in a commercially reasonable manner and to verify the amount of the deficiency or surplus. While, I believe that trying to resolve any outstanding issues in a meeting is preferable, I would still need the information prior to such meeting for it to be fruitful.

Jenkens & Gilchrist Parker Chapin LLP

*Lorraine S. Fields*
July 26, 2002
Page 2

If you wish to resolve this matter without the need for litigation then I suggest you reconsider your position.

Very truly yours,

Stephen M. Rosenberg

NEWYORK 847329v1 61171-00001 08/07/02