# EXHIBIT J

1

1
2
3  SUPREME COURT OF THE STATE OF NEW YORK
   COUNTY OF NEW YORK: CIVIL PART  49
4  ------------------------------------------X
   GMAC COMMERCIAL FINANCE, LLC,
5
                                      Plaintiff,
6              -against-

7  DAVID LANDAY,
                                      Defendant.
8  ------------------------------------------X

9  INDEX NO.  602338/02         MOTION
                                60 Centre Street
10                              New York, NY 10007
                                September 16, 2005
11

12 B E F O R E:

13      HONORABLE HERMAN CAHN, Justice.

14 A P P E A R A N C E S:

15          COHEN TAUBER SPIEVAK & WAGNER, LLP
              Attorneys for Plaintiff
16            420 Lexington Avenue
              New York, NY 10170
17     BY:    SIMCHA Z. HERZOG, ESQ.

18

19          GOODKIND LABATON RUDOFF & SUCHAROW, LLP
              Attorneys for Defendants
20            100 Park Avenue
              New York, NY  10017
21     BY:    JOSEPH H. EPSTEIN, ESQ.
                          0o0
22

23                        MILLICENT J. ANGIULLI
                          Official Court Reporter
24

25

2

| | |
|---|---|
| 1 | Proceedings |
| 2 | |
| 3 | THE COURT: Counsel, you asked |
| 4 | that this argument be on the record. |
| 5 | Mr. Einstein, you are want to make |
| 6 | your application. |
| 7 | MR. EINSTEIN: This is an order |
| 8 | to show cause asking that this case be |
| 9 | stayed, permitting us to conduct |
| 10 | additional discovery. |
| 11 | This case was placed on the |
| 12 | Referee calendar based on the |
| 13 | understanding that all of the documents |
| 14 | in possession of the plaintiff had been |
| 15 | located and provided to us. |
| 16 | It was recently ascertained in a |
| 17 | companion action an enormous amount of |
| 18 | documents exist up in a warehouse in |
| 19 | Boston, and that critical computer tapes |
| 20 | have been in the possession of opposing |
| 21 | counsel for a period of time. |
| 22 | We have now obtained copies of |
| 23 | some of the relevant documents, but are |
| 24 | awaiting the rest of them. The computer |
| 25 | tapes are on an old system and had to be |

3

| | |
|---|---|
| 1 | Proceedings |
| 2 | translated to get the materials off them, |
| 3 | and part of that process has occurred and |
| 4 | part has not been completed yet. |
| 5 | It looks like it will be a week to |
| 6 | ten days before we will see all of the |
| 7 | documents. |
| 8 | In addition, this case was being |
| 9 | handled by Barry Okun of my firm. |
| 10 | Mr. Okun wife's just died of metatastic |
| 11 | breast cancer, and he has been unable to |
| 12 | function, even to communicate with us |
| 13 | concerning the case. |
| 14 | I have agreed to take over the |
| 15 | case, but I certainly need additional |
| 16 | time to speak to Mr. Okun and transition |
| 17 | the case from him to me. |
| 18 | Counsel for the plaintiff has been |
| 19 | kind enough to stipulate that there |
| 20 | should be additional discovery, and we |
| 21 | had, because of the convenience of the |
| 22 | parties and the Jewish holidays, agreed |
| 23 | that the matter should be adjourned on |
| 24 | the referee's calendar to October 27. |
| 25 | I would like to incorporate a copy |

4

| | |
|---|---|
| 1 | Proceedings |
| 2 | of that stipulation into the file. |
| 3 | (Handing to court). |
| 4 | MR. EINSTEIN: Accordingly, we |
| 5 | are asking that this Court either request |
| 6 | the referee's office to grant the |
| 7 | adjournment, open the discovery, permit |
| 8 | us to conduct discovery, or alternatively |
| 9 | either stay or strike the hearing. I |
| 10 | think that is a reasonable compromise. |
| 11 | I appreciate counsel's cooperation |
| 12 | with us in doing this, and I understand |
| 13 | there are administrative issues, but I |
| 14 | think that the enormous prejudice that |
| 15 | the defendant would suffer if this case |
| 16 | is on the calendar and has to go forward |
| 17 | more than outweighs any possible |
| 18 | administrative consequences. |
| 19 | THE COURT: Counsel, you want |
| 20 | to be heard? |
| 21 | MR. HERZOG: Yes. It is our |
| 22 | position, and we, in fact, agreed to |
| 23 | stipulate to the October 27th date for |
| 24 | the inquest, pushing it off from |
| 25 | September 25th as now scheduled. |

5

| | |
|---|---|
| 1 | Proceedings |
| 2 | However, I would like to put on |
| 3 | the record our position in terms of this |
| 4 | bureaucratic snafu. |
| 5 | The deadlines in Boston for |
| 6 | discovery being completed are September |
| 7 | 23 and October 6, respectively; one for |
| 8 | discovery and one for expert and for |
| 9 | expert report being due on October 6. |
| 10 | Those deadlines are not negotiable.  They |
| 11 | were both agreed to by both parties, |
| 12 | counsel up there. |
| 13 | Accordingly, since information of |
| 14 | that case is the same information as the |
| 15 | case over here, we do not think that it |
| 16 | is necessarily going to be that much or |
| 17 | any prejudice at all if the case is in |
| 18 | fact kept to the initial date; that is |
| 19 | first of all. |
| 20 | Secondly, the case was initially |
| 21 | handled by a Mark Aaronson of the firm, |
| 22 | and depositions were scheduled around |
| 23 | Mark Aaronson.  He did not appear at the |
| 24 | deposition.  Instead Barry Okun did, and |
| 25 | unfortunately his wife was very ill at |

| | |
|---|---|
| 1 | Proceedings |
| 2 | that time and he was not able to continue |
| 3 | the deposition, but we made other options |
| 4 | available to counsel to take the |
| 5 | deposition of Pappalardo , Kathy. |
| 6 | We suggested that counsel either |
| 7 | get another person from GMAC's attorney |
| 8 | here in New York, let the Boston |
| 9 | attorneys take the deposition.  So we |
| 10 | will not agree on the record as of this |
| 11 | moment. |
| 12 | Our stipulation does not  include |
| 13 | having another deposition for Kathy |
| 14 | Pappalardo.  All it says is we will think |
| 15 | about this matter, and if it is in fact |
| 16 | necessary and we cannot come to an |
| 17 | agreement, we will be back in front of a |
| 18 | judge. |
| 19 | But we do not stipulate to that as |
| 20 | of right now. |
| 21 | Accordingly, while we agree to |
| 22 | this stipulation if as a matter of |
| 23 | bureaucracy  it will not go away, we will |
| 24 | be ready to go ahead because we do not |
| 25 | think the documents in Boston are |

7

Proceedings

relevant in our case; we were not using them in our case, and it is unfortunate they only became available a month ago.

It is certainly not that much time to be able to go through them and realize that in fact they do not really have anything to do with the amount that GMAC owed, because the amount that GMAC was owed is from GMAC's documents, and how they got rid, how they disposed of it, whether or not it was reasonable or not, would not be in John Reggio's document.

However, we have not used those documents and do not intend to unless it is something we have no idea about, and as such we leave the matter to the bureaucracy.

THE COURT: Counsel, I have heard you both, given you an opportunity.

I understand that, as far as the application which is in front of me, to the extent that that application is one to dismiss the action for plaintiff's

8

1       Proceedings
2  wilful failure to provide discovery, that
3  has been withdrawn.
4       Am I correct?
5       MR. EINSTEIN:    That is correct.
6       THE COURT:  That takes care of A.
7       As far as that part of it which
8  seeks an adjournment of the Referee's
9  hearing or further delay here, first of
10 all I also am sympathetic to the attorney
11 who loss his wife.  I am very sympathetic
12 to that.
13      However, apparently there are
14 other attorneys in your office besides
15 yourself who have or could have handled
16 this matter.
17      I just note for the record that
18 the order sending this down to a referee
19 to hear and report on this issue was made
20 on May 25, 2004, and filed on May 26,
21 2004.  So that the matter has been in
22 front of the Referee for more than a year
23 already.
24      Having said all of that, what I
25 said to you previously, I say it to you

9

Proceedings

now, I am not granting this motion. You have the right to make the application to the justice who supervises the referee's calendar for an adjournment or to the referee who is appointed, for an adjournment.

I am not going to giving it to you. That does not mean that that justice wouldn't give it to you, or it does not mean that the referee cannot give it to you. I'm not going to remove it from their calendar and bring it back here. It is up to them.

I suggest, counsel, you make the application to them. I understand from what you said that it is on the calendar for next Tuesday, on the 21st. I suggest you make the application on the 21st and the justice presiding will make that decision. This is her call.

MR. EINSTEIN: There are a number of things counsel said that I find both inconsistent and shocking. Shall I --

10

| | |
|---|---|
| 1 | Proceedings |
| 2 | THE COURT: We do not need any |
| 3 | further argument. |
| 4 | MR. EINSTEIN: Counsel-- |
| 5 | THE COURT: I don't think we |
| 6 | need further argument. You wanted the |
| 7 | argument, you had it. Thank you. The |
| 8 | motion is marked denied. Thank you. |
| 9 | *** |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | C E R T I F I C A T I O N |
| 15 | |
| 16 | I, Millicent J. Angiulli, an Official Court Reporter of the State of New York, |
| 17 | do hereby certify that the foregoing is a true and accurate transcript of the |
| 18 | proceedings. |
| 19 | |
| 20 | MILLICENT J. ANGIULLI<br>Official Court Reporter |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |