UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-11955-WGY

| | |
|---|---|
| DAVID L. LANDAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| GMAC COMMERCIAL CREDIT, LLC and GMAC COMMERCIAL FINANCE, LLC, | ) ) ) |
| Defendants. | ) ) ) |

**DAVID L. LANDAY'S OPPOSITION TO DEFENDANTS' MOTION
TO STRIKE PLAINTIFF'S SUPPLEMENTAL EXPERT REPORT**

I.  **INTRODUCTION**

Defendants, GMAC Commercial Credit, LLC and GMAC Commercial Finance, LLC ("GMAC"), have moved to strike the Supplemental Expert Report of Keith D. Lowey as untimely and prejudicial. Tellingly, while presenting a one-sided statement of the background and crying crocodile tears of prejudice, GMAC has failed to append the initial or supplemental reports of Plaintiff's expert so that this Court can evaluate its claims and, moreover, has relied on cases all of which are distinguishable on the facts and all but one of which cite no authorities in support of their conclusions on the supplementation issue.

As will be shown below, Lowey's Supplemental Report was neither untimely nor prejudicial to GMAC. In this regard, the Usury portion of the Supplemental Report does not change Lowey's opinion but merely corrects a misclassification of certain transactions which <u>GMAC made</u> on its "Client Statements". The same is true as to that portion of the Commercial Unreasonableness section of the Supplemental Report

entitled "Reclassification of GMAC Receipts." Moreover, as will be shown below the balance of the Supplemental Report which relates to Commercial Unreasonableness at pages 2 and 3 is derived from additional work which Lowey performed while preparing for trial in the New York case, a suit by GMAC against Landay on his personal guaranty, and was not untimely under the applicable rules of civil procedure. Finally, to the extent that GMAC was "prejudiced" thereby, such prejudice, if any, could easily be cured by a brief deposition of Lowey on his Supplemental Report and would have absolutely no effect on the Court's trial schedule.

## II. COUNTERSTATEMENT OF THE BACKGROUND FACTS

While GMAC's recitation of the background is not substantially inaccurate, it omits what radio commentator Paul Harvey calls "the rest of the story." In this section, Landay will set forth the relevant portions of the background which GMAC overlooked and will demonstrate the time-pressure under which Landay and his expert were operating which was caused, at least in part, by GMAC's dilatory responses to Landay's timely discovery requests.

In their March 21, 2005 Rule 16.1 Joint Statement, although GMAC and Landay proferred competing schedules, they agreed as follows: "No responses to discovery due until the earlier of the Court's ruling on the motion to dismiss or May 31, 2005." Landay served paper discovery on GMAC but, as the time approached for responses, Defendants switched gears and, on July 1, 2005, filed a Motion to Stay Discovery Responses until after the Court ruled on their Motion for Judgment on the Pleadings. This motion was allowed by the Court on July 19, 2005. Thus, GMAC served a

2

Response to Landay's First Request for Production of Documents on July 29, 2005 and a Response to Landays' First Set of Interrogatories on August 10, 2005.

It was on or about August 10, 2005 that GMAC's counsel informed the undersigned that Seneca's business files, which GMAC had seized on October 22, 2001 when it took over Seneca's business premises, would be made available later in August at Edwards & Angel's offices.[1]  Landay inspected these documents in August and tagged about 6,000 pages for copying.  These additional documents were delivered to Landay's counsel the day after Labor Day, September 6, 2005.  It was, therefore, partly as a result of the delayed discovery by GMAC that Landay sought and ultimately negotiated an agreed extension of the schedule for delivery of expert reports, expert depositions and close of discovery which this Court accepted by allowing the parties' Joint Motion to Modify Case Management Order on September 12, 2005.

Landay had various issues with GMAC's responses to his document requests, although he endeavored to resolve them by negotiations.  On September 29, 2005, Landay's attorney wrote GMAC's attorney a letter requesting back-up documentation for certain of the transactions – advances, negative collections and receipts – which appeared on the GMAC's Client Statements.  Exhibit 1 hereto.  GMAC did not respond until October 20, 2005, <u>after</u> Lowey's Expert Report was served.  Exhibit 2.  Meanwhile, GMAC's responses to Landay's First Set of Interrogatories were incomplete and substantially inadequate, and this led to the filing of a Motion to Compel by Landay which this Court allowed on September 26, 2005.  However, GMAC did not serve its "Supplemental Responses" until October 27, 2005, after Lowey's deposition was taken.

---

[1] Landay had been seeking production of these documents in the New York action, without success, since 2003.

3

Pursuant to this Court's allowance of the Joint Motion to Modify Case Management Order, the discovery deadline was extended to November 11, 2005. In an effort to comply with this revised deadline, both the parties took depositions in October and November, 2005, including expert depositions. While Landay duly noticed a revised 30(b)(6) deposition within the authorized discovery period, <u>at GMAC's request</u>, the final witness designated by GMAC, John Rijo, was not produced for deposition until November 14, 2005.

Lowey's Supplemental Report was served on November 11, 2005. At no time did GMAC request a deposition of Lowey on his Supplemental Report. Instead, GMAC filed this Motion to Strike. In accordance with the Court's order, the final Pretrial Conference is set no earlier than February 6, 2006 and the case is to be placed on the Court's rolling trial list on March 6, 2006, 115 days after service of Lowey's Supplemental Report.

### III.     ARGUMENT

Attached as Exhibits A and B to the Affidavit of Keith D. Lowey, which is filed herewith as Exhibit 3, are his initial Expert Report and his Supplemental Report. As may be gleaned from the affidavit and from a perusal of the reports, the material in the supplement may be divided into two categories: (a) correction of errors initially caused by GMAC's misclassification of certain transactions on its own records, and (b) revision of damages calculation due to GMAC's commercial unreasonableness in the liquidation of Seneca's assets based on additional investigation, additional review of documents and additional analysis which Lowey performed in preparation for the trial of the New York action in late October.

4

    A.    <u>To the Extent That It Corrected Errors Contained In His Initial Report, Lowey's Supplemental Report Was Made In Conformity With The Federal Rules of Civil Procedure And Was Neither Untimely Nor Prejudicial</u>.

The First Circuit has recognized the need and desirability of issuing a supplemental expert report where a part of the original report has been found to be incomplete or incorrect.

> <u>Fed. R. Civ. Proc. 26(e)(1)</u> requires a party to supplement its disclosures "if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." As we have noted previously, the supplement requirement helps a party avoid the burden of responding to unexpected and last-minute changes in its opponent's expert testimony. *See* <u>Licciardi, 140 F.3d at 363</u>. This, in turn, promotes the broader purpose of discovery, which is "the narrowing of issues and the elimination of surprise." <u>Johnson v. H.K. Webster, Inc.</u>, 775 F.2d 1, 7 (1st Cir. 1985) (internal quotation marks omitted).

<u>Sheek v. Asia Badger, Inc.</u>, 235 F.3d 687, 693-694 (1st Cir. 2000) (Expert opinion excluded where defendant violated Rule 26(e)(1) by not supplementing expert's report to include changes in opinion).

Moreover, the Federal Rules provide that <u>supplementation</u> of an expert report may be made no later than 30 days before trial unless otherwise directed by the Court. <u>See</u> <u>Tucker v. Ohtsu Tire & Rubber Co.</u>, 49 F.Supp. 2d 456, 460 (D. Md. 1999) citing the interplay between Fed. R. Civ. P. 26(e)(1) and 26(a)(3). <u>See also</u>, in this regard, <u>RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.</u>, No. 94Civ.5587, 2002 WL 31780188, at *3 (S.D.N.Y. Dec. 11, 2002).

As set forth in the Affidavit of Keith D. Lowey filed herewith, in the Usury section of the Supplemental Report and in that portion of the Commercial Unreasonableness section entitled "Reclassification of GMAC Receipts," Lowey has merely corrected

errors in the initial report which were based on <u>GMAC's own misclassification</u> of certain line items in its Client Statements which its 30(b)(6) witness, Ms. Pappalardo, utilized in her damage calculations. Exhibit 3, Affidavit of Keith D. Lowey, ¶¶6-11 and Exhibit C to affidavit. A supplement containing such corrections is completely within the letter and the spirit of Rule 26(e)(1). Moreover, the date of supplementation, 115 days prior to the trial, is considerably longer than the 30 day period provided by Fed. R. Civ. P. 26(a)(3). Finally, although GMAC has failed to demonstrate any "prejudice" with regard to these sections of the Supplemental Report, a brief deposition during the interim period would clearly suffice in lieu of the extreme sanction which GMAC seeks by its motion.

> B. <u>To The Extent That Lowey's Supplemental Report Contains A Revised Analysis Of The Damages Attributable To GMAC's Commercially Unreasonable Disposal Of The Collateral It Had Seized, The Report Was Not Untimely And Should Not Be Stricken Since Any Prejudice Which GMAC Claims To Have Suffered May Be Cured By A Brief Deposition</u>.

As Lowey avers in his Affidavit, the balance of his Supplemental Report contains a revised damages calculation which was generated from additional work performed by him after his initial Report in preparation for his testimony in the New York case on November 4, 2005. Exhibit 3, Affidavit of Keith D. Lowey, pp. 12-16. As will be shown below, these sections of the Supplemental Report were not untimely. Moreover, to the extent that GMAC has suffered any prejudice as a result, the extreme sanction of exclusion is singularly inappropriate under the circumstances of this case.

As a preliminary matter, even with respect to the Commercial Unreasonableness section which went beyond correction of errors caused by GMAC's inaccurate documents, the Supplemental Report was not untimely since Fed. R. Civ. P. 26(e)(i) mandates that "any additions or other changes to [the] information [in a report] shall be

6

disclosed by the time the party's disclosures under Rule 26(a)(3) are due", i.e. 30, days before trial.  However, the timeliness of the submission does not necessarily end the inquiry since Courts have looked at such factors as potential prejudice to the opposing party and availability of a mechanism to mitigate such prejudice in connection with motions like GMAC's Motion to Strike.  See, e.g., Tucker, 49 F. Supp.2d at 461; and RMED Int'l, Inc., 2002 WL 31780188 at *3.

GMAC contends that "[t]his Supplemental Report included new opinions on the damages that Landay allegedly suffered and revised damages estimates upward by several hundred thousand dollars."  GMAC's Memorandum, p. 3.  GMAC then states that Federal Court's in Massachusetts and elsewhere routinely apply this Rule [Fed. R. Civ. P. 26(a)(2)(C)] "to exclude untimely expert reports that purport to 'supplement' earlier reports, especially where the 'supplemental' reports attempt to introduce new opinions."  GMAC's Memorandum, p. 4.  Finally, it claims irremediable prejudice, GMAC's Memorandum, p. 5-6, predicting a series of dire consequences from the acceptance of Lowey's Supplemental Report culminating in the ineluctable "delay in the ultimate disposition of this case and thwart[ing] this Court's case management plan."  Landay submits that all of the above is incorrect or tendentiously exaggerated and should be rejected.

First, the actual increase in Lowey's damages calculation is approximately $100,000, $14,000 in the Usury calculation and $85,000 in the Commercial Reasonableness calculation.  Exhibit 3, Affidavit of Keith D. Lowey, ¶¶10, 12.

Therefore, GMAC's statement that Lowey has revised his damages "upward by several[2] hundred thousand dollars" is grossly exaggerated.

As to the second proposition, GMAC cites the wrong rule with regard to timeliness of <u>supplemental</u> reports. Fed. R. Civ. P. 26(a)(2)(C) relates to the time for service of <u>initial</u> expert reports, i.e., "at least 90 days before the trial date." The aforementioned Rule continues: "the parties shall supplement these disclosures when required under subdivision (e)(1)." As noted above, Fed. R. Civ. P. 26(e)(1) refers to Rule 26(a)(3), the time for pretrial disclosures, as the applicable deadline for supplementation of expert reports, which is defined as "at least 30 days before trial." Moreover, the proposition that Courts in Massachusetts and elsewhere "routinely" exclude expert opinions which appear for the first time in supplemental reports is simply incorrect; and to the extent that it has any validity, it applies to cases where the <u>unduly late presentation of a new theory of liability</u> is at issue.

In this regard, exclusion of expert testimony has been held to be a "drastic remedy." <u>RMED Int'l, Inc.</u>, 2002 WL 31780188, at *3-4 (denying motion in limine to bar introduction of expert rebuttal evidence, with the proviso that plaintiff must be permitted to depose expert). See <u>Crisomia v. Parkway Mortgage, Inc. (In re Crisomia)</u>, 286 B.R. 604, 611-612 (Bankr. E.D. Pa. 2002).

> I agree that allowance of Schechtman's testimony as bolstered now by his Supplemental Report would be unfairly prejudicial to Plaintiffs since they have not had the opportunity to take his deposition or retain their own expert with the benefit of full disclosure of the basis of his opinions. However, exclusion of Schechtman is too drastic a remedy if the prejudice may be readily cured. Plaintiffs do not contend nor is there any evidence that Chase has acted in bad faith. Rather it acted promptly after the denial of its Summary Judgment Motion to request Schechtman to expand his

---

[2] Several: "more than two, but not many." <u>Webster's New World College Dictionary</u>, (Victoria Neufeldt ed., Simon & Schuster, Inc. 3d ed. 1997).

> Report.  The solution fashioned by the Bowersfield court is the appropriate course in this contested matter.  I will reopen discovery to allow Plaintiffs to depose Schechtman if they so desire.

See also, Burton v. R.J. Reynolds Tobacco Co., 203 F.R.D. 636, 640-642 (D. Kan. 2001) ("The decision to exclude evidence is a drastic sanction"; held striking is not warranted).  Compare, Macaulay v. Anas, 321 F.3d 45, 52 (1st Cir. 2003), in which the First Circuit affirmed the exclusion of expert testimony where a party "introduced a new theory of liability only days before the anticipated trial date."  In Macaulay, discovery was closed and trial was imminent when the supplemental report surfaced with a new theory of liability; and the Court wrote: "Common sense suggests that when a party makes a last minute change that adds a new theory of liability, the opposing side is likely to suffer undue prejudice."  Id.

The case of Wechsler v. Macke International Trade, Inc., 221 F.R.D. 619, 621-623 (C.D. Cal. 2004), is instructive.  In Wechsler, after close of discovery, plaintiff served a Second Supplemental Expert Report which contained a new damage calculation based on information which defendants contended was available to the expert eight months earlier.  The defendants contended that the supplement was untimely because it was delivered 64 days prior to the trial date in violation of Fed. R. Civ. P. 26(a)(2)(C), the same subsection which GMAC erroneously relies on.  The Court denied the motion to preclude the use of the supplement, finding that the supplement had been served in a timely manner under Fed. R. Civ. P. 26(e).  Its ruling was made, in part, because it determined that a deposition of the expert on the new theory of damages set forth in his supplement would minimize any prejudice to the defendants.

The cases cited by GMAC do not support the proposition that exclusion of expert testimony is "routine"; nor, unlike the Wechsler case, do their fact patterns even approximate those of the case at bar. In Boston Gas Co. v. Century Indemnity Co., No. Civ. A. 02-12062, 2005 WL 2901891, at *3 (D. Mass Nov. 4, 2005), Judge Zobel allowed a motion to strike a supplemental report submitted "long after expert discovery closed" which set forth "a set of entirely new opinions." As noted above, Lowey's Supplemental Report was served before the close of discovery and did not contain a set of "entirely new opinions." The supplemental report in Shalley v. City of Philadelphia, No. Civ. A. 94-5883,1996 WL 210795 (E.D. Pa. April 30, 1996), was excluded because it contained numerous changes from the original report relating to new testing and theories of liability, because counsel had blatantly violated a scheduling stipulation which he had agreed to, and because he had acted in bad faith. The report which was excluded in Beller ex rel. Beller v. United States, 221 F.R.D. 689 (D.N.M. 2003), was submitted six weeks after the close of discovery and contained a dramatic change in the theory of liability.[3]

Finally, notwithstanding GMAC's apocalyptic pronouncements about the consequences inevitably flowing from Lowey's modest, Rules-mandated supplement, any possible prejudice can be remedied by a deposition of Lowey on the Supplemental Report. Instead, GMAC has chosen to litigate this issue, costing the parties considerably more time and treasure than a one-hour deposition would have cost. For

---

[3] In the final case cited by GMAC, Carboun v. City of Chandler, No. CV032146, 2005 WL 2408294 (D. Ariz. Sept. 27, 2005), the supplement was served 37 days after the deadline for expert discovery. While no separate expert discovery deadline was established in this case, Lowey's Supplemental Report was served prior to the close of all discovery. Moreover, in its brief discussion, the Carboun case does not describe the nature of the supplement. For all that appears, it may have been considerably more extensive that Lowey's.

10

that reason, and because Plaintiff and its expert acted in full conformity with the applicable Federal Rules, this Motion should be denied.

## CONCLUSION

For the reasons stated above, this Motion should be denied in toto. Alternatively this Motion should be denied with the proviso that GMAC may take a one-hour deposition of Keith D. Lowey, limited to the subject of his Supplemental Report.

                            Respectfully submitted,
                            DAVID L. LANDAY,
                            By his attorney,

                            /s/ Alan R. Hoffman
                            Alan R. Hoffman, BBO# 236860
                            Lynch, Brewer, Hoffman & Fink, LLP
                            101 Federal Street, 22nd Floor
                            Boston, MA 02110
                            (617) 951-0800

Dated: December 7, 2005
231111_1