**EXHIBIT 2**

# Edwards & Angell LLP

101 Federal Street   Boston, MA 02110   617.439.4444   *fax* 617.439.4170   Mark B. Dubnoff
617.517.5533
Direct Fax:  888.325.9149
mdubnoff@edwardsangell.com

October 20, 2005

Alan R. Hoffman, Esq.
Lynch, Brewer, Hoffman & Fink, LLP
101 Federal Street, 22nd Floor
Boston, MA  02110-1800

   Re:  <u>David L. Landay v. GMAC Commercial Credit, LLC et al.</u>
      Civil Action No. 04-11955-WGY

Dear Mr. Hoffman:

I am writing in response to your letters dated September 28, 2005, September 29, 2005, and October 4, 2005, and with regard to our September 12, 2005 discovery conference, all of which concerned Plaintiff David L. Landay's requests for documents from defendant GMAC Commercial Finance, LLC ("GMACCF").

As an initial matter, I wish to address your request, stated in the October 4 letter, for confirmation that GMACCF is "not intentionally not producing any documents" responsive to Mr. Landay's requests and that neither GMACCF nor its attorneys are "hiding behind objections in the responses to avoid producing documents." Your wording confuses me somewhat, so I will respond as follows: We believe that you currently possess each and every non-privileged document that we have located that is responsive to your client's document production requests. We stand behind our objections, especially those relating to the unduly burdensome and irrelevant nature of some of the requests, and we do not believe we have an obligation to recreate documents that were not retained in the ordinary course of GMACCF's business. However, we are continuing to search for documents that we understand to be responsive to your requests, and if we find any that are not privileged, we will furnish them to you.

With regard to your specific requests, I will start with the issues raised at the September 12 discovery conference. During that conference, we agreed to inquire whether GMACCF kept a specific file of documents that it was required to maintain in order to comply with the Massachusetts usury statute. We have made inquiries regarding such a theoretical file and have no reason to believe it exists. Also at the September 12 conference, you asked whether GMACCF is able to access the former e-mail accounts of former GMACCF employees Jane Frangos, Paul Fitzgerald, and John Crowley. According to GMACCF's information technology staff, these e-mail records no longer exist in any form. You also asked whether GMACCF maintained checks that it had received from customers of the Borrowers. We agreed to inquire whether it is the standard business practice of GMACCF to maintain such checks. We have learned that the practice is to keep copies of customer checks for only 1.5 years. You also repeated a request for backup documentations relating to the miscellaneous charges that are referenced in the Borrowers' client account statements that pre-date October 22, 2001. We

BOS_GMAC_Landay - 10_20_05 Letter to Alan Hoffman

BOSTON | FT. LAUDERDALE | HARTFORD | NEW YORK | PROVIDENCE | SHORT HILLS, NJ | STAMFORD | WEST PALM BEACH | WILMINGTON | LONDON

Edwards & Angell LLP

Alan R. Hoffman, Esq.
October 20, 2005
Page 2

believe all such backup documentation would have been sent to the Borrowers in the ordinary course of business. Thus, the documents may exist in the Milford Warehouse documents, currently located in our offices. We could not point out exactly where (if anywhere) they are located, but you and your client are free to examine those files at your pleasure. We are continuing to search for alternative locations of such documentation, but to date, we have not found any. Finally, you asked us to confirm that RAS is not withholding any documents relating to Mr. Landay. I have contacted Mr. Rijo and have been informed that this is the case.

In your September 28, 2005 letter, you ask for documentation relating to Daily Cash Journals. We are still looking for such documentation and will provide it if we find it.

In your September 29 letter, you request backup documentation for advances (Code 140), negative collections (Code 196) and receipts (Code 175). We believe that you already have whatever backup documentation we have on these line items, as some appears included in the RAS series of Bates-numbered documents that were produced a few months ago. See, e.g. RAS 00881, which is backup for the $7,140 advance on December 3, 2001; RAS 01729, which is backup for the $45,000 advance on November 6, 2001; RAS 00900, which is backup for the receipt of $45,548.77 on October 30, 2001; RAS 00916, which is backup for the receipt of $5,929.12 on November 6, 2001; RAS 00914, which is backup for the receipt of $2,800 on December 3, 2001; and RAS 00897, which is backup for the receipt of $77,000 on December 3, 2001. If we locate additional materials outside of the RAS series, we will furnish them to you.

In your October 4 letter, you summarize your understanding of where things stand with regard to each of Mr. Landay's document production requests. In responding to this portion of your letter, I note initially that you appear satisfied with our responses to Request Nos. 1, 2, 4, 6, 7, 8, 10, 11, and most of 13. Additionally, I have addressed your inquiries about Request Nos. 3, 5, 9, part of 12, 15, 17-20, 22-25, and 27-30 earlier in this letter. The remaining requests are addressed below.

For Request Nos. 6, we are unaware of any accounting document called for by the Factoring Agreement other than the monthly client statements that were sent to the Borrowers.

For Request Nos. 12, to the extent you are seeking documentation relating to events pre-dating October 22, 2001, we direct your attention to the warehouse documents currently stored on the 29th Floor of our legal offices. The other documents were addressed earlier in this letter.

For Request Nos. 13(d), (e) and (h), and 14, we direct your attention to the documents with RAS Bates numbers as well as the deposition of John Rijo. Other related documents may exist in the files currently stored on the 29th Floor of our legal offices.

# Edwards & Angell LLP

Alan R. Hoffman, Esq.
October 20, 2005
Page 3

For Request No. 16, we direct your attention again to the monthly client statements as well as the summary charts prepared by Ms. Pappalardo that you asked her about at her deposition.

For Request No. 21, your October 4 letter differs from the original request in that it appears to seek information relating to notices provided to "junior creditors" other than Landay. I assume this was an oversight, especially in light of Mr. Landay's testimony at his deposition that he was not aware of any other creditors. In any case, we have provided you with whatever documentation GMACCF has been able to locate on the subject.

We don't understand your description of Request No. 26. What do you mean by "bank documents" referring to the $1 million cash deposit? I can represent that we are not withholding any documents relating to the application of the cash collateral to the Borrowers' loan balance. If you are seeking something else, please explain.

For Request Nos. 29 and 30, we are not aware of any additional responsive documents that have been withheld.

I hope this letter answers all of the questions that you have raised in your prior inquiries. If not, please feel free to contact me at any time.

Sincerely,

Mark B. Dubnoff

cc:   John A. Houlihan, Esq.