UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID L. LANDAY )<br>Plaintiff, )<br>)<br>v. )<br>)<br>GMAC COMMERCIAL CREDIT LLC )<br>and GMAC COMMERCIAL FINANCE )<br>LLC, )<br>Defendants. ) | Civil Action No. 04-cv-11955-WGY |

### DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S PROFFERED EXPERT TESTIMONY

Defendant GMAC Commercial Finance LLC ("GMAC CF")[1] moves this Court *in limine* for an order precluding plaintiff David L. Landay from introducing as expert testimony the Report authored by, and any of the opinions expressed by, Keith D. Lowey ("Lowey") both with respect to Landay's assertion that GMAC CF breached the Massachusetts usury statute (Count II) and his claim that GMAC CF violated Landay's rights as a junior creditor of Seneca Sports, Inc. (Count VI).

With respect to the allegation that GMAC CF violated the Massachusetts usury statute, Lowey's opinions should not be admitted in evidence because: 1) to the extent that Lowey seeks to interpret Mass. Gen. Laws ch. 271, § 49, he usurps this Court's role as arbiter of the law, and his opinions are *per se* inadmissible; *see Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997); 2) Lowey is entirely unqualified to testify as a usury expert; and 3) Lowey's opinions are not the proper subject of expert testimony.

---

[1] While the Amended Complaint names two defendants, GMAC Commercial Credit LLC and GMAC Commercial Finance LLC, GMAC Commercial Finance LLC is actually the successor by merger of GMAC Commercial Credit LLC and a third GMAC entity, GMAC Business Credit LLC. For ease of reference, throughout this motion and all supporting documents, all three companies are referred to jointly as GMAC CF.

As to the commercial reasonableness of the manner in which GMAC CF disposed of its collateral, the proffered opinions should not be admitted as evidence because: 1) to the extent that Lowey's analysis focuses on the *proceeds* obtained by GMAC CF for the Seneca/Brookfield assets, instead of the liquidation *process,* his opinions are legally irrelevant; see *Nadler v. Baybank Merrimack Valley, N.A.*, 733 F.2d 182 (1st Cir. 1984); 2) given his sparse personal experience in the actual process of liquidating assets, Lowey lacks the personal expertise to opine about the reasonableness of the Seneca/Brookfield liquidation process; and 3) the methodology underlying Lowey's opinions is facially flawed and unreliable. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 148 (1999).

Accordingly, this Court should exercise its gatekeeper role under Fed. R. Evid. 104(a), see *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 593 (1993), grant GMAC CF's motion *in limine,* and exclude both the Lowey Report and any expert testimony offered by Lowey from the record, both for summary judgment purposes and at trial. In support of its motion, GMAC CF submits the accompanying memorandum of law.

DATED:  December 13, 2005

/s/ John A. Houlihan
/s/ Mark B. Dubnoff
John A. Houlihan (BBO # 542038)
Mark B. Dubnoff (BBO # 637212)
EDWARDS   ANGELL   PALMER   &   DODGE LLP
101 Federal Street
Boston, MA  02110
(617) 439-4444

## LOCAL RULE 7.1(a)(2) CERTIFICATION

The undersigned hereby certifies, pursuant to Local Rule 7.1(a)(2), that he has conferred with counsel for the plaintiff in a good faith attempt to resolve or narrow the issues in dispute, and that these efforts were not successful.

/s/ Mark B. Dubnoff
Mark B. Dubnoff