# EXHIBIT B

Page 1

1
2          UNITED STATES DISTRICT COURT    🔖 ORIGINAL
            DISTRICT OF MASSACHUSETTS
3

    DAVID L. LANDAY,                    )
4                                       )
              Plaintiff,                )
5                                       )
              vs.                       04-CV-11955-WGY
6                                       )
    GMACCF COMMERICAL CREDIT, LLC, )
7   and GMACCF COMMERCIAL               )
    FINANCIAL, LLC,                     )
8                                       )
              Defendants.               )
9   ------------------------------)
10
11
12
13          DEPOSITION OF KATHLEEN POPPALARDO
14              New York, New York
15          Thursday, November 10, 2005
16
17
18
19
20
21
22
23
24  Reported by:
    Philip Rizzuti
25  JOB NO. 5442A

Poppalardo

1
2       (Witness confers with counsel.)
3       A.    Okay, I recall that I did see
4   portions of Barry Gold's transcript, or not
5   his transcript, his report.
6       Q.    So other than the correspondence
7   and Barry Gold's report did you look at any
8   other documents?
9       A.    Not that I recall.
10      Q.    Are you aware of the fact that
11  among the intellectual property that was
12  possessed by Seneca/Brookfield was licenses,
13  patents and trademarks?
14      A.    I am aware of that.
15      Q.    Do you know where those documents
16  currently reside; strike that.
17          Do you know where the patents,
18  licenses and trademarks currently may be
19  found?
20          MR. HOULIHAN:  Objection.
21      A.    Not off the top of my head.
22          MR. HOULIHAN:  You do.  So that
23      qualifies in my mind as a trick question
24      and unfair.
25          MR. HOFFMAN:  I was just asking

1           Poppalardo

2    whether she knew.

3           MR. HOULIHAN:  I just would like

4    the record to reflect that GMAC

5    Commercial Finance has not hidden the

6    location of those items from you.  We

7    have made them available to you and your

8    client so you know where they are.

9           MR. HOFFMAN:  I do know where they

10   are and I am willing to enter into a

11   stipulation if you are that the patents,

12   licenses and trademarks are currently on

13   the 29th floor of 101 Federal Street in a

14   room maintained at the offices of Edwards

15   Angell Palmer & Dodge on behalf of GMAC.

16          MR. HOULIHAN:  That is correct,

17   they have been made available to

18   Mr. Hoffman and to Mr. Landay.

19      Q.    Now, can you tell me in your own

20   words what actions your company took

21   concerning intellectual property purchase

22   inquiries that were brought to its attention

23   by Mr. Steven Rosenberg.

24      A.    In particular which ones?

25      Q.    Well, I take it you have in mind

Page 12

                        Poppalardo

1

2   more than one?

3        A.    Well, you had mentioned earlier

4   licenses, patents and trademarks, are you

5   referring to all or any in particular?

6        Q.    Any inquiries that Mr. Rosenberg

7   brought to the attention of GMAC's counsel

8   concerning either licenses, patents or

9   trademarks?

10        A.    What I recall from the

11   correspondence I reviewed was it was mainly

12   the patents.

13        Q.    Okay.

14        A.    Well --

15        Q.    Before you answer, so I am not

16   accused trickery by my brother, I am going to

17   have an exhibit marked which has a series of

18   correspondence, it may not be complete, but it

19   would probably include some of the letters

20   that you are referring to.  Then I will ask

21   you to look at it and then we will go from

22   there?

23             MR. HOFFMAN:  Can this series of

24        correspondence be marked as the next

25        exhibit, Deposition Exhibit 119.  First

Page 13

Poppalardo

1
2      page is a facsimile transmittal sheet to
3      Steven Wagner from Steven M. Rosenberg.
4              (Deposition Exhibit 119, first
5       page, facsimile transmittal sheet to
6       Steven Wagner from Steven M. Rosenberg,
7      marked for identification, as of this
8      date.)
9          Q.    Why don't you go through that
10     yourself and refresh your memory and I will
11     ask you some questions?
12         A.    Yes.  So you don't have them in
13     chronological order, but by firm?
14         Q.    If you keep them in that order you
15     will see that the letters say I received from
16     such and such, I tried to keep them in
17     chronological order?
18         A.    Okay.
19         Q.    You have had an opportunity to
20     leaf through Exhibit 119, are any of the
21     letters in there ones that you reviewed before
22     this deposition in preparation for it?
23         A.    Yes.
24         Q.    Are there some that you do not
25     recall reviewing?

Page 14

Poppalardo

1

2    A.    There are a couple that I don't

3  recall seeing.  I don't recall seeing this one

4  that is Lloyd Wise.

5    Q.    That is a letter from

6  Mr. Hitchcock to Mr. French?

7    A.    I don't recall this one, I mean I

8  may have seen it, but I don't recall it.  The

9  next one, Fish & Richardson.

10    Q.    The letter from Mr. French to

11  Mr. Landay dated October 21, 2003.

12    A.    I guess the Cohen, Tauber one that

13  goes with that.  As I said, I may have, I

14  don't recall.

15    Q.    That is the last page of this

16  exhibit, which is a letter from Mr. Scott to

17  Mr. Hitchcock dated December 30, 2003.

18          The first several letters and I

19  will identify them where I can by Bates stamp,

20  Bates stamp number 120, Landay, LAN 0120 and

21  LAN 0017, concern the need to spend some money

22  for the purpose of prosecuting certain patent

23  applications; is that correct?

24    A.    Yes, that appears to be correct.

25    Q.    Do you have any knowledge from

Page 15

1              Poppalardo

2    your research as to whether those fees were

3    paid, and if so, who paid them?

4        A.    Well, it says on the one here, LAN

5    0120, that Mr. Landay had been paying the

6    fees.

7        Q.    Okay?

8        A.    I am not aware if he just stopped

9    paying the fees.

10        Q.    You are referring to 0120, and in

11    that letter the author, Mr. Rosenberg, says

12    that I am advised that unless payments are

13    made shortly, at least one application will

14    lapse.

15              Do you know whether that payment

16    was made or who made it if it was made?

17              MR. HOULIHAN:  Objection.

18        A.    I don't know if it was made and if

19    it was, who would have made it.

20        Q.    Do you know whether -- so

21    therefore you don't know whether GMAC made any

22    such payments?

23        A.    I don't know that.

24        Q.    Do you know that they didn't?

25        A.    I don't know that either.

1                    Poppalardo
2          Q.    Directing your attention to LAN
3    0017, do you see it refers to a letter dated
4    January 22, 2003?
5          A.    I see that.
6          Q.    Have you seen that letter?
7                MR. HOULIHAN:   Objection.
8          A.    You know, I don't believe I have,
9    because when I was following the order I
10   recall trying to see what that one referred
11   to.
12         Q.    In the letter dated February 14,
13   2003 from Mr. Rosenberg to Mr. Wagner he
14   refers to inquiry made by him as to whether
15   GMAC would be willing to assign to Landay its
16   rights to the patents, trademarks and other
17   intellectual property of Seneca and
18   Brookfield.
19              Do you know whether at that time
20   in February of 2003 GMAC gave consideration to
21   such an assignment?
22         A.    I don't recall exactly if that was
23   the month that they would have considered
24   that.  I am aware from the correspondence that
25   they were considering assigning as long as any

Page 17

Poppalardo

1

2  proceeds from the sale of those patents were

3  used to reduce the amount owed to GMAC.

4       Q.    Do you know whether that -- strike

5  that.

6            Do you know whether an offer was

7  ever made to Mr. Landay or his counsel which

8  set forth such terms as you were just

9  describing?

10      A.    I don't know if you would consider

11 it necessarily an offer, but I know there were

12 discussions in the correspondence.

13      Q.    So your knowledge in this regard

14 as to whether there was communication, whether

15 it be in writing or orally, between GMAC's

16 counsel and Landay's counsel, is based solely

17 on the correspondence that you reviewed?

18      A.    Yes.

19            MR. HOULIHAN:  I need to speak to

20     the witness for a moment.

21            (Witness confers with counsel.)

22      A.    In addition to the correspondence

23 I did speak with Mr. Wagner.

24      Q.    Okay.  Well, I will ask the

25 question of John, you can evaluate whether it

Poppalardo

1
2  is attorney/client or not.  What did he tell
3  you about that proposal or offer or suggestion
4  that Mr. Landay be assigned an intellectual
5  property under certain conditions?
6  DI          MR. HOULIHAN:  I will object and
7          instruct the witness not to answer on
8          the grounds of attorney/client
9          privilege.
10         Q.    This letter of Mr. Rosenberg dated
11 February 14, 2003 refers to two unsolicited
12 inquiries about two of the trademarks owned by
13 the above companies, i.e. Seneca and
14 Brookfield.  Then he writes:  I suggest that
15 some arrangement be made immediately to cease
16 this opportunity to sell these trademarks.
17         Do you know whether any action was
18 taken by GMAC or its attorneys in response to
19 Mr. Rosenberg's suggestion?
20         A.    Again, I don't know the exact
21 dates or time frames, I could figure it out by
22 flipping through here, but again they would
23 have assigned the patent toss Mr. Landay to
24 sell had the proceeds gone to pay down the
25 debt.

Page 19

Poppalardo

1

2    Q.    Do you know other than a

3    willingness to assign the patents, trademarks

4    to Mr. Landay under certain conditions, did

5    GMAC or its counsel do anything else to pursue

6    the avenue of realizing gain from these

7    trademarks that Mr. Rosenberg was referring

8    to?

9          MR. HOULIHAN:   Objection.

10   A.    I can't say specifically on these

11   particular inquiries.  Just from my current

12   experience I would say that they would

13   probably have looked into what it would have

14   cost to determine the value versus what they

15   would have gained, I mean it is something I

16   believe they would have looked at.

17   Q.    You have no knowledge one way or

18   the other?

19   A.    I have no knowledge specifically

20   on those two inquiries.

21   Q.    All right.  Directing your

22   attention to LAN 0116, this is from

23   Mr. Rosenberg to Mr. Wagner dated March 10,

24   2003.  He attaches a letter from a Dr. Carl

25   Barnfather, B-A-R-N-F-A-T-H-E-R.  He states,

Poppalardo

1
2    does he not, that this letter relates to a
3    European application filed on behalf of
4    Brookfield for an adjustable inline skate
5    mechanism?
6          A.    Yes.
7          Q.    And the letter states enclosed for
8    your handling of that matter; is that correct?
9          A.    Correct.
10         Q.    Do you know what action GMAC took,
11   if any, with regard to the referenced to
12   patent application?
13         A.    Let me just ask you a question.
14         Q.    Yes.
15         A.    Is this the same one for the ZERO
16   Mark?
17         Q.    Well, I don't know the answer to
18   that question, but there is no indication that
19   it is because he is talking about a patent
20   application.  ZERO Mark would be a trademark.
21         A.    I don't know specifically what
22   action they would have taken.
23         Q.    I take it your review of
24   correspondence did not indicate to you whether
25   such -- whether any action was taken, correct,

1                    Poppalardo

2      in connection with that particular matter?

3            A.     By GMAC?

4            Q.     Yes.

5            A.     Not that I recall from the

6      correspondence.

7            Q.     Turning to the next letter which

8      does involve a ZERO Mark, this is a letter

9      from Mr. Rosenberg to Mr. Wagner dated March

10     19, 2003, and it references an offer from an

11     attorney to purchase the ZERO Mark held by

12     Seneca Sports for $7,500.  Do you know based

13     on your research whether GMAC took any action

14     to follow up on that offer?

15           A.     My recollection of -- I can't say

16     specifically what GMAC did to follow up on

17     that offer.  I do know there was a lapse in

18     time from like the March, April timeframe on

19     this inquiry and then again nothing until

20     November.

21           Q.     Well, was there any follow up --

22     strike that.

23                  Do you know whether there was any

24     follow up by GMAC based upon your

25     investigation and review of correspondence,

1                     Poppalardo

2    whatever the time period?

3         A.    I am not aware of what was done at

4    that time.

5         Q.    The next letter is from

6    Mr. Rosenberg to Mr. Wagner dated April 15,

7    2003, again he references the -- he refers to

8    it as the attempt to purchase the ZERO Mark of

9    Seneca Sports Inc., is that correct?

10        A.    Yes.

11        Q.    Are you aware of any

12   correspondence between, involving intellectual

13   property between Landay's representative and

14   GMAC's representative between the date of

15   April 15, 2003 and November 20, 2003?

16        A.    I mean not without having the

17   documents in front of me to review the dates.

18             MR. HOULIHAN:  Objection.

19        Q.    Do you have the documents that you

20   reviewed with you?

21        A.    In my possession right now?

22        Q.    Or accessible to you.

23        A.    I don't know if they are

24   accessible to me.  Are they accessible; I

25   don't know.

Poppalardo

1

2      Q.      Where do you think the documents

3   are that you reviewed?

4      A.      I reviewed them from records that

5   Mr. Houlihan had.

6      Q.      Well, are they in the building to

7   your knowledge?

8      A.      Yes.

9           MR. HOFFMAN:  The ones that are

10          not privileged, I would like her to have

11          an opportunity to look at them, I would

12          like to have an opportunity to look at

13          them.  We can conclude and then take a

14          five minute break and think about it.

15          But if there are letters that I don't

16          have that relate to this issue.

17          MR. HOULIHAN:  Will you be

18          satisfied, Alan, if I go through the

19          documents and put on the record -- this

20          is silly frankly, but will you be

21          satisfied if I go through the records and

22          verify that the only documents that you

23          do not have, I am a little annoyed

24          because I am tired of the suggestion that

25          there are documents that you don't have.

Poppalardo

1

2    The only -- I will go through the

3    package and verify that but for

4    privileged material the documents that

5    Ms. Poppalardo reviewed are documents

6    that have been produced several times

7    over in this litigation and other

8    litigation.  I certainly believe that to

9    be the case.  But obviously without going

10   through and looking at each document I am

11   not prepared to make a formal

12   representation to that effect.

13       If you want me to I will go

14   through that exercise.

15       MR. HOFFMAN:  Let's conclude and

16   then take a break and then you can go

17   through that exercise, or if you want to

18   get the documents -- we will take a short

19   break and get the documents.

20       MR. HOULIHAN:  It would be helpful

21   if you gave me a copy of what the witness

22   has so I am going to need to compare it

23   to something.

24       MR. HOFFMAN:  Right.

25       MR. HOULIHAN:  Since I didn't get

Page 25

Poppalardo

1
2      a copy of the document that you handed to
3      the witness, I have, you know, it is
4      difficult for me to go through that
5      exercise while we are in session.
6           MR. HOFFMAN:  Let's keep going and
7      then when I am through we will take a
8      short recess, you can take the exhibit
9      with you and see where we go from there,
10     and you can make your statement.
11          Q.    Directing your attention to a
12   letter dated November 20, 2003 from
13   Mr. Rosenberg to Mr. Clifford Scott of the
14   Cohen Tauber firm, this concerns, does it not,
15   another inquiry to the purchase, for the
16   purchase of the ZERO Mark at this time in
17   Germany, do you see that?
18          A.    Yes, I see that.
19          Q.    And the following document which
20   is a letter from Clifford Scott to
21   Mr. Rosenberg appears to be the response to
22   Mr. Rosenberg's November 20th letter?
23          A.    It does.
24          Q.    And in that he is requesting a
25   copy of the letter from General American

1                    Poppalardo

2    Mutual Holding Company, and any information

3    included with the letter so that we can review

4    the material and further advise you of our

5    client's position on this matter.

6          Do you see that?

7    A.    I see that.

8    Q.    The next letter is also from

9    Mr. Scott to Mr. Rosenberg dated November 21,

10   2003, and in it he indicates receipt of that

11   material, first paragraph?

12   A.    He does.

13   Q.    In this letter Mr. Scott refers to

14   a conversation in April of 2003, do you see

15   that, between himself and Mr. Rosenberg?

16   A.    Say that again?

17   Q.    In the fourth paragraph of this

18   letter there is a reference, is there not, to

19   a conversation in April of 2003 when he

20   writes:  We suggested the possibility of

21   assigning to Mr. Landay the rights of marks

22   that he believes he could sell so long as the

23   proceeds of those sales went against the

24   amounts owed by the borrowers and as a result

25   owned by Landay.

1                          Poppalardo

2                    Did I read that correctly?

3          A.     You did.

4          Q.     So it is fair to say that in this

5    letter Mr. Scott is referencing a conversation

6    in April at which he claims he suggested the

7    possibility of an assignment to Landay under

8    certain conditions?

9                    MR. HOULIHAN:  Objection.

10         A.     He does.

11         Q.     Other than paragraph 4 of this

12   letter, the letter dated November 21, 2003, do

13   you have any information about that

14   conversation which is referenced?

15                   MR. HOULIHAN:  You may answer that

16       question yes or no.  I would caution you

17       not to go beyond yes or no.

18         A.     Yes.

19         Q.     Just tell me what the source of

20   that information was?

21                   MR. HOULIHAN:  You may answer that

22       question.

23         A.     Our counsel.

24         Q.     Is that Mr. Wagner?

25         A.     Mr. Wagner.

1                    Poppalardo

2          Q.    So it is a conversation between

3    yourself and Mr. Wagner?

4          A.    Yes.

5          Q.    Can you tell us what was said in

6    that conversation?

7    DI          MR. HOULIHAN:  I will instruct the

8          witness not to answer on the grounds of

9          attorney/client privilege.

10         Q.    The next letter in Exhibit 119 is

11   a letter from Mr. Scott to Ms. Newland, do you

12   see that?

13         A.    Yes.  I see that.

14         Q.    The last sentence of that letter

15   reads:  If you have an interest in purchasing

16   registration number such and such, (ZERO, in

17   German), please contact us directly.

18              Do you see that?

19         A.    Yes.  I see that.

20         Q.    Do you know whether there were any

21   further contacts with regard to Ms. Newland's

22   inquiry concerning the ZERO Mark in Germany?

23         A.    Not off the top of my head.

24         Q.    I want you to turn to

25   Mr. Rosenberg's letter of December 24,

Page 29

Poppalardo

1
2    skipping one, December 24, 2003.  This letter
3    purports to enclose a copy of a letter dated
4    October 21, 2003 from Timothy A. French and a
5    letter dated October 20, 2003 from Esmond A.
6    Hitchcock referred to by Mr. French.  And then
7    it continues:  Based on this inquiry, there
8    appears to be a continued interest in the
9    purchase of Seneca Sport's Inc.'s trademarks.
10            This is a letter that you do not
11   recall having seen?
12            MR. HOULIHAN:  Objection.
13       A.    It may have been in there, I just
14   don't remember this particular one.
15       Q.    Are you aware of any follow up
16   by -- turn to the last page of this exhibit,
17   December 30, 2003, this is a letter from
18   Mr. Scott to Mr. Hitchcock, do you recall
19   having seen this letter before?
20       A.    Why does it say Dear
21   Mr. Fitzpatrick?
22       Q.    I don't know, I am not the author,
23   but do you recall having seen it?
24       A.    Again this group here, I just
25   don't recall.  But I can't say for sure that I

Poppalardo

1

2  have not seen it, I just don't recall.

3        Q.    Do you recall having seen any

4  correspondence relating to the intellectual

5  property after the date of December 30, 2003?

6        A.    Not that I recall.

7        Q.    In the course of your research did

8  you learn whether or not Mr. Rijo was given

9  any responsibilities with regard to the

10 intellectual property?

11       A.    I don't believe Mr. Rijo was given

12 responsibilities for the intellectual

13 property.

14             MR. HOULIHAN:  Let's take a short

15     break.  Off the record.

16             (Recess taken.)

17       Q.    Ms. Poppalardo, other than what

18 you have already told me at this deposition,

19 are you aware of any efforts by GMAC or its

20 representatives, i.e. its attorneys, to

21 realize gain from any of the intellectual

22 properties?

23             MR. HOULIHAN:  Objection.

24       A.    Not specifically.  But again I

25 would have to believe that if they felt there

1           Poppalardo

2   was value versus what the costs to determine

3   the value of the patents, that it would have

4   been pursued.

5        Q.    Are you aware of any analysis that

6   was done with respect to either a specific

7   item of intellectual property like the ZERO

8   Mark for example, or the entire package, to

9   determine whether there was value in either

10  that particular item on the entire package?

11       A.    I am not aware of any specific

12  analysis that was done.

13       Q.    Subject to Mr. Houlihan's review

14  of Exhibit 119, and the correspondence that

15  Ms. Poppalardo reviewed, I have no further

16  questions.

17  EXAMINATION BY

18  MR. HOULIHAN:

19       Q.    Ms. Poppalardo, earlier this

20  morning Mr. Hoffman asked you some questions

21  concerning a letter from Clifford Scott to

22  Victoria Newland dated November 24, 2003.  He

23  asked you in particular whether there were any

24  further contacts with regard to Ms. Newland's

25  inquiry concerning the ZERO Mark in Germany, I

JAN-14-2003  15:15

P.01/02

## TODTMAN, NACHAMIE, SPIZZ & JOHNS, P. C.

425 PARK AVENUE
NEW YORK, NEW YORK 10022

MARTIN TODTMAN
BARTON NACHAMIE
ALEX SPIZZ
PETER A. JOHNS*
ROBERT O. TOLZ
BETH S. BARASH NEUHAUS
ARTHUR GOLDSTEIN
PERRY L. COHEN
MATHEW E. HOFFMAN
S. TIMOTHY BALL
SCOTT E. MARKOWITZ
STEPHEN H. ROSENBERG

* ADMITTED IN PA'S ONLY

OF COUNSEL
JACK NEWTON LERNER
HARVEY I. SLADKUS

TELEPHONE (212) 754-9400
FACSIMILE: (212) 754-6262
E-MAIL: info@tnsj-law.com

3. RUE DU FAUBOURG SAINT-HONORÉ
75008 PARIS, FRANCE

TELEPHONE: (33.1.) 44.71.03.03
FACSIMILE: (33.1.) 44.71.03.04



DEPOSITION
EXHIBIT
119
4/10/03

# FACSIMILE TRANSMITTAL SHEET

This facsimile contains **CONFIDENTIAL INFORMATION**, which may also be **LEGALLY PRIVILEGED** and which is intended only for the use of the addressee(s) named below. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone and return the original facsimile to us at the above address via the United States Postal Service. Thank you.

**TO:**        Stephen Wagner

**COMPANY:**   Cohen Tauber Spievack & Wagner LLP

**FACSIMILE NO.:**  212-586-5095

**FROM:**      Stephen M. Rosenberg

**DATE:**      January 14, 2003

**CLIENT NO.:**  10517-000

**TOTAL NUMBER OF PAGES INCLUDING COVER SHEET:  2**

**Cc:**        David L. Landay

**FACSIMILE NO.:**  239-390-1601

160431 v1

MEMBER OF LAWYERS ASSOCIATED WORLDWIDE WITH LAW FIRMS IN OVER 40 COUNTRIES

LAN    0119

JAN-14-2003  15:16                                                        P.02/02

# TODTMAN, NACHAMIE, SPIZZ & JOHNS, P. C.

### 425 PARK AVENUE
### NEW YORK, NEW YORK 10022

MARTIN TODTMAN
BARTON NACHAMIE
ALEX SPIZZ
PETER A. JOHNS*
ROBERT D. TOLZ
BETH S. BARASH NEUHAUS
ARTHUR GOLDSTEIN
PERRY L. COHEN
MATHEW E. HOFFMAN
S. TIMOTHY BALL
SCOTT S. MARKOWITZ
STEPHEN M. ROSENBERG

TELEPHONE: (212) 784-0400
FACSIMILE: (212) 784-6262
E-MAIL:    info@tnsj-law.com

3. RUE DU FAUBOURG SAINT-HONORÉ
75008 PARIS, FRANCE

TELEPHONE (33.1.) 44.71.03.03
FACSIMILE (33.1.) 44.71.03.04

* ADMITTED IN PARIS ONLY

OF COUNSEL
JACK NEWTON LERNER
HARVEY I. SLADKUS

January 14, 2003

## VIA FACSIMILE AND FIRST CLASS MAIL

Stephen Wagner, Esq.
Cohen, Tauber, Spievack & Wagner, LLP
757 Third Avenue
New York, NY 10017

      Re:   GMAC Commercial Credit LLC v. David L. Landay
      (Supreme Court of New York, New York County)

Dear Mr. Wagner:

      I left a message at your office last Friday, January 10, 2003 regarding the above matter. I recently learned that Mr. Landay has been paying from his own funds the fees required to prosecute certain patent applications owned by Seneca Sports, Inc. I am advised that unless payments are made shortly, at least one application will lapse.

      While your client foreclosed on the Company in October 2001, I understand it has made no effort to realize any value on Seneca's intellectual property rights.

      I suggest that some resolution of this situation be made prior to the date when the pending applications and issued patents lapse. I understand action on at least one patent application must be taken by January 15, 2003.

      Please advise me as to your client's position on this matter.

      Sincerely,

      Stephen M. Rosenberg

SMR:mps
Cc:   David L. Landay (via Facsimile)

160458 v1

MEMBER OF LAWYERS ASSOCIATED WORLDWIDE WITH LAW FIRMS IN OVER 40 COUNTRIES

TOTAL P.02

LAN      0120

JAN-29-2003  17:30                                                          P.02

# TODTMAN, NACHAMIE, SPIZZ & JOHNS, P. C.

### 425 PARK AVENUE
### NEW YORK, NEW YORK 10022

MARTIN TODTMAN
BARTON NACHAMIE
ALEX SPIZZ
PETER A. JOHNS*
ROBERT D. TOLZ
BETH B. BARASH NEUHAUS
ARTHUR GOLDSTEIN
PERRY L. COHEN
NATHEW E. HOFFMAN
S. TIMOTHY BALL
SCOTT S. MARKOWITZ
STEPHEN M. ROSENBERG

TELEPHONE: (212) 784-9400
FACSIMILE: (212) 784-6261
E-MAIL:    info@tnsj-law.com

3, RUE DU FAUBOURG SAINT-HONORÉ
75008 PARIS, FRANCE

TELEPHONE: (33.1.) 44.71.03.03
FACSIMILE: (33.1.) 44.71.03.04

* ADMITTED IN PARIS ONLY

OF COUNSEL
JACK NEWTON LERNER
HARVEY I. SLADKUS

January 29, 2003

Clifford R. Scott, Esq.
Cohen, Tauber, Spievack & Wagner, LLP
757 Third Avenue
New York, NY 10017

Re:    GMAC Commercial Credit LLC v. David L. Landay
       (Supreme Court of New York, New York County)

Dear Mr. Scott:

I received your letter dated January 22, 2003, which incidentally was post-marked January 23, 2003. Quite frankly, I am not going to waste time searching our records to prove the letters in question were faxed as well as mailed. I gave your firm notice on January 10, 2003 that this deadline was coming shortly and you replied not only to the wrong address but to the wrong law firm. I was not aware you had responded until you called in response to my January 14, 2003 letter and first advised me you needed more information. I assumed you received my letter on January 15, 2003 because normally someone would have called me to find out why they had not received it if there was any real prospect of GMAC Commercial Credit LLC taking any meaningful action.

I do not want to get into a debate over when letters were mailed or sent by facsimile or who's mailroom is at fault since this has very little relevance to the real issue. The fact is that GMAC Commercial Credit, LLP took control of the assets of Seneca Sports, Inc. and Brookfield International, Inc. in October 2001, which is more than 15 months ago. The files are in GMAC's possession and it is GMAC which has a duty to preserve these assets and to liquidate the assets in a commercially reasonable manner.

Finally, your letters appear to conclude that nothing can be done at this point to salvage the patent application in question. I suggest that GMAC verify that this is in fact the case.

Sincerely yours,

Stephen M. Rosenberg

SMR:mps
Enclosure
Bcc: David L. Landay (via Facsimile)

161117 v1 10514.0000

MEMBER OF LAWYERS ASSOCIATED WORLDWIDE WITH LAW FIRMS IN OVER 40 COUNTRIES

TOTAL P.02

# TODTMAN, NACHAMIE, SPIZZ & JOHNS, P. C.

### 425 PARK AVENUE
### NEW YORK, NEW YORK 10022

MARTIN TODTMAN
BARTON NACHAMIE
ALEX SPIZZ
PETER A. JOHNS*
ROBERT D. TOLZ
BETH B. BARASH NEUHAUS
ARTHUR GOLDSTEIN
PERRY L. COHEN
MATHEW E. HOFFMAN
S. TIMOTHY BALL
SCOTT S. MARKOWITZ
STEPHEN M. ROSENBERG

* ADMITTED IN PARIS ONLY

OF COUNSEL
JACK NEWTON LERNER
HARVEY I. SLADKUS

TELEPHONE: (212) 784-9400
FACSIMILE: (212) 784-6262
E-MAIL:     info@tns-law.com

3. RUE DU FAUBOURG SAINT-HONORÉ
75008 PARIS, FRANCE

TELEPHONE: (33.1.) 44.71.03.03
FACSIMILE: (33.1.) 44.71.03.04

February 14, 2003

## VIA FACSIMILE AND FIRST CLASS MAIL

Stephen Wagner, Esq.
Cohen, Tauber, Spievack & Wagner, LLP
757 Third Avenue
New York, NY 10017

Re:    GMAC Commercial Credit LLC v. David L. Landay
       (Supreme Court of New York, New York County)

Dear Mr. Wagner:

I had inquired whether the GMAC Commercial Credit LLP would be willing to assign to David L. Landay its rights to the patents, trademarks and other intellectual property of Seneca Sports Inc. and Brookfield International, Inc. I understand, however, that the matter is still under consideration by your client,

In the interim, Mr. Landay had had two unsolicited inquiries about two of the trademarks owned by the above companies. It appears that even at this late date, these trademarks still have value.

I suggest that some arrangement be made immediately to seize this opportunity to sell these trademarks. Obviously any such agreement would be without prejudice to the rights of our respective clients.

Please advise me as soon as possible how GMAC Commercial Credit wishes to proceed with this matter.

Sincerely,

Stephen M. Rosenberg

SMR:mps
Cc:    David L. Landay (via Facsimile)

MEMBER OF LAWYERS ASSOCIATED WORLDWIDE WITH LAW FIRMS IN OVER 40 COUNTRIES

TOTAL P.02

LAW OFFICES OF

# MacMILLAN, SOBANSKI & TODD, LLC

132C West Second Street
Perrysburg, Ohio 43551-1401

TELEPHONE
419 874-1100

FACSIMILE
419 874-1130

One Maritime Plaza
Toledo, Ohio

31705 Seven Mile Road
Livonia, Michigan

100 Bloomfield Parkway
Bloomfield Hills, Michigan

## FACSIMILE TRANSMISSION

Date:           February 14, 2003

To:             Clifford R. Scott, Esq.
                Mr. David L. Landay

Fax:            1-212-586-5095
                1-941-390-1601

From:           Donald R. Fraser, Esq.

Re:             Brookfield Industries

We are transmitting a total of __5__ pages (including cover sheet).
If transmission is not complete, please call 419.874.1100.

COMMENTS:

*CONFIDENTIALITY NOTICE*
*The documents accompanying this transmission contain confidential information intended for a specific individual and purpose. The information is private, and is protected by law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited. If you have received this communication in error, please notify us at 419/874-1100 (collect) so that we can arrange for the retrieval of the original document at no cost to you. Thank you.*

LAW OFFICES OF

# MacMILLAN, SOBANSKI & TODD, LLC

Donald R. Fraser
Richard G. Martin
J. Douglas Miller

**Livonia, Michigan Office**
William J. Clemens
Mark L. Mollon
Donald A. Wilkinson
Michael L. Flynn
Frank L. Lollio
38705 Seven Mile Road, Suite 360
Livonia, Michigan 48152-3987
Telephone (734) 542-0900
Facsimile (734) 542-9569
E-mail livonia@mstfirm.com

132C West Second Street
Perrysburg, Ohio 43551-1401
Telephone (419) 874-1100
Facsimile (419) 874-1130
E-mail perrysburg@mstfirm.com

February 14, 2003

**Toledo, Ohio Office**
Richard S. MacMillen
Mark J. Sobanski
Oliver E. Todd, Jr.
Ted C. Gillespie
Douglas V. Pavelko
Allen W. Inks
John R. Molnar
Gary M. Sutter
Thedford J. Hitaffer
Scott A. Blake
Shital A. Shah
Gregory W. Rubinette
Staci E. Schweikert
One Maritime Plaza, Fourth Floor
720 Water Street
Toledo Ohio 43604-1852
Telephone (419) 255-5900
Facsimile (419) 255-5639
E-mail toledo@mstfirm.com

Clifford R. Scott, Esq.
Cohen Tauber Spievack & Wagner LLP
757 Third Avenue, 19th Floor
New York, New York 10017

**VIA FACSIMILE**

Re:   *GMAC Commercial Credit LLC v. David L. Landay*
Supreme Court of New York, New York County
(1-14409)

Dear Mr. Scott:

In response to your letter dated February 12, 2003, enclosed is a list of outstanding intellectual property matters being handled by our office on behalf of Brookfield Industries. The status of each of the matters is addressed in the list.

As mentioned in your letter, a response to an Office Action was due on January 15, 2003 for U.S. Pat. Appl. Ser. No. 09/890,750. A response to the Office Action was not filed with the U.S. Patent and Trademark Office as directed by Mr. David Landay. A Response can be filed as late as April 15, 2003 by paying an extension fee. Additionally, two foreign annuities which were due on February 11, 2003 have not been paid. An extension for payment of these annuities can be received until February 11, 2004 by payment of an extension fee.

Thank you.

Sincerely,

Donald R. Fraser

DRF/jdm
Enclosures

c. Mr. David L. Landay

| Matter No. | Country | Trademark | Serial No. | Registration No. | Status |
|---|---|---|---|---|---|
| 1-14094 | U.S. | COOL FLO SYSTEM | 75/011,116 | 2,067,917 | Sec. 8/15 deadline 6/3/03 |
| 1-14096 | U.S. | PF FLYERS | 359,705 | 1,251,718 | Renew 9/20/03 |
| 31-14171 | Venezuela | BROOKFIELD | 1508/94 | P-187546 | Issue fee paid in 1996 |
| 1-14173 | U.S. | MISC. DESIGN (CHUCK LOGO) | 75/053,800 | 2,151,672 | Sec. 8/15 deadline 4/21/04 |

LAN    0123

## BROOKFIELD PATENTS AND PATENT APPLICATIONS

| Matter No. | Country | Title | Serial No. | Patent No. | Status |
|---|---|---|---|---|---|
| 1-14105 | U.S. | ADJUSTABLE ROLLER SKATE | 07/965,733 | 5,400,484 | Maintenance (7-1/2 yr) due 3/28/03 |
| 1-14107 | U.S. | CHILD'S IN-LINE SKATE (Design) | 29/000,743 | D353,429 | Expires 12/13/08 |
| 1-14120 | U.S. | ROLLER SKATE (Design) | 29/041,979 | D373,609 | Expires 9/10/10 |
| 1-14122 | U.S. | ADJUSTABLE SKATE BRAKE | 08/210,285 | 5,522,609 | Maintenance (7-1/2 yr) due 1/24/03 |
| 1-14301 | U.S. | SKATE BOOT TOE VENT | 29/053,789 | 395,478 | Expires 6/23/12 |
| 1-14308 | U.S. | ROLLER SKATE WITH WHEEL CONTROL MECHANISM | 08/583,572 | 5,954,348 | Maintenance (3-1/2 yr) due 3/21/03 |
| 1-14409 | U.S. | ADJUSTABLE INLINE SKATE MECHANISM | 09/890,750 | | Office Action Response due 1/15/03 Can pay to extend time to respond 4/15/03 |
| 2-14409 | Canada | ADJUSTABLE INLINE SKATE MECHANISM | 2,362,407 | | Annuity due 2/11/03 (Grace period to 2/11/04) |
| 6-14409 | Japan | ADJUSTABLE INLINE SKATE MECHANISM | 2000-598243 | | Request for Examination 2/11/07 |
| 57-14409 | Europe | ADJUSTABLE INLINE SKATE MECHANISM | 00980607.5 | | Annuity due 2/11/03 (Grace period to 2/11/04) |
| 1-14411 | U.S. | IN-LINE SKATE | 29/060,966 | D394,890 | Expires 6/2/12 |
| 1-14418 | U.S. | SKATE WITH ANIMATED FIGURES OR FEATURES | 08/805,854 | 5,845,913 | Maintenance (7-1/2 yr) due 6/8/06 |

**BROOKFIELD**

| Matter No. | Country | Trademark |
|---|---|---|
| 1-14092 | U.S. | BROOKFIELD |
| 15-14092 | Mexico | BROOKFIELD |
| 9-14092 | Italy | BROOKFIELD |
| 32-14092 | Denmark | BROOKFIELD |
| 16-14092 | Austria | BROOKFIELD |
| 5-14092 | France | BROOKFIELD |
| 77-14092 | Panama | BROOKFIELD |
| 8-14092 | Switzerland | BROOKFIELD |
| 33-14092 | Chile | BROOKFIELD |
| 41-14092 | Ireland | BROOKFIELD |
| 40-14092 | Benelux | BROOKFIELD |
| 19-14092 | Argentina | BROOKFIELD |
| 35-14092 | Colombia | BROOKFIELD |
| 11-14092 | Norway | BROOKFIELD |
| 3-14092 | Great Britain | BROOKFIELD |
| 4-14092 | Germany | BROOKFIELD |

MAR-10-2003  15:36                                                    P.01/04

# TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.

425 Park Avenue
New York, New York 10022
(212) 754-9400
FAX: (212) 754-6262

## FACSIMILE TRANSMITTAL SHEET

Client/Matter No.:        10514.0000

Date:                     March 10, 2003

To:                       Stephen Wagner
                          Cohen, Tauber, Spievack & Wagnere, LLP

Facsimile                 (212) 586-5095

CC:                       David Landay

Facsimile:                (239) 390-1601

From:                     Stephen M. Rosenberg, Esq.

Total Number Of Pages Including Cover Sheet: 4

Comments:

Confidential: This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempted from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank You.

162517 v1 D999.999

MAR-10-2003  15:37                                                          P.02/04

# TODTMAN, NACHAMIE, SPIZZ & JOHNS, P. C.

MARTIN TODTMAN
BARTON NACHAMIE
ALEX SPIZZ
PETER A. JOHNS*
ROBERT D. TOLZ
BETH S. BARASH
ARTHUR GOLDSTEIN
PERRY L. COHEN
MATHEW E. HOFFMAN
S. TIMOTHY BALL
SCOTT S. MARKOWITZ
STEPHEN M. ROSENBERG

* ADMITTED IN PARIS ONLY

OF COUNSEL
HARVEY A. BLACKUS

425 PARK AVENUE
NEW YORK, NEW YORK 10022
—
TELEPHONE: (212) 754-9400
FACSIMILE: (212) 754-6262
E-MAIL:  info@tnsjlaw.com

3, RUE DU FAUBOURG SAINT-HONORÉ
75008 PARIS, FRANCE
—
TELEPHONE: (33.1.) 44.71.03.03
FACSIMILE: (33.1.) 44.71.03.04

March 10, 2003

Stephen Wagner, Esq.
Cohen, Tauber, Spievack & Wagner, LLP
757 Third Avenue
New York, NY 10017

Re:    GMAC Commercial Credit LLC v. David L. Landay

Dear Mr. Wagner:

Enclosed for your handling is a self explanatory letter from Dr. Karl Barnfather to David L. Landay respecting European Application No. 00908607.5 filed on behalf of Brookfield International Inc. for an Adjustable Inline Skate Mechanism.

Please advise me what action GMAC Commercial Credit LLC intends to take regarding the patent application.

In addition, I had previously advised you that Mr. Landay had received inquiries regarding the purchase of two trademarks utilized by Brookfield International, Inc. and Seneca Sports, Inc.

If your client is not willing to assign the intellectual property of these two companies to Mr. Landay, then please advise me as to who such inquiries should be referred to at GMAC Commercial Credit LLC.

Thank you,

Sincerely,

Stephen M. Rosenberg

SMR:mps
Cc:    David L. Landay (via Facsimile)
10596-1.10514.0000

MEMBER OF LAWYERS ASSOCIATED WORLDWIDE WITH LAW FIRMS IN OVER 62 JURISDICTIONS

MAR-10-2003  15:30                                                          P.03/04

# WITHERS ◆ ROGERS

EUROPEAN & CHARTERED PATENT ATTORNEYS
TRADE MARK ATTORNEYS

75 Colmore Row, Birmingham B3 2AP
Tel: +44 (0)121 245 3900  Fax: +44 (0)121 245 3930
E-Mail: admin@withersrogers.com  Web: www.withersrogers.com

Mr David L.Landay                          Our Ref:  P302498EP-PCT/KJB
26510 Rookery Lake Drive                   Your Ref:
Bonita Springs
Florida                                    25 February 2003
34134                                      **BY FAX AND POST**
United States of America

Dear David

**European Application No. 00908607.5**
**based on PCT/US00/03610**
**Adjustable Inline Skate Mechanism**
**Brookfield International Inc**

I write simply as a matter of courtesy to note the very pleasing result that your above referenced
European application has been accepted for grant.

I am in receipt of an official communication dated 13 February 2003 which indicates that the
specification, substantial as amended by us with our letter of 29 May 2002, is accepted for grant.

There is now a deadline of 13 June 2003 by when to attend to such formalities in order to continue
the grant procedure related to this application.

I would of course be happy to report this matter properly to you upon your further instructions to do
so but in the circumstances that you have requested we abandon this application, I simply provide
this letter as a matter of courtesy and propose not to take any further action.

Assuming that we do not hear from you to contrary by 13 June 2003 we shall close our file and in
line with our standard archiving policy, the file will be destroyed in 15 years that is approximately
June 2018.

Ref: as above

Partners: David Bannerman, Nicholas Wilson, Michael Blatchford, Adrian Chettle, Jeff Hogg, John Dean, Ben Dempster, Karl Barnfather, Simon Beck,
Ivor Harrison, David Pratt, Mark Armitage*, Colin Jones, Howard Wright, David Croston, John Jones, Fiona McBride*,
Dana Nuseibeh*, David Elzy, Adrian Tombling
**Consultant Partner:** Peter Turner
* All TMA. All other partners C.P.A & E.P.A
Associates: Christopher Hay, Jackie Tolson, James Gray, Robert Sayer, Laurel McBray, Callum Wardle, Matthew Gillard, Paul Foot,
David Fry, Matthew Allen, Keith Tart, Nicholas Jones, Helen Cawley, Rachel Wallis, Kim Pringle
**Consultants:** Michael Adkins, David Cowan

**Practice Manager:** Nick Dougan, **Administration:** Sally Ledger, **Renewals:** David Ayres (Manager), Mary Downey
**Accounts:** Mary Sturgess, **Transactions:** Rosemary Booth, **EP Formalities:** Karen Austen
Also at Goldings House, 2 Hays Lane, London SE1 2HW  Tel: +44 (0)20 7660 3500  Fax: +44 (0)20 7662 3550
at Holly Walk, Leamington Spa, Warwickshire CV32 4JE  Tel: +44 (0)1926 336111  Fax: +44 (0)1926 335519 and
1 Redcliff Street, Bristol BS1 6NP  Tel: +44 (0)117 925 3030  Fax: +44 (0)117 925 3930

MAR-10-2003  15:39                                                      P.04/04

WITHE~

25 February 2003
Page 2

Best Wishes.

Yours sincerely

Dr Karl Barnfather
WITHERS & ROGERS

TODTMAN, NACHAMIE, SPIZZ & JOHNS, P. C.

425 PARK AVENUE

NEW YORK, NEW YORK 10022

MARTIN TODTMAN
BARTON NACHAMIE
ALEX SPIZZ
PETER A. JOHNS*
ROBERT D. TOLZ
BETH S. BARASH
ARTHUR GOLDSTEIN
PERRY L. COHEN
MATTHEW E. HOFFMAN
S. TIMOTHY BALL
SCOTT S. MARKOWITZ
STEPHEN M. ROSENBERG

* ADMITTED IN PARIS ONLY

OF COUNSEL
HARVEY I. BLADKUS

TELEPHONE: (212) 754-9400
FACSIMILE: (212) 754-6262
E-MAIL:    info@tnsj-law.com

3, RUE DU FAUBOURG SAINT-HONORÉ
75008 PARIS, FRANCE

TELEPHONE: (33,1.) 44.71.03.03
FACSIMILE: (33,1.) 44.71.03.04

March 19, 2003

**VIA FACSIMILE & FIRST CLASS MAIL**
Steven Wagner, Esq.
Cohen, Tauber, Spievack & Wagner, LLP
757 Third Avenue
New York, New York 10017

Re:    *GMAC Commerical Credit LLC v. David L. Landay (Supreme Court of New York, New York County, Index No. 602338/02)*

Dear Mr. Wagner:

I have received the enclosed letter dated March 18, 2003 from Matthew Miller, Esq. offering to purchase the "Zero" mark held by Seneca Sports for $7,500.00.

Please communicate this offer to the proper person at GMAC Commercial Credit LLC. The letter states that this offer is only open until March 25, 2003 at 5:00 p.m. Pacific Daylight Time.

Please note I am forwarding this offering for your client's action and it should not be construed as any expression of approval or disapproval of the proposed purchase or our opinion as to the value of the Mark.

Sincerely yours,

Stephen M. Rosenberg

SMR/mps
Enclosure

CC:    David L. Landay (Via Facsimile)

MEMBER OF LAWYERS ASSOCIATED WORLDWIDE WITH LAW FIRMS IN OVER 62 JURISDICTIONS

# LAW OFFICES OF
# MATTHEW MILLER
### A PROFESSIONAL CORPORATION

114 North Rios Avenue | Solana Beach, California 92075
ph | 858-259-6969    fx | 858-259-7846

March 18, 2003

***VIA FACSIMILE & US MAIL***

Steve Rosenburg
Todman, Nacharnie, Spizz & Johns P.C.
425 Park Ave.
New York, NY 10022

RE:    Offer to Purchase Seneca Sports, Inc.'s Registrations for the Mark ZERO

Dear Ms. Rosenburg:

Please have this letter serve my client's offer to purchase all of the current and valid Registrations, held by Seneca Sports, Inc. for the mark ZERO, including, but not limited to US Trademark Registration No. 2,207,501, UK Registration No. UK002126005, German Registration No. 39,712,416, and the Trademark Registration for Poland (Registration number unknown), for seven thousand five hundred dollars ($7,500.00). Of course the within offer is predicated on all of said Registrations being transferred free of any security interests or other encumbrances.

Please inform me at your earliest convenience if there are other Registrations for the mark ZERO not listed above.

My client's offer shall remain open until Tuesday, March 25, 2003 at 5:00 pm Pacific Daylight Time.

I look forward to hearing from you.

Thank you.

Sincerely,

LAW OFFICES OF MATTHEW MILLER, APC

Matthew Miller
matt@millermlaw.com

web | www.millermlaw.com

************** -COMM. JOURNAL- ************** DATE APR-04-2003 ***** TIME 15:37 *** P.01

MODE = MEMORY TRANSMISSION          START=APR-04 15:36    END=APR-04 15:37

FILE NO.= 181

| STN NO. | COM | ABBR NO. | STATION NAME/TEL.NO. | PAGES | DURATION |
|---------|-----|----------|----------------------|-------|----------|
| 001 | OK | 2 | 12125865095 | 001/001 | 00:00'29" |

-*TODTMAN*-

# TODTMAN, NACHAMIE, SPIZZ & JOHNS, P. C.

## 425 PARK AVENUE
## NEW YORK, NEW YORK 10022

MARTIN TODTMAN
BARTON NACHAMIE
ALEX SPIZZ
PETER R. JOHNS*
ROBERT A. TOLZ
SETH A. SARASH
ARTHUR GOLDSTEIN
PERRY L. COHEN
NATHAN E. HOFFMAN
S. TIMOTHY BALL
SCOTT E. MARKOWITZ
STEPHEN M. ROSENBERG

* ADMITTED IN PARIS BAR

OF COUNSEL
HARVEY I. BLABKUS

3, RUE DU FAUBOURG SAINT-HONORÉ
75008 PARIS, FRANCE

TELEPHONE: (212) 754-9400
FACSIMILE: (212) 754-6262
E-MAIL: info@nspjny.com

TELEPHONE: (33.1.) 44.71.83.83
FACSIMILE: (33.1.) 44.71.83.84

April 4, 2003

<u>**VIA FACSIMILE (212) 586-5095 & FIRST CLASS MAIL**</u>

Steven Wagner, Esq.
Cohen, Tauber, Spievack & Wagner, LLP
757 Third Avenue
New York, New York 10017

Re:    *GMAC Commerical Credit LLC v. David L. Landay (Supreme Court of New York, New York County, Index No. 607338/02)*

Dear Mr. Wagner:

On March 19, 2003 I forwarded to you an offer made by Matthew Miller, Esq. to purchase the Zero Trademark for $7,5000.

I understand that Mr. Miller was not contacted and the offer was allowed to lapse.

If GMAC Commercial Credit LLC is not willing to either preserve or sell the intellectual property assets of Seneca Sports Inc. or Brookfield International, Inc., then it should release its claim to these assets before their value is even further diminished by GMAC's inaction.

Please advise me as to GMAC's position.

Sincerely yours,

Stephen M. Rosenberg

SMR/mps

CC:    David L. Landay (Via Facsimile)

163                    00
LAWYERS ASSOCIATED
WORLDWIDE    MEMBER OF LAWYERS ASSOCIATED WORLDWIDE WITH LAW FIRMS IN OVER 22 JURISDICTIONS

# TOOTMAN, NACHAMIE, SPIZZ & JOHNS, P. C.

### 425 PARK AVENUE
### NEW YORK, NEW YORK 10022

MARTIN TOOTMAN
BARTON NACHAMIE
ALEX SPIZZ
PETER A. JOHNS*
ROBERT O. TOLZ
BETH S. BARASH
ARTHUR GOLDSTEIN
PERRY L. COHEN
MATHEW E. HOFFMAN
B. TIMOTHY BALL
SCOTT S. MARKOWITZ
STEPHEN M. ROSENBERG

* ADMITTED IN PARIS ONLY

OF COUNSEL
HARVEY I. SLADKUS

3. RUE DU FAUBOURG SAINT-HONORÉ
75008 PARIS, FRANCE

TELEPHONE: (33.1.) 44.71.03.03
FACSIMILE: (33.1.) 44.71.03.04

TELEPHONE: (212) 754-9400
FACSIMILE: (212) 754-6262
E-MAIL:    info@tnsj-law.com

April 4, 2003

## VIA FACSIMILE (212) 586-5095 & FIRST CLASS MAIL

Steven Wagner, Esq.
Cohen, Tauber, Spievack & Wagner, LLP
757 Third Avenue
New York, New York 10017

Re:    *GMAC Commerical Credit LLC v. David L Landay (Supreme Court of New York,
New York County, Index No. 602338/02)*

Dear Mr. Wagner:

On March 19, 2003 I forwarded to you an offer made by Matthew Miller, Esq. to purchase the Zero Trademark for $7,5000.

I understand that Mr. Miller was not contacted and the offer was allowed to lapse.

If GMAC Commercial Credit LLC is not willing to either preserve or sell the intellectual property assets of Seneca Sports Inc. or Brookfield International, Inc., then it should release its claim to these assets before their value is even further diminished by GMAC's inaction.

Please advise me as to GMAC's position.

Sincerely yours,

Stephen M. Rosenberg

SMR/mps

CC:    David L. Landay (Via Facsimile)

**\*\*\*\*\*\*\*\*\*\*\*\* -COMM. JOURNAL- \*\*\*\*\*\*\*\*\*\*\* DATE APR-15-2003 \*\*\*\* TIME 15:41 \*\* P.01**

MODE = MEMORY TRANSMISSION        START=APR-15 15:40    END=APR-15 15:41

FILE NO.= 235

STN NO.   COM   ABBR NO.   STATION NAME/TEL.NO.   PAGES   DURATION

001      OK    ●         12123818775          002/002  00:00'30"

# TODTMAN, NACHAMIE, SPIZZ & JOHNS, P. C.

425 PARK AVENUE
NEW YORK, NEW YORK 10022

3. RUE DU FAUBOURG SAINT-HONORÉ
75008 PARIS, FRANCE

April 15, 2003

**VIA FACSIMILE (212) 586-5095 And FIRST CLASS MAIL**

Steven Wagner, Esq.
Cohen, Tauber, Spievack & Wagner, LLP
420 Lexington Avenue
24th Floor
New York, NY 10170

Re:   *GMAC Commerical Credit LLC v. David L. Landay (Supreme Court of New York New York County, Index No. 602338/02)*

Dear Mr. Wagner:

Enclosed is a letter dated April 10, 2003 which I received from Matthew Miller, Esq. regarding his attempt to purchase the "Zero" trademark of Seneca Spoprts, Inc.

Please forward this letter to your client for its handling of this matter.

Sincerely yours,

Stephen M. Rosenberg

SMR/mps
Enclosure

Cc:   David L. Landay (Via Facsimile)



LAW OFFICES OF
# MATTHEW MILLER
A PROFESSIONAL CORPORATION

114 North Rios Avenue| Solana Beach, California 92075
ph|858-259-6969   fx|858-259-7846

April 10, 2003

Steve Rosenburg
Todtman, Nachamie, Spizz & Johns P.C.
425 Park Ave.
New York, NY 10022

RE:   Seneca Sports, Inc.'s Registrations for the Mark ZERO

Dear Mr. Rosenburg:

I am writing to check in to see if you have heard from GMAC regarding the purchase of Seneca Sports, Inc.'s Registrations for the mark ZERO.

Please be advised  that as time passes the value of these registrations deminishes for my client. If we could get a response as soon as possible, I would grately appreciate it.

If you have any questions, please do not hesitate to contact me.

Thank you.

Sincerely,

LAW OFFICES OF MATTHEW MILLER, APC

Matthew Miller
matt@millermlaw.com

TODTMAN, NACHAMIE, SPIZZ & JOHNS, P. C.

425 PARK AVENUE

NEW YORK, NEW YORK 10022

MARTIN TODTMAN
BARTON NACHAMIE
ALEX SPIZZ
PETER A. JOHNS*
ROBERT D. TOLZ
SETH B. BARASH
ARTHUR GOLDSTEIN
PERRY L. COHEN
MATHEW E. HOFFMAN
S. TIMOTHY BALL
SCOTT B. MARKOWITZ
STEPHEN M. ROSENBERG

3. RUE DU FAUBOURG SAINT-HONORÉ
75008 PARIS, FRANCE

TELEPHONE: (212) 754-9400
FACSIMILE: (212) 754-6262
E-MAIL:    info@tnsj-law.com

TELEPHONE: (33.1.) 44.71.03.03
FACSIMILE: (33.1.) 44.71.03.04

* ADMITTED IN PARIS ONLY

OF COUNSEL
HARVEY I. BLADKUS

April 15, 2003

<u>**VIA FACSIMILE (212) 586-5095 And FIRST CLASS MAIL**</u>

Steven Wagner, Esq.
Cohen, Tauber, Spievack & Wagner, LLP
420 Lexington Avenue
24th Floor
New York, NY 10170

        *Re:*   *GMAC Commerical Credit LLC v. David L. Landay (Supreme Court of New York, New York County, Index No. 602338/02)*

Dear Mr. Wagner:

        Enclosed is a letter dated April 10, 2003 which I received from Matthew Miller, Esq. regarding his attempt to purchase the "Zero" trademark of Seneca Spoprts, Inc.

        Please forward this letter to your client for its handling of this matter.

                Sincerely yours,

                Stephen M. Rosenberg

SMR/mps
Enclosure

Cc:    David L. Landay (Via Facsimile)

TODTMAN, NACHAMIE, SPIZZ & JOHNS, P. C.

425 PARK AVENUE

NEW YORK, NEW YORK 10022

MARTIN TODTMAN
BARTON NACHAMIE
ALEX SPIZZ
PETER A. JOHNS*
ROBERT O. TOLZ
BETH S BARASH NEUHAUS
ARTHUR GOLDSTEIN
PERRY L. COHEN
MATHEW E. HOFFMAN
SCOTT S. MARKOWITZ
STEPHEN M. ROSENBERG
RICHARD B. FELDMAN
IVAN SERCHUK
JAY HACK
ROBERT A. RUBENFELD
PAUL RICHARD KARAN

* ADMITTED IN PARIS ONLY

OF COUNSEL
HARVEY I BLADKUS
BARBARA BALZER STRAUSS

TELEPHONE (212) 754-9400
FACSIMILE (212) 754-6262
E-MAIL    info@tnsj-law.com

3. RUE DU FAUBOURG SAINT-HONORE
75008 PARIS FRANCE

TELEPHONE (33) 1 44 7 03 53
FACSIMILE (33) 1 44 7 03 54

245 MAIN STREET
WHITE PLAINS, NEW YORK 243



November 20, 2003

VIA FACSIMILE (212) 586-5095 & FIRST CLASS MAIL
Clifford R. Scott, Esq.
Cohen, Tauber, Spievack & Wagner, LLP
757 Third Avenue
New York, New York 10017

Re: *GMAC Commercial Finance LLC v. David L. Landay*

Dear Mr. Scott:

I have written you numerous times in the past regarding the sale of the intellectual property rights of Seneca Sports, Inc. and Brookfield International, Inc.

Your client, GMAC Commercial Finance, LLC has refused to either entertain third party offers to purchase the trademarks and other rights of Seneca Sports and Brookfield International or assign these rights to Mr. Landay so that he can sell them.

We have received another inquiry for the purchase of the "Zero" mark in Germany. A copy of that letter is enclosed. We expect GMAC to act upon it.

Please note that our client, David Landay, is not waiving any rights he may have arising from GMAC Commercial Finance's failure to act in a prompt and commercially reasonable manner.

Sincerely yours,

Stephen M. Rosenberg

SMR/mps
Cc:    David L. Landay
       Matthew Hoffman, Esq.

174463 v1  10514.0000



MEMBER OF LAWYERS ASSOCIATED WORLDWIDE WITH LAW FIRMS IN OVER 64 JURISDICTIONS

# C | T | S | W

### COHEN TAUBER SPIEVACK & WAGNER LLP

CLIFFORD SCOTT

direct:  212-381-8733
e-mail:  cscott@ctswlaw.com

November 20, 2003

## VIA TELECOPIER AND BY HAND

Stephen M. Rosenberg
Todtman, Nachamie, Spizz & Johns, P.C.
425 Park Avenue, 5th Floor
New York, New York 10022

Re:    *GMAC Commercial Finance LLC v. David L. Landay*
Index Number: 602038/02

Dear Mr. Rosenberg:

We are in receipt of your letter of November 20, 2003. As an initial matter, please note that the caption on your letter is incorrect.

Please do not assume that GMAC intends to waive any claims it may have to the money to which you refer in your letter. Please fax to me today a copy of the letter from General American Mutual Holding Company, and any other information included with the letter, so that we can review the material and further advise you of our client's position on this matter, as you have requested. If any information included with the letter is of such a size that it cannot be copied and faxed, please fax the letter, advise me immediately and I will arrange a messenger to pick up the other information from your office this afternoon. Thank you.

Very truly yours,

Clifford Scott

CS/isc

cc:  Matthew Hoffman, Esq. (via Fax)

# C | T | S | W

### COHEN TAUBER SPIEVACK & WAGNER LLP

CLIFFORD SCOTT

**COPY**

direct:    212-381-8733
e-mail:   cscott@ctswlaw.com

November 21, 2003

## VIA TELECOPIER AND BY FIRST CLASS MAIL

Stephen M. Rosenberg
Todtman, Nachamie, Spizz & Johns, P.C.
425 Park Avenue, 5th Floor
New York, New York 10022

Re:    *GMAC Commercial Finance LLC v. David L. Landay*
       Index Number: 602038/02

Dear Mr. Rosenberg:

It was my pleasure to meet you yesterday.

We are in receipt of your letter of November 20, 2003, attaching the November 7, 2003 letter from McCollouch & Campitiello, LLP, which inquires about the registration for the trademark ZERO in Germany. We will contact McCollouch & Campitiello.

Nevertheless, we reject your assertion that GMAC has refused to entertain third-party offers for trademarks and other rights of the Borrowers or to assign these rights to Mr. Landay so that he can sell them.

As you know, the last time we spoke with you about the limited number of inquiries relating to trademark and other rights that were received by your client (other than the brief conversation on the subject you and I had yesterday in your office) was in April 2003, when, during a phone call, we suggested the possibility of assigning to Mr. Landay the rights of marks that he believed he could sell, so long as the proceeds of those sales went against the amounts owed by the Borrowers (and, as a result, owed by Landay). You contended that GMAC had not shown that your client owed any money and expressed no interest in the idea.

Ironically, the next time that GMAC received a letter from you regarding the subject is

11/21/2003 18:36 FAX  2123818775     COHEN TAUBER.     @003/003

C | T | S | W

your letter of November 20, 2003, three weeks after Landay served his opposition to GMAC's
motion for summary judgment and only days before Landay's reply on his motion to compel
certain discovery is due.

Your client owes GMAC far in excess of a million dollars on his Guaranty. The offer to
negotiate such an assignment remains.

Very truly yours,

Clifford Scott

CS/isc

# C | T | S | W

### COHEN TAUBER SPIEVACK & WAGNER LLP

CLIFFORD SCOTT

direct: 212-381-8733
e-mail: cscott@ctswlaw.com

November 24, 2003

**VIA FIRST CLASS MAIL**

Victoria Newland
McColloch & Campitiello, LLP
5900 La Place Court, Suite 100
Carlsbad, CA 92008-8832

Re:    Seneca Sports, Inc.

Dear Ms. Newland:

We are in receipt of a copy of your letter of November 7, 2003 to Stephen Rosenberg that Mr. Rosenberg mailed to us on November 20, a copy of which is enclosed. We represent GMAC Commercial Finance, LLC, which foreclosed on the assets of Seneca Sports, Inc. If you have an interest in purchasing Registration No. 39,712,416 (ZERO, in Germany), please contact us directly. Thank you.

Very truly yours,

Clifford Scott

CS/
encl.

## TODTMAN, NACHAMIE, SPIZZ & JOHNS, P. C.

### 425 PARK AVENUE
### NEW YORK, NEW YORK 10022

MARTIN TODTMAN
BARTON NACHAMIE
ALEX SPIZZ
PETER A. JOHNS*
ROBERT D. TOLZ
BETH S. BARASH NEUHAUS
ARTHUR GOLDSTEIN
PERRY L. COHEN
MATHEW E. HOFFMAN
SCOTT S. MARKOWITZ
STEPHEN M. ROSENBERG
RICHARD B. FELDMAN
IVAN BERCHUK
JAY HACK
ROBERT A. RUSENFELD
PAUL RICHARD KARAN

* ADMITTED IN PARIS ONLY

OF COUNSEL
HARVEY I. SLADKUS
BARBARA BALABER-STRAUSS

TELEPHONE: (212) 754-9400
FACSIMILE: (212) 754-6262
E-MAIL:     info@tnsj-law.com

3, RUE DU FAUBOURG SAINT-HONORÉ
75008 PARIS, FRANCE

TELEPHONE: (33.1.) 44.71.03.03
FACSIMILE: (33.1.) 44.71.03.04

245 MAIN STREET
WHITE PLAINS, NEW YORK 10601

COPY

November 25, 2003

~~VIA FACSIMILE (212) 586-5095 & FIRST CLASS MAIL~~
Clifford R. Scott, Esq.
Cohen, Tauber, Spievack & Wagner, LLP
757 Third Avenue
New York, New York 10017

Re:  *GMAC Commercial Finance  LLC v. David L. Landay*

Dear Mr. Scott:

I received your letter dated November 21, 2003.

My recollection of events is somewhat different than yours. As you may recall, when we discussed the assignment of the intellectual property, you advised me that you were still waiting for a reply from your client. When no reply was received, I forwarded to you an offer made by Matthew Miller, Esq. to purchase the "Zero" trademark of Seneca Sports, Inc. I requested that your client contact him directly. Apparently, GMAC did not.

The value of intellectual property, especially trademark's and licenses, are subject to diminution in value or even becoming worthless if not exploited or sold. Apparently, GMAC had done absolutely nothing for more than two years. I find it unacceptable for GMAC seize these assets and then by its deliberate failure to act cause these assets to become worthless.

Sincerely yours,

Stephen M. Rosenberg

SMR/mps
Cc:   David L. Landay
      Matthew Hoffman, Esq.



LAWYERS ASSOCIATED
WORLDWIDE     MEMBER OF LAWYERS ASSOCIATED WORLDWIDE WITH LAW FIRMS IN OVER 64 JURISDICTIONS

174684 v1  10514.0000

# TODTMAN, NACHAMIE, SPIZZ & JOHNS, P. C.

### 425 PARK AVENUE
### NEW YORK, NEW YORK 10022

MARTIN TODTMAN
BARTON NACHAMIE
ALEX SPIZZ
PETER A. JOHNS*
ROBERT D. TOLZ
BETH B. SARABH NEUHAUS
ARTHUR GOLDSTEIN
PERRY L. COHEN
MATTHEW E. HOFFMAN
SCOTT S. MARKOWITZ
STEPHEN M. ROSENBERG
RICHARD B. FELDMAN
IVAN SERCHUK
JAY HACK
ROBERT A. RUBENFELD
PAUL RICHARD KARAN

* ADMITTED IN PARIS ONLY

OF COUNSEL
HARVEY I. SLADKUS
BARBARA BALABER-STRAUSS

TELEPHONE: (212) 754-9400
FACSIMILE: (212) 754-6262
E-MAIL:  info@tnsj-law.com

3, RUE DU FAUBOURG SAINT-HONORÉ
75008 PARIS, FRANCE

TELEPHONE: (33.1.) 44.71.03.03
FACSIMILE: (33.1.) 44.71.03.04

245 MAIN STREET
WHITE PLAINS, NEW YORK 10601



December 24, 2003

Clifford R. Scott, Esq.
Cohen, Tauber, Spievack & Wagner, LLP
420 Lexington Avenue
New York, NY 10170

Re:    *GMAC Commercial Finance LLC v. David L. Landay*

Dear Mr. Scott:

I have enclosed for your information and appropriate action, a copy of a letter dated October 21, 2003 from Timothy A. French and the letter dated October 20, 2003 from Esmond A. Hitchcock referred to by Mr. French.

Based on this inquiry, there appears to be continued interest in the purchase of Seneca Sports, Inc.'s trademarks.

Sincerely yours,

Stephen M. Rosenberg

SMR/mps
Cc:    David L. Landay
        Matthew Hoffman, Esq.

176122 v1 10514.0000

MEMBER OF LAWYERS ASSOCIATED WORLDWIDE WITH LAW FIRMS IN OVER 64 JURISDICTIONS

 0/10 '03 17:31 FAX → FISE RICH BOST ☒001/001





# Lloyd Wise

Patents Designs Trade Marks
London
Manchester
Hong Kong
Singapore
Beijing

2'03 OCT 20 AM12: 54

**Lloyd Wise**
Commonwealth House
1-19 New Oxford Street
London
WC1A 1LW

Telephone: +44 (0) 20 7571 6200
Facsimile: +44 (0) 20 7571 6250
E-mail:    london@lloydwise.co.uk
Website:   www.lloydwise.com

Chartered   Patent Attorneys
European    Patent Attorneys
Registered  Trade Mark Attorneys
European    Trade Mark Attorneys

## COPY FORWARDED TO PRACTICE SYSTEMS

OUR REF:    EH/TC/57873
YOUR REF:   04288-138GB1

20 October 2003

**VIA TELEFAX – 1 Page**
**Original by Mail**

Mr Timothy A French
Fish & Richardson PC
225 Franklin Street
Boston, MA 02110-2804
United States of America

RECEIVED

OCT 2 0 2003

FISH & RICHARDSON, P.C.
BOSTON OFFICE

Dear Tim

re:    **Seneca Sports, Inc**

I have received a somewhat unusual enquiry in connection with the above company, and felt it was appropriate to advise you. I appreciate you have asked us to incur no further expense in connection with a number of matters we have been handling for the company on your firm's instructions, and the enquiry seems to be related. I received a telephone call from an individual, Ben Stoneham whose company I could not identify but which conducts business under the initials SCV. Mr Stoneham asked whether I could advise regarding the trading status of Seneca Sports, Inc. He could find no public record in Massachusetts with any relevant information, other than a lack of any evidence of activity for at least two years. He approached us here as we are the Address for Service in this country for Seneca's patent and trade mark matters. I explained to him that we are not a public record, and I could therefore give him no information.

Clearly another party is interested in Seneca and possibly its assets. There are a number of trade mark registrations which remain in force here, nominally at least.

I do not know whether this information will be of any value to you, or to Seneca or its successors. I doubt that there is any action I can usefully take here, but if you would like me to take it up in more detail please let me know.

Yours sincerely

Esmond A Hitchcock

Partners: Paul A Bowman, Esmond A Hitchcock, Alan Findley, James R Grantie-Kelly, Mark G Jones, Sheila J Wallace, Rachel la Widdows, Steven Howe, Graeme Hall, Graeme D McCallum
Associates: Will Armour, Anna Redini, Kate Ball, Anna Halls, Sally Sartoris, Louise Hall, Keshet Lehi
Consultants: Peter S Allen, Anthony C Rearman, John Bull

# FISH & RICHARDSON P.C.

225 Franklin Street
Boston, Massachusetts
02110-1804

Telephone
617 542-5070

Facsimile
617 542-8906

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

October 21, 2003

Mr. David Landay
Seneca Sports, Inc.
No. 85, East India Row, Apt. 20F
Boston, MA  02110

Re:  United Kingdom Inquiry
Our Ref.:          04288-001001



BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear David:

I hope this letter finds you well.

Enclosed is a letter from our corresponding associate in the United Kingdom
reporting an inquiry received from an individual, Ben Stoneham, concerning the
trading status of Seneca Sports, Inc. Apparently a number of the Seneca Sports
trademark registrations remain nominally in force in the United Kingdom, and
perhaps elsewhere in Europe, and this may be the focus of Mr. Stoneham's interest.

If you are interested in pursing this matter further, I suggest that you contact Esmond
Hitchcock in London.

Very truly yours,

Timothy A. French

20742222.doc

# C | T | S | W
## COHEN TAUBER SPIEVACK & WAGNER LLP

Clifford Scott

Main:  212-381-8733
Email:  cscott@ctswlaw.com

**<u>VIA INTERNATIONAL MAIL</u>**

30 December 2003

Esmond A. Hitchcock
Lloyd Wise
Commonwealth House
1-19 New Oxford Street
London  WC1A 1LW



Re:    <u>Seneca Sports, Inc.</u>

Dear Mr. Fitzpatrick:

   We are in receipt of a letter from Lloyd Wise (Esmond A. Hitchcock) to Fish & Richardson PC (Timothy A. French), dated 20 October 2003, regarding trademarks of Seneca Sports, Inc. ("Seneca"). We have enclosed a copy of the letter. Todtman, Nachamie, Spizz & Johns, P.C., counsel to David Landay of Seneca Sports, forwarded the letter to us under a cover letter dated 24 December 2003.

   We represent GMAC Commercial Finance, LLC, which foreclosed on the assets of Seneca. If you are aware of anyone who might be interested in purchasing any intellectual property right of Seneca, please contact Stephen Wagner, Esq. in our office, or request that person contact Mr. Wagner directly. Thank you.

Sincerely,

Clifford Scott, Esq.

CS:
Encl.

cc:  (via First Class Mail)
Timothy A. French, Fish & Richardson P.C.
Stephen M. Rosenberg, Todtman, Nachamie, Spizz & Johns, P.C.