# EXHIBIT II

David L. Landay                                          10/18/2005

                                                                 1

1                VOL. I, PAGES 1 - 201

2

3            UNITED STATES DISTRICT COURT

4             DISTRICT OF MASSACHUSETTS

5          CIVIL ACTION NO. 04-CV-11955-WGY

6

7   DAVID L. LANDAY

8                          Plaintiff

9   V.

10  GMAC COMMERCIAL CREDIT, LLC and

11  GMAC COMMERCIAL FINANCE, LLC

12                         Defendants

13

14              - - - - - - - -

15         Deposition of David L. Landay

16          Tuesday, October 18, 2005

17                  9:42 a.m.

18            Edwards & Angell, LLP

19              101 Federal Street

20            Boston, Massachusetts

21              - - - - - - - -

22        Reporter:  Deborah Roth, RPR/CSR

23

24

David L. Landay                                          10/18/2005

46

| | | |
|---|---|---|
| 10:48:55 | 1 | A. Yes. |
| 10:48:55 | 2 | Q. And you signed as president of Seneca |
| 10:48:59 | 3 | Sports? |
| 10:48:59 | 4 | A. Yes. |
| 10:49:00 | 5 | Q. Can you read that date? |
| 10:49:01 | 6 | A. August 1, 2000. |
| 10:49:07 | 7 | Q. The attached term sheet is the term sheet |
| 10:49:11 | 8 | that was attached to the letter when you received |
| 10:49:13 | 9 | it? |
| 10:49:13 | 10 | A. I believe so. |
| 10:49:18 | 11 | Q. Both you and Seneca were represented by |
| 10:49:20 | 12 | counsel at this time, correct? |
| 10:49:26 | 13 | A. Yes. But counsel was not present when this |
| 10:49:31 | 14 | letter was presented. |
| 10:49:34 | 15 | Q. Did you discuss this letter with |
| 10:49:36 | 16 | Mr. Fitzgerald when he presented it to you? |
| 10:49:39 | 17 | A. Of course. |
| 10:49:39 | 18 | Q. And the term sheet, you discussed it with |
| 10:49:41 | 19 | Mr. Fitzgerald? |
| 10:49:42 | 20 | A. Yes. |
| 10:49:47 | 21 | Q. Do you recall that discussion with |
| 10:49:49 | 22 | Mr. Fitzgerald? |
| 10:49:51 | 23 | A. Partially, yes. |
| 10:49:53 | 24 | Q. What do you recall discussing with |

David L. Landay                                    10/18/2005

176

| | | |
|---|---|---|
| .48:56 | 1 | A. Secured by itself, or I believe the initial |
| 16:49:00 | 2 | security covered it. |
| 16:49:12 | 3 | Q. Can you explain that last part. |
| 16:49:14 | 4 | Your testimony is you believe the |
| 16:49:16 | 5 | initial security covered it, what do you mean? |
| 16:49:18 | 6 | A. In other words, let's say, as an example, |
| 16:49:22 | 7 | hypothetical, there are 15 notes; and in the first |
| 16:49:27 | 8 | note I get security on all of the assets, as an |
| 16:49:32 | 9 | example, and I then loan again and loan again and |
| 16:49:36 | 10 | loan again. |
| 16:49:36 | 11 | The amount due to me increases with |
| 16:49:41 | 12 | each note, but the security, I can't get any more |
| 49:44 | 13 | security than if I got security on all of the |
| 16:49:46 | 14 | assets anyway. What more security is there? |
| 16:49:49 | 15 | Am I correct in my logic? I know, I am |
| 16:50:04 | 16 | not supposed to ask you questions. |
| 16:50:06 | 17 | Q. Did there come a point in time in your |
| 16:50:30 | 18 | discussions with Mr. Fitzgerald that he indicated |
| 16:50:33 | 19 | to you that he no longer had responsibility for the |
| 16:50:44 | 20 | Seneca-Brookfield relationship? |
| 16:50:47 | 21 | A. He indicated to me that he had to answer to |
| 16:50:50 | 22 | Jane Frangos, but he did not step away from it, |
| 16:50:55 | 23 | because he was still the contact in Boston, and he |
| 16:50:59 | 24 | was the conduit for bringing draft documents to us |

LegaLink Boston
(617) 542-0039

David L. Landay                                10/18/2005

177

| | | |
|---|---|---|
| 51:05 | 1 | that Lou Marcus supplied from time to time, and it |
| 16:51:09 | 2 | was Fitzgerald who made the suggestion of hiring a |
| 16:51:13 | 3 | consultant.  I believe he suggested RAS Associates. |
| 16:51:19 | 4 | So he really didn't step out of the |
| 16:51:23 | 5 | picture completely.  He made it clear that he |
| 16:51:27 | 6 | answered to Jane Frangos. |
| 16:51:29 | 7 | Q.  Did there come a point in time in the |
| 16:51:31 | 8 | relationship with GMAC where Mr. Fitzgerald made it |
| 16:51:37 | 9 | plain that substantive decisions were going to be |
| 16:51:41 | 10 | made by others? |
| 16:51:48 | 11 | A.  No.  I never understood it any differently |
| 16:51:51 | 12 | than I just mentioned. |
| 52:13 | 13 | Q.  Mr. Landay, do you contend that any actions |
| 16:52:29 | 14 | by GMAC in connection with this lawsuit, the |
| 16:52:36 | 15 | Massachusetts lawsuit -- and by that I mean any |
| 16:52:42 | 16 | actions that GMAC has taken in connection with the |
| 16:52:48 | 17 | way in which this lawsuit has been conducted -- do |
| 16:52:52 | 18 | you contend that any GMAC actions in the |
| 16:52:55 | 19 | Massachusetts case violate Massachusetts law? |
| 16:52:59 | 20 | A.  Yes.  I believe that's the basis of the |
| 16:53:02 | 21 | complaint. |
| 16:53:03 | 22 | MR. HOFFMAN:  Why don't you clarify |
| 16:53:05 | 23 | your question.  I understand it.  I am not sure he |
| 16:53:09 | 24 | understands it. |