# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DAVID L. LANDAY )<br>Plaintiff, )<br> )<br>v. )<br> )<br>GMAC COMMERCIAL CREDIT LLC )<br>and GMAC COMMERCIAL FINANCE )<br>LLC, )<br>Defendants. )<br> ) | Civil Action No. 04-cv-11955-WGY |

### DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant GMAC Commercial Finance LLC ("GMACCF" or "Defendant")[1] requests that Plaintiff David L. Landay ("Landay" or "Plaintiff") produce the following documents for inspection and copying.

### DEFINITIONS AND INSTRUCTIONS

1.  Plaintiff shall respond to these document requests and shall produce the requested documents within 30 days of service of these requests.

2.  Defendant adopts and incorporates by reference the Uniform Definitions in Discovery Requests set forth in Local Rule 26.5(C) of this Court.

3.  The terms "and" and "or" mean "and/or."

4.  Any word written in the singular shall be construed as plural or vice versa, and any masculine word shall be construed as feminine or vice versa, where necessary to facilitate the response to a request.

5.  The term "you" means the party on whom these requests for production of documents are propounded, together with that party's agents, servants, and representatives.

6.  "GMACCF" and/or "GMAC" means GMAC Commercial Finance LLC and all subsidiary and other affiliated companies thereof, and any of their respective officers, principals, agents, employees, or attorneys.

7.  "Landay" means David L. Landay.

---

[1] GMAC Commercial Finance LLC is the successor by merger of GMAC Commercial Credit LLC and GMAC Business Credit LLC. In the interest of avoiding confusion, all three companies are referred to as GMACCF.

8. The term "Complaint" as used herein refers to the First Amended Complaint filed in the above-captioned case, Civil Action No. 04-11955-WGY, in the United States District Court for the District of Massachusetts, and the allegations contained therein.

9. The term "Answer" as used herein refers to the Answer that GMACCF filed in the above-captioned case, which was docketed on January 27, 2005, and is listed as item number 7 in the court's docket.

10. The term "Factoring Agreement" as used herein refers to the document attached as Exhibit 1 to GMACCF's Answer.

11. The term "Guaranty" as used herein refers to the document attached as Exhibit 2 to GMACCF's Answer.

12. The term "Subordination Agreement" as used herein refers to the document attached as Exhibit 4 to GMACCF's Answer.

13. The term "Forbearance Agreement" as used herein refers to the document attached as Exhibit 6 to GMACCF's Answer.

14. The term "Ratification and Amendment of Guaranty" as used herein refers to the document attached as Exhibit 7 to GMACCF's Answer.

15. If any document or thing called for by this request is withheld, state the basis for withholding the document or thing, and, if any document or thing is withheld on the grounds of privilege:

    a. State the date of its creation or transmittal;
    b. Identify its author(s);
    c. Identify the person(s) to whom it was addressed;
    d. Identify the person(s) to whom it was sent or transmitted;
    e. Identify the person(s) to whom it was disclosed, in whole or in part; and
    f. State the name of the file or subfile in which it is presently maintained.
    g. Provide such further information regarding the document to explain the claim of privilege and permit the adjudication of the property of that claim.

16. If any document the production of which is sought by this request has been destroyed, please state, as to each such document, its date, author(s), recipient(s) and the circumstance of its destruction.

17. These document production requests will be deemed to be continuing so as to require supplemental answers pursuant to Fed. R. Civ. P. 26(e) whenever Landay comes into possession of newly discovered responsive documents. Landay shall comply with all of his obligations under Fed. R. Civ. P. 26(e) with regard to supplementation.

## REQUESTS

1. All documents referenced in your response to Defendant's First Set of Interrogatories.

2. All other documents that you expect to present at trial in support of your claims against GMACCF.

3. All correspondence between you and any current or former employee of GMACCF concerning any of your claims in this lawsuit.

4. All correspondence between you and any third party concerning any of your claims in this lawsuit.

5. All reports or drafts of reports concerning any of your claims in this lawsuit prepared by a person whom you expect to call as an expert witness at trial.

6. All documents relied upon by a person whom you expect to call as an expert witness at trial in preparing that person's expert report.

7. All documents concerning your claim to be a "secured creditor" of Seneca Sports, Inc. as of September 19, 2000.

8. All documents identifying any other creditors of Seneca Sports, Inc. as of September 19, 2000, and the amounts owed to those creditors by Seneca Sports, Inc.

9. All documents identifying any other creditors of Seneca Sports, Inc. as of October 22, 2001, and the amounts owed to those creditors by Seneca Sports, Inc

10. All documents concerning any representations that GMACCF made to you regarding the "Seasonal Overadvances" referenced in your Complaint.

11. All documents concerning the "other advances" referenced in Paragraph 21 of your Complaint.

12. All documents concerning any representations made to you by Jane Frangos or Paul Fitzgerald, as alleged in Paragraph 30 of your Complaint.

13. All documents concerning your claim in Paragraph 53 of the Complaint that "GMAC's disposition of Seneca and Brookfield amounted to waste."

14. All documents concerning the "calculations" to which you refer in Paragraph 56 of the Complaint.

15. All documents concerning your allegations in Paragraph 63 of the Complaint.

16. All other documents concerning your claims in this lawsuit.

GMAC COMMERCIAL FINANCE LLC

*/s/ Mark B. Dubnoff*
John A. Houlihan (BBO # 542038)
Mark B. Dubnoff (BBO # 637212)
Edwards & Angell, LLP
101 Federal Street
Boston, MA 02110
(617) 439-4444

DATED:   August 5, 2005

## CERTIFICATE OF SERVICE

I, Mark B. Dubnoff, hereby certify that on this 5th day of August, 2005, I caused a copy of the foregoing document to be sent by hand delivery to Alan R. Hoffman, Lynch, Brewer, Hoffman & Fink, LLP, 101 Federal Street, Boston, MA 02110, counsel for David L. Landay.

*/s/ Mark B. Dubnoff*
Mark B. Dubnoff