# EXHIBIT 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-11955-WGY

DAVID L. LANDAY, )
 )
    Plaintiff, )
 )
v. )
 )
GMAC COMMERCIAL CREDIT, LLC and )
GMAC COMMERCIAL FINANCE, LLC, )
 )
    Defendants. )

**PLAINTIFF DAVID L. LANDAY'S RESPONSE TO
DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 34, Plaintiff, David L. Landay responds as follows to Defendant's First Request For Production of Documents (the "Document Request") and will produce documents at the offices of his attorneys, Lynch, Brewer, Hoffman & Fink, LLP, 101 Federal Street, 22nd Floor, Boston, Massachusetts, at a mutually convenient time on or after September 16, 2005.

**GENERAL OBJECTIONS**

1. To the extent that the requests seek documents which are protected by the Attorney-Client and/or Attorney Work-product privileges, such documents will not be produced.

2. To the extent that these requests purport to require Landay to produce the legal files and other material (such as depositions) from the New York litigation between the parties, Landay objects on the grounds that such production would be overly burdensome and prejudicial in terms of expense and inconvenience to the conduct of

the New York litigation. GMAC has copies of all papers served and/or filed in the New York action and production thereof would be burdensome and expensive to Landay. As to papers that Landay's attorneys generated in the New York action but did not serve on GMAC., they are immune from production pursuant to the work product and attorney client privileges

3. To the extent that the requests require a privilege log (See Instruction #15) that would require inter alia Plaintiff to cause his New York attorneys to search their files and list all copies of all privileged materials (attorney-client as well as work-product), plaintiff objects on the grounds that such a demand is unduly burdensome, prohibitively expensive, disruptive to an active litigation and can interfere with Plaintiff's rights and cause him damage in that litigation.

4. To the extent that instruction #15 of the Request goes beyond the requirements imposed on a party under the Federal Rules of Civil Procedure, Plaintiff objects to said instruction.

5. To the extent that the requests are unduly burdensome and/or not calculated to lead to the discovery of admissible evidence, Plaintiff objects.

6. By agreeing to the production of documents covered by any of the requests, Plaintiff does not admit or imply that such documents exist.

## RESPONSES

### REQUEST NO. 1

All documents referenced in your response to Defendant's First Set of Interrogatories.

2

### RESPONSE NO. 1

Subject to the General Objections, to the extent that Landay has any such documents in his possession, custody or control, he will produce them.

### REQUEST NO. 2

All other documents that you expect to present at trial in support of your claims against GMACCF.

### RESPONSE NO. 2

Among other things, Landay expects to rely on documents produced by GMAC as well as documents that GMAC has not yet produced but that are within its exclusive custody, possession or control. Subject to the General Objections, Landay will produce the documents that he has currently which are in this category. However, Landay will not identify them separately since, to do so, would violate the attorney work product principle.

### REQUEST NO. 3

All correspondence between you and any current or former employee of GMACCF concerning any of your claims in this lawsuit.

### RESPONSE NO. 3

Subject to the General Objections, Landay will produce such documents, if any, that are in his possession, custody or control.

### REQUEST NO. 4

All correspondence between you and any third party concerning any of your claims in this lawsuit.

### RESPONSE NO. 4

Subject to the General Objections, Landay will produce such documents, if any, that are in his possession, custody or control.

### REQUEST NO. 5

All reports or drafts of reports concerning any of your claims in this lawsuit prepared by a person whom you expect to call as an expert witness at trial.

3

## RESPONSE NO. 5

Plaintiff objects to this request since the production would violate the attorney work product privilege.

## REQUEST NO. 6

All documents relied upon by a person whom you expect to call as an expert witness at trial in preparing that person's expert report.

## RESPONSE NO. 6

Subject to the General Objections, Landay will produce such documents, if any, that are in his possession, custody or control.

## REQUEST NO. 7

All documents concerning your claim to be a "secured creditor" of Seneca Sports, Inc. as of September 19, 2000.

## RESPONSE NO. 7

Subject to the General Objections, Landay will produce such documents, if any, that are in his possession, custody or control.

## REQUEST NO. 8

All documents identifying any other creditors of Seneca Sports, Inc. as of September 19, 2000, and the amounts owed to those creditors by Seneca Sports, Inc.

## RESPONSE NO. 8

In addition to the General Objections, Landay objects to this request on the grounds of undue burden and expense insofar as this request purports to shift to Landay the burden of researching records that are in the possession, custody or control of GMAC. The records that GMAC confiscated from Seneca Sports, Inc. on September 22, 2001 should reflect the information sought; GMAC is referred to those documents in its exclusive custody, possession or control. Subject to all the General Objections and the forgoing objections, Landay will produce all documents (if any) in this category that are in his possession, custody or control.

## REQUEST NO. 9

All documents identifying any other creditors of Seneca Sports, Inc. as of October 22, 2001, and the amounts owed to those creditors by Seneca Sports, Inc.

**RESPONSE NO. 9**

In addition to the General Objections, Landay objects to this requests on the grounds of undue burden and expense insofar as this request purports to shift to Landay the burden of researching records that are in the possession, custody or control of GMAC. The records that GMAC confiscated from Seneca Sports, Inc. on September 22, 2001 should reflect the information sought; GMAC is referred to those documents in its exclusive possession, custody or control. Subject to the General Objections and the forgoing objections, Landay will produce all documents (if any) in this category that are in his possession, custody or control.

**REQUEST NO. 10**

All documents concerning any representations that GMACCF made to you regarding the "Seasonal Overadvances" referenced in your Complaint.

**RESPONSE NO. 10**

Subject to the General Objections, Landay will produce such documents, if any, that are in his possession, custody or control.

**REQUEST NO. 11**

All documents concerning the "other advances" referenced in Paragraph 21 of your Complaint.

**RESPONSE NO. 11**

Subject to the General Objections, Landay will produce such documents, if any, that are in his possession, custody or control.

**REQUEST NO. 12**

All documents concerning any representations made to you by Jane Frangos or Paul Fitzgerald, as alleged in Paragraph 30 of your Complaint.

**RESPONSE NO. 12**

Subject to the General Objections, Landay will produce such documents, if any, that are in his possession, custody or control.

**REQUEST NO. 13**

All documents concerning your claim in Paragraph 53 of the Complaint that "GMAC's disposition of Seneca and Brookfield amounted to waste."

**RESPONSE NO. 13**

Subject to the General Objections, Landay will produce such documents, if any, that are in his possession, custody or control.

**REQUEST NO. 14**

All documents concerning the "calculations" to which you refer in Paragraph 56 of the Complaint.

**RESPONSE NO. 14**

Subject to the General Objections, Landay will produce such documents, if any, that are in his possession, custody or control.

**REQUEST NO. 15**

All documents concerning your allegations in Paragraph 63 of the Complaint.

**RESPONSE NO. 15**

Subject to the General Objections, Landay will produce such documents, if any, that are in his possession, custody or control.

**REQUEST NO. 16**

All other documents concerning your claims in this lawsuit.

**RESPONSE NO. 16**

Landay objects to this request on the grounds that it is overbroad and burdensome. For example, even the telephone book that listed Seneca's address in Massachusetts is a document "concerning" Landay's claims (see Complaint, Paragraph 1) Subject to the General Objections and the foregoing objections, Landay will produce documents in this category that are in his possession, custody or control.

Respectfully submitted,
DAVID L. LANDAY,
By his attorney,

_____
Alan R. Hoffman, BBO# 236860
Lynch, Brewer, Hoffman & Fink, LLP
101 Federal Street, 22nd Floor
Boston, MA 02110
(617) 951-0800

Dated: September 6, 2005

198303_1

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on Sept. 6, 2005
_Alan R. Hoffman_