# EXHIBIT 4

# LYNCH, BREWER, HOFFMAN & FINK, LLP
### ATTORNEYS AT LAW

OWEN B. LYNCH
EDWARD S. BREWER, JR.◊
ALAN R. HOFFMAN
PETER W. FINK*
PATRICK J. KINNEY, JR.
PHYLLIS ZELERMYER WALD
J. ALLEN HOLLAND, JR.
ANNE HOFFMAN
ELIZABETH A. ZELDIN+
JOHN P. DENNIS△
DALE C. KERESTER
JENNIFER C. PLATT
CHRISTINE B. WHITMAN*◊
THOMAS J. CLEMENS
MYRNA M. ZAKARIAN
SUZANNE T. MANCUSO†
KARIN I. McEWEN†ˇ

101 FEDERAL STREET, 22ND FLOOR
BOSTON, MASSACHUSETTS 02110-1800

TELEPHONE (617) 951-0800
FAX (617) 951-0811
http://www.lynchbrewer.com

* ALSO ADMITTED IN CT
*ALSO ADMITTED IN FL
△ ALSO ADMITTED IN ME
◊ ALSO ADMITTED IN NH
ˇ ALSO ADMITTED IN NJ
†ALSO ADMITTED IN NY
+ALSO ADMITTED IN SC

September 26, 2005

Mark B. Dubnoff, Esq.
Edwards & Angell, LLP
101 Federal Street
Boston, MA 02110

Re: David L. Landay v. GMAC Commercial Credit, LLC, et al.
United States District Court; Civil Action No. 04-CV-11955-WGY

Dear Mr. Dubnoff:

I am writing in response to your letter of September 22, 2005. Please be advised that I do not accept your interpretation of the Federal Rules of Civil Procedure.

Subject to certain objections, Mr. Landay responded to GMAC's interrogatories on September 6 with the information that he had at the time. That is all that the Rules require. Your delivery of documents to my office on the morning that Mr. Landay was signing his answers in Florida did not increase his knowledge. When Mr. Landay reviews, digests and acquires more information from GMAC's production of documents, he will supplement his answers in due course. We will not accept your artificial deadline of September 23. As to the deposition, we assume that you will ask Mr. Landay to provide whatever information he possesses as of the date of the deposition. Discovery is a continuing process and we beg to differ with your attempts to compartmentalize it.

As to your objection to my reference to the New York case, may I remind you that GMAC's intransigence in providing information to Mr. Landay is among the sharp practices alleged in Mr. Landay's 93A claim. GMAC seized all his companies' documents and refused to release them to Mr. Landay or provide an accounting or any other information that might aid him in understanding the alleged shortfall. GMAC's refusal to provide documents in the New York litigation is but a continuation of the practices about which Mr. Landay complains. While your law firm has been more forthcoming than prior representatives of GMAC, the prior conduct cannot be divorced from this case.

Mark B. Dubnoff, Esq.
Edwards & Angell, LLP
September 26, 2005
Page 2

Very truly yours,

*Alan R. Hoffman*

Alan R. Hoffman

ARH/jlm/200287_1

cc:   Mr. David Landay