# EXHIBIT 7

```
 1

 2    SUPREME COURT OF THE STATE OF NEW YORK
                 COUNTY OF NEW YORK
 3    - - - - - - - - - - - - - - - - - - - - - - X
 4    GMAC COMMERCIAL FINANCE LLC,
 5                     Plaintiff,
                                         INDEX NUMBER:
 6         - against -                   602338/02
 7    DAVID L. LANDAY,
 8                     Defendant.
 9    - - - - - - - - - - - - - - - - - - - - - - X
                     71 Thomas Street
10                   New York, New York 10013
                     November 1, 2005
11
12    BEFORE:
13              HONORABLE LOUIS CRESPO, JR.,
                     Special Referee
14
      APPEARANCES:
15
          COHEN TAUBER SPIEVACK & WAGNER, LLP
16        Attorneys for the Plaintiff
          420 Lexington Avenue, Suite 2400
17        New York, New York  10170
          BY:   STEPHEN WAGNER, ESQ., Of Counsel
18
          LABATON SUCHAROW & RUDOFF, LLP
19        Attorneys for the Defendant
          100 Park Avenue
20        New York, New York  10017
          BY:   JOSEPH H. EINSTEIN, ESQ., Of Counsel
21
22
23
                     DOMINIQUE MAUGER
24               OFFICIAL COURT REPORTER
25
26
```

1          Proceedings

2          SPECIAL REFEREE CRESPO:  We're about to

3  commence.

4          Is there anything that needs to be said on the

5  record before we start the examination of your witness,

6  Mr. Einstein?

7          MR. EINSTEIN:  No.

8          SPECIAL REFEREE CRESPO:  You wish to call your

9  next witness.

10          MR. EINSTEIN:  You have rested.

11          Right?

12          SPECIAL REFEREE CRESPO:  Do you wish to call

13  your first witness?

14          MR. EINSTEIN:  Since there is an application

15  to hear and report, I don't believe-- at this point a

16  motion to dismiss is not something entertainable.

17          SPECIAL REFEREE CRESPO:  No, it has to be sent

18  to the Judge, but it's noted for the record.

19          MR. EINSTEIN:  Thank you.

20          I call David Landay.

21          D A V I D   L A N D A Y, called as a witness,

22  having been first duly sworn, was examined and testified

23  as follows:

24          SPECIAL REFEREE CRESPO:   Please state your

25  name for the record.

26          THE WITNESS: David Landay, 26510 Rockery Lake

1               Proceedings

2       Drive, Bonita Springs, Florida, 34134.

3               SPECIAL REFEREE CRESPO:  Follow my

4       instructions, only answer the question that is asked.

5       If you don't understand the question, advise the court.

6       I will direct counsel to rephrase it.

7               Speak in a loud, clear voice so that the

8       Official Court Reporter can take your testimony.

9               During the testimony, if there's an objection,

10      stop your testimony and the objection will be noted.

11      Allow the court to make a ruling.

12              If it's overruled, you must answer the

13      question.

14              If it's sustained, you must not answer the

15      question.  Okay?

16              THE WITNESS:  Yes.

17              SPECIAL REFEREE CRESPO:  Thank you.

18              You may inquire, Mr. Einstein.

19              MR. EINSTEIN:  Thank you.

20      DIRECT EXAMINATION

21      BY MR. EINSTEIN:

22      Q    Mr. Landay, just give us a little bit of your

23      personal and business background, please?

24      A    I was born in 1939.  I have a Bachelor's degree

25      with a major in economics from Brandeis University, Class of

26      1960, a Master's in Business Administration from Boston

D. Landay-Defendant-Cross

2       SPECIAL REFEREE CRESPO:  You mean knocking off

3    like counterfeiting?

4       MR. WAGNER:  Counterfeiting or copying it or

5    selling the exact same product under a different name?

6    A    I can't say that I can answer that.

7    Q    The rear entry in-line skate patent, what was it

8    worth?

9    A    I can't put a value on it.

10   Q    Can you put a dollar value on any of the patents

11   that appear on this document?

12   A    I can say that if the patents and trademarks

13   purchased from Brookfield were valued at, if I recall

14   correctly, 1.6 million, that the combined end that I paid, I

15   believe my recollection is correct, a quarter of a million

16   for the Hutch trademarks, I would have to believe that the

17   total package when everything was current, was had to have

18   been worth in excess of $2 million.

19   Q    Who valued it at 1.6 million?

20   A    I believe that was a part of the negotiations for

21   the purchase.

22   Q    Okay.  Did Brookfield tell you that the value of

23   this intellectual property was $1.6 million?

24   A    I don't recall the details of the negotiations.

25   Q    Did GMAC ever agree with you the value of the

26   patent was 1.6 million?