UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-CV-11955-WGY

| | |
|---|---|
| DAVID L. LANDAY,              )<br>                                              )<br>            Plaintiff,              )<br>                                              )<br>v.                                          )<br>                                              )<br>GMAC COMMERCIAL CREDIT, LLC and  )<br>GMAC COMMERCIAL FINANCE, LLC,   )<br>                                              )<br>            Defendants.         )<br>                                              ) | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE GMAC'S REPLY ARGUMENT BASED ON GMAC'S PURPORTED FAILURE TO FILE WITH U.S. PATENT AND TRADEMARK OFFICE AND FOR SANCTIONS** |

Plaintiff David L. Landay ("Landay") moves to strike from consideration an argument concerning Landay's Junior Creditor Claim (Amended Complaint, Count VI) that is raised for the first time in the Reply Memorandum In Support of Defendants' Motion for Summary Judgment ("GMAC's Reply Memorandum").  Specifically, Landay moves to strike the argument on pages 15-16 of GMAC's Reply Memorandum where GMAC purports to place on Landay the burden of proving that GMAC recorded its liens on the Borrowers' intellectual property with the United States Patent and Trademark Office.  As shown in the Argument portion below, not only is GMAC's argument subject to striking because it is raised for the first time in its Reply, it is so obviously specious and without support in fact or law that, in addition to striking the argument, the Court should award Landay his costs, including counsel fees, in prosecuting this Motion.

## BACKGROUND

GMAC's sole argument on Landay's Junior Creditor claim (commercial unreasonableness) was that "Landay cannot prove the damages necessary to support Count VI".  Memorandum in Support of Defendants' Motion For Summary Judgment, p.

18.   GMAC took the position that Landay was unable to show that a commercially reasonable sale of Borrowers' assets by GMAC would have yielded a surplus that would benefit Landay as the junior creditor.  In making this argument, GMAC challenged Landay to point to evidence that shows that Borrowers' assets would have yielded more than was owed GMAC had the assets been sold in a commercially reasonable manner.

Landay met the challenge in his response to GMAC's Summary Judgment Motion.  Part of Landay's response was to show the value of the intellectual property that GMAC had seized on October 22, 2001.  It should be noted that, in several years of litigation between the parties (in New York and Massachusetts), GMAC has never denied that it had a security interest in the Borrowers' intellectual property nor has it disclaimed the right to liquidate that property along with all the other assets it seized on October 22, 2001.

Now that Landay has met GMAC's challenge to show that a commercially reasonable liquidation would have yielded a surplus, GMAC makes an entirely new argument: While admitting that it had a lien on the Borrowers' intellectual property, it now contends for the first time that Landay's proof of damages must fail because he did not prove in his opposition to GMAC's Motion for Summary Judgment that GMAC "recorded [its] lien with the United States Patent and Trademark Office" and, thus, was legally permitted to try to sell Borrowers' intellectual property. GMAC's Reply Memorandum, p. 15.

First, Landay contends that this argument is not permissible because it is made for the first time in a Reply.  GMAC did not set forth any facts in its Statement of Undisputed Material Facts that would have signaled to Landay that this was an

2

argument he should meet in his opposition to GMAC's Summary Judgment Motion. If this were to be an issue, at minimum, GMAC should have stated as an undisputed fact that it never perfected its interests in Borrowers' intellectual property.

Second, the argument is totally specious because it assumes that Landay has to prove that GMAC perfected its security interests. This burden is not on Landay. All Landay has to show is that GMAC had the property – a fact GMAC admits. If GMAC failed to sell the property because it failed to perfect its interest, that still makes the failure to sell commercially unreasonable.

Third, the argument is specious because the statute upon which GMAC relies neither prohibits a sale absent recordation, nor does it apply to security interests.

Fourth, the argument is both specious and audacious because GMAC has made filings with the United States Patent and Trademark Office and has supplied Landay with copies of some of the records relating thereto. Moreover, GMAC has treated the patents and trademarks as if it had the right to sell them.

For the reasons stated below, this untimely, frivolous, and inherently flawed argument should be stricken from GMAC's Reply Memorandum; and Landay should be awarded his counsel fees in prosecuting this Motion.

**ARGUMENT**

I.  This Court Should Strike As Untimely The Argument Relating To GMAC's Purported Lack Of Standing To Liquidate Borrowers' Intellectual Property.

GMAC's attempt to inject the red herring of its own purported failure to file with the United States Patent and Trademark Office should be rejected as untimely. In this regard, numerous courts have rejected the type of post facto prosecution of a summary

3

judgment claim as has occurred in this case.  Chen v. Mayflower Transit, Inc., 315 F. Supp.2d 886, 922 (N.D. Ill. 2004) ("Arguments not raised in opening briefs [on summary judgment] are waived"); Kansas Wastewater, Inc. v. Alliant Techsystems, Inc., 257 F. Supp.2d 1344, 1351, n. 7 (D. Kan. 2003) ("Generally, a party is prohibited from raising new arguments and issues in a reply brief,…, and a court should not consider issues first raised in a reply brief"); Sundberg v. Keller Ladder, 189 F. Supp.2d 671, 682-683 (E.D. Mich. 2002) ("[I]t is not the office of a reply brief to raise issues for the first time"); Alcan Aluminum Corp. v. BASF Corp., 133 F. Supp.2d 482, 499 n. 11 (N.D. Tex. 2001) ("[P]arties may not raise new grounds for summary judgment in their reply brief"); and Hall v. Cropmate, 887 F. Supp. 1193, 1199 (S.D. Ind. 1995) ("It is well established that new arguments may not be first raised in a reply brief – a party must state all of its reasons in support of a motion the first time around").

Landay submits that this Court should follow this line of cases and reject GMAC's untimely and basically unfair tactic.

    II.    <u>Landay Should Be Awarded His Costs, Including Reasonable Attorneys Fees, Of Prosecuting This Motion Since GMAC's Argument Is Both Legally And Factually Untenable</u>.

It is uncontested that GMAC had a lien on all of Borrowers' assets, including the intellectual property.  As will be set forth below, Landay submits that his commercial unreasonableness claim is not affected whether GMAC recorded at the United States Patent and Trademark Office <u>vel</u> <u>non</u>.

    A.    <u>Landay Does Not Have To Prove That GMAC "Perfected"</u>.

Landay claims that GMAC committed waste respecting the assets it seized from Borrowers.  He claims that GMAC failed to liquidate Borrowers' assets in a

4

commercially reasonable manner and thereby injured Landay both as a junior creditor and a guarantor. GMAC's cavalier treatment of Borrowers' assets underlies Landay's Junior Creditor claim (Count VI) and is part of his Chapter 93A claim (Count VII).

The essence of Landay's allegations concerning the commercially unreasonable manner in which GMAC dealt with the assets it seized is that GMAC did not take appropriate action to realize the value of those assets. If, indeed, GMAC failed to perfect its liens on the intellectual property with the result that it could not sell those assets, Landay's claim of commercial unreasonableness is even stronger. After all, GMAC seized all of the Borrowers' assets, books and records, including the patents and trademarks and records related thereto, and expelled Landay and, subsequently, Borrowers' personnel from the premises. December 13, 2005 Affidavit of David L. Landay filed in Opposition to Defendants' Motion for Summary Judgment, ¶¶38-40 and 46. GMAC then undertook to liquidate these assets by its Massachusetts liquidator, John Rijo, and by its New York office. Id. Whether GMAC failed to sell the intellectual property because it simply overlooked it or because it failed to "perfect" its lien is irrelevant to the conclusion that the failure to sell was commercially unreasonable.

Indeed, if GMAC seized all assets without having a right to sell them, the fact that it kept the Borrowers' records (including the records relating to intellectual property) away from Borrowers and Landay for the past four years supports treble damages under Chapter 93A. See United States v. United States Trust Co., 660 F. Supp. 1085, 1090 (D. Mass. 1986).

B.  <u>GMAC's Argument Is Not Supported By The Law</u>.

Even had GMAC not recorded with the United States Patent and Trademark Office, its contention that it did not have the right to sell Seneca's intellectual property because of that purported omission is frivolous. The statute on which GMAC relies, 35 U.S.C. § 261, provides, in pertinent part, as follows: "An assignment, grant or conveyance shall be void against any subsequent purchase or mortgage for a valuable consideration, without notice, unless it is recorded in the Patent and Trademark Office within three months from its date <u>or prior to the date of such subsequent purchase or mortgage</u>" (emphasis added).

First, this statute does not even purport <u>to prohibit</u> a sale if there is no recordation, but merely protects a holder in due course. In this regard, the statute provides that, unless there is a recording, a bona fide purchaser or mortgagor for value without notice takes free and clear of the unrecorded "assignment, grant or conveyance." <u>See</u>, <u>e.g.</u>, <u>In re Cybernetic Servs., Inc.</u>, 252 F.3d 1039, 1053 (9th Cir. 2001). In <u>Cybernetic Services</u>, the Trustee in Bankruptcy argued that the holder of a security interest in a patent must record that interest in order to have a right in the collateral superior to a subsequent lien creditor. In rejecting that argument, the Court wrote: "Congress intended for parties to record their ownership interests in a patent so as to provide constructive notice <u>only to subsequent holders of an ownership interest</u>." <u>Id</u>., at 1053. (emphasis added). To argue that this statute <u>prohibits</u> a sale absent a recording is simply disingenuous.

Second, the plain meaning of this statute, which appears to relate only to patents and not to trademarks, is that as long as recordation occurs <u>prior to</u> a subsequent sale,

a previous sale is not void. Therefore, unless GMAC proves that Landay or Seneca has sold Seneca's intellectual property, its own alleged failure to record would be totally irrelevant in any event.

Finally, and most importantly, the Ninth Circuit has held that "a security interest in a patent that does not involve a transfer of the rights of ownership is a 'mere license' and is not an 'assignment, grant or conveyance' within the meaning of 35 U.S.C. § 261." In re Cybernetic Servs., Inc., 252 F.3d at 1052. The Court continued: "And because § 261 provides that only an 'assignment, grant or conveyance shall be void' as against subsequent purchasers and mortgagees, only transfers of ownership interests need to be recorded with the PTO." Id. (emphasis added). Thus, since there was no requirement for GMAC to record its security interest, ipso facto its purported failure to do so would not disentitle it from selling Seneca's intellectual property after the October 22, 2001 takeover, even under GMAC's misconstruction of the remainder of the quoted portion of Section 261.[1]

    C.    <u>GMAC's Argument Is At Odds With The Facts</u>.

Most incredibly in light of the lateness of GMAC's 13th hour argument, GMAC did make apparently unnecessary filings with the United States Patent and Trademark Office. See Exhibits A and B attached hereto which were produced by GMAC in the discovery in this case. Exhibit A relates to the recordation of GMAC's security interest in certain Seneca patents; and Exhibit B relates to GMAC's recordation of its security interest in numerous Seneca trademarks. Therefore, the factual premise of GMAC's

---

[1] Unlike the attorney's retaining lien at issue in the one case that GMAC cites, In re Refusal of Assignment Branch to Record Attorney's Lien, 8 U.S.P.Q. 2d 1446 (P.T.O. 1988), which the Patent Office refused to accept for recordation, GMAC succeeded in having its lien accepted for recording. This is because GMAC's liens are of the type which can affect title to a patent. See 37 C.F.R. 1.331(b). Therefore, GMAC's sole precedent does not support its patently absurd argument.

7

untimely and unfair argument is nearly as lacking in merit as are its legal premises.[2] Indeed, GMAC has treated the Borrowers' intellectual property as if it had every right to sell it. See letters attached to Deposition of Kathleen Pappalardo, Nov. 10, 2005 (Exhibit B to Plaintiff David L. Landay's Opposition to Defendant's Motion For Summary Judgment and Statement of Material Facts In Dispute) (Docket #62). Landay submits that GMAC's unfair and unsupportable tactic on its Summary Judgment Motion should not be tolerated and that, at a minimum, Landay's costs, including reasonable attorneys fees, should be awarded as sanctions.

## CONCLUSION

For the reasons stated above, this Court should allow this Motion and award Landay the costs of prosecuting it, including his reasonable attorneys fees.

Respectfully submitted,
DAVID L. LANDAY,
By his attorney,


/s/ Alan R. Hoffman
Alan R. Hoffman, BBO# 236860
LYNCH, BREWER, HOFFMAN & FINK, LLP
101 Federal Street, 22nd Floor
Boston, MA 02110
(617) 951-0800
arhoffman@lynchbrewer.com

Dated:  January 12, 2006

233529_1

---

[2] Landay uses the word "nearly" because it does not appear that GMAC recorded with respect to each of Borrowers' patents or trademarks. However, GMAC did make a Uniform Commercial Code filing which included Borrowers' intellectual property. See Exhibit 7 to David L. Landay's December 13, 2005 Affidavit in Opposition to Defendants' Motion for Summary Judgment. In re Cybernetic Servs., Inc., 252 F.3d at 1039, makes it clear that this Article 9 filing fully protected GMAC's security interest in the intellectual property with respect to a subsequent lien creditor. "Because the Patent Act does not cover security interests or lien creditors at all, there is no conflict between 35 U.S.C. 261 and Article 9. Petitioners did not have to file with the PTO to perfect their security interest as to a subsequent lien creditor."