UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID L. LANDAY<br>    Plaintiff,<br><br>v.<br><br>GMAC COMMERCIAL CREDIT LLC<br>and GMAC COMMERCIAL FINANCE<br>LLC,<br>    Defendants. | Civil Action No. 04-cv-11955-WGY |

**MEMORANDUM SUPPORTING DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S SUPPLEMENTAL ANSWERS TO INTERROGATORIES**

More than four months after serving Defendant GMAC CF with Answers to Defendants' First Set of Interrogatories (the "Original Answers") and nearly two months after the close of discovery, Plaintiff David L. Landay delivered his Supplemental Answers to Defendants' First Set of Interrogatories (the "Supplemental Answers"). Landay cannot plead "excusable neglect" because his new answers are based on the exact same information that was available to him during the discovery period. GMAC CF, meanwhile, is clearly prejudiced by Landay's tardiness as it has already deposed Landay based on his Original Answers and has spent dozens of hours working on summary judgment arguments that were based on Landay's Original Answers. Accordingly, GMAC CF now moves to strike Landay's Supplemental Answers on the grounds that they are untimely and Landay's reliance on them would unfairly prejudice GMAC CF.

### I.    Background

On or about August 5, 2005, GMAC CF served Landay with its First Set of Interrogatories. *See* Affidavit of Mark B. Dubnoff (Docket No. 71) ¶ 3. Among other things, GMAC CF asked Landay to "state the basis" of his allegation that he was a "secured creditor" of

Seneca Sports, Inc. ("Seneca") as of September 19, 2000. Dubnoff Aff., Ex. 1 at 3 (Interrogatory No. 4). GMAC CF also asked Landay to state the value that he believed GMAC CF should have been able to obtain for the assets of Seneca and Brookfield International, Inc. ("Brookfield"), and to "state the basis" for his belief. *Id.* at 3 (Interrogatory No. 11).

Landay signed his Original Answers on September 6 and delivered them to GMAC CF's counsel the next day. Dubnoff Aff. ¶ 4 and Ex. 2. In some of his answers, Landay stated that he could not provide definitive responses at that time because he had only recently gained access to certain documents that had been stored at Seneca and Brookfield's old offices until October 22, 2001, when GMAC CF acquired peaceful possession of them. *See* Dubnoff Aff., Ex. 2 at 2-7, 10-13 (Answer to Interrogatory Nos. 2, 4, 5, 7, 8, 9, 11, 17). GMAC CF's counsel responded with a letter dated September 8, 2005, stating that since Landay gained access to those documents on August 23 and had, therefore, had only 15 days to review them before serving GMAC CF with his Original Answers, Landay was welcome to take 15 more days – until September 23 – to conduct as many inspections of the documents as he pleased in order to supplement his answers. Dubnoff Aff., ¶ 7 and Ex. 5.

While Landay repeatedly accepted GMAC CF's offers for further inspections of the documents – and, in fact, was never denied access at any time on any day of the week – he did not supplement his interrogatory responses by September 23, and he denied having any obligation to do so. Nor did Landay supplement his interrogatory responses prior to his deposition on October 18, 2005. Indeed, at his deposition, Landay testified that he had reviewed his interrogatory responses and was expressly asked whether he saw anything that he wanted to correct or supplement. Deposition of David L. Landay, Oct. 18, 2005 ("Landay Dep.") 182:11-

12.[1] While Landay stated that he might want to change his answers to Interrogatory No. 14, which asked about his usury allegation (Count II), and Interrogatory No. 17, which concerned his Chapter 93A claim (Count VII), and that he might amend his response to Interrogatory No. 16 **to decrease his damage claim** under Count VI,[2] he never mentioned any need to correct or supplement his Original Answers to Interrogatory Nos. 4 or 11. *See* Landay Dep. 182:13-185:18. Landay did not even supplement his interrogatory responses by the discovery cutoff date of November 11, 2005. Dubnoff Aff. ¶ 8.

As a result, GMAC CF relied on Landay's Original Answers, including his responses to Interrogatory Nos. 4 and 11, when it filed its motion for summary judgment on November 23, 2005. Based in part on Landay's answer to Interrogatory No. 11, GMAC CF argued that it was entitled to judgment as a matter of law on Count VI because Landay could not possibly prove that he had been damaged as a result of GMAC CF's alleged violation of his rights as a junior creditor of Seneca. *See* Defs.' Mem. (Docket No. 53) at 18-20. More specifically, GMAC CF pointed out that Seneca's debt to GMAC CF never dropped below $1,000,000 after January 1, 2002, and that Landay had not offered any evidence to suggest that a commercially reasonable sale would have generated more than an additional $360,360 in proceeds – far short of what would be needed to provide excess moneys to junior creditors. *Id.*

It was only then that Landay felt compelled to provide "new" sworn testimony in the form of a new affidavit, dated December 13, 2005. Subsequently, on January 9, 2006, Landay served GMAC CF with his Supplemental Answers, in which he essentially lifted the language from his December 13, 2005 affidavit and pasted it in a new response to Interrogatory No. 11.

---

[1]    Copies of all cited pages of Landay's Deposition minuscript are attached as Exhibit 1 to this memorandum.
[2]    Landay did not indicate what the *decreased* amount would be, or how he arrived at that figure. Landay Dep. 183:15-19.

## II.     Argument

Fed. R. Civ. P. 33(b)(3) provides that a party upon whom interrogatories have been served shall serve a copy of the answers and objections, if any, within 30 days after the service of the interrogatories. Meanwhile, Rule 26(e)(2) imposes "a duty seasonably to amend a prior response to an interrogatory ... if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." A party that fails to fulfill this duty, unless that failure is harmless, is not permitted to use as evidence at a trial, at a hearing, or on a motion any information not so disclosed in a seasonable amendment. Fed. R. Civ. P. 37(c)(1); *Holiday Inns, Inc. v. Robertshaw Controls Co.*, 560 F.2d 856, 858 (7th Cir. 1977); *Technology Licensing Corp. v. Thomson, Inc.*, No. Civ. S-031329WBSPAN, 2005 WL 1562225, *4 (E.D. Cal. June 30, 2005); *Heidelberg Harris, Inc. v. Mitubishi Heavy Indus., Ltd.*, No. 95 C 0673, 1996 WL 680243 (N.D. Ill. Nov. 21, 1996).

The purpose of these rules is to prevent "surprise" or "trial by ambush." *American Stock Exchange, LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002) (citations omitted); *Thermos Co. v. Starbucks Corp.*, 1999 WL 203822, *5 (N.D. Ill. April 6, 1999); *Heidelberg Harris*, 1996 WL 680243 at *8 (quoting *Gorman v. Chicago Housing Auth.*, 1991 WL 10893 at *2 (N.D. Ill.1991)). Thus, in *Holliday Inns, Inc.*, the Seventh Circuit affirmed a trial court's decision to preclude a plaintiff in a products liability action from presenting evidence in support of a theory of liability that it had failed to identify in response to an interrogatory. *See* 560 F.2d at 857-58. While the plaintiff claimed that it had put the defendant on notice of this alternate theory of liability in a letter accompanying an expert report, the Court noted that the letter did not "mention that it was intended to supplement the interrogatory answer." *Id.* at 858. Thus, the

Court concluded, the defendants were unfairly surprised by this new theory on the eve of trial. *Id.*

Similarly, in *Heidelberg Harris*, the Court refused to permit defendants in a patent infringement action from presenting any evidence in support of a "best mode" defense, where they had not explained the basis for this defense until after fact discovery had concluded.[3] 1996 WL 680243, at *7-10. The plaintiff in *Heidelberg Harris* had served the defendants with interrogatories seeking details of this "best mode" defense, and did not receive such information until the defendants' expert reports were disclosed. *Id.* at *7. The Court noted that the defendants had notice of the facts that form the basis of their "best mode" defense prior to the close of fact discovery, and concluded that the defendants had violated their duty to supplement under Rule 26(e)(2). *Id.* at *7-8. In the process, the Court specifically rejected the defendants' contention that by providing the information in the expert reports, they had satisfied their duty to seasonably amend their responses. *Id.* at *8. It stated that "this type of supplementation was not what the drafters of Rule 26(e)(2) had intended." *Id.*

The Court then turned to the question of whether the plaintiff had been "prejudicially surprised" by the defendants' failure to supplement their interrogatory responses in a timely manner. *Id.* at *8-9. It answered that question affirmatively, stating that "[h]ad Plaintiff been aware of Defendants' intention to raise this defense, it would have altered the way it conducted discovery." *Id.* at *9. Specifically, the Court found, the plaintiff would have taken several additional depositions and asked questions at those depositions designed to explore the basis of the "best mode" defense." *Id.* at *9-10. The Court thus granted the plaintiff's motion *in limine* and precluded the defendants from introducing any evidence relating to the defendants' "best mode" defense. *Id.* at *10.

---

[3] *See* 35 U.S.C. § 112 for a full description of the "best mode" defense.

This Court should follow the logic of the aforementioned cases and both strike Landay's Supplemental Answers and preclude him from offering any information contained in them as evidence at trial or in connection with the pending summary judgment motions. As in *Holiday Inns* and *Heidelberg Harris*, Landay's failure to amend his interrogatory responses until long after the close of fact discovery is inexcusable. There is absolutely no information on which Landay bases his Supplemental Answers to Interrogatory Nos. 4 and 11 that was not available to him many months ago. For example, he presumably was aware of the factual history relating to Seneca's acquisition of certain patents and trademarks long before he even filed this lawsuit, let alone before he responded to GMAC CF's interrogatories. To the extent Landay needed to review Seneca's records in order refresh his recollection of that history or to obtain specific information about Seneca and Brookfield's intellectual property, he had ample opportunity to do so before the close of discovery. Landay gained access to what he melodramatically refers to as a "cache" of Seneca documents on August 23, 2005. Surely, he should have been able to provide some amplification of his interrogatory responses by September 23, consistent with the 30-day period contemplated by Rule 33.

At the very least, Landay could have supplemented his interrogatory responses prior to his October 18 deposition, so that GMAC CF could probe the bases for these responses at the deposition. Indeed, at Landay's deposition, GMAC CF specifically invited Landay to amend or supplement any of his interrogatory answers. Landay accepted this invitation with regard to Interrogatory Nos. 14, 16 and 17, but he gave no indication whatsoever that his responses to Interrogatory Nos. 4 or 11 needed any supplementation. Landay did not even supplement his responses by the November 11 discovery cutoff date. This is inexcusable.

To the extent that Landay would argue that he put GMAC CF on notice of his changed positions through (1) the report of his proffered expert, Keith Lowey ("Lowey's Report"), or (2) his testimony at trial in a separate New York Action, his contentions should suffer the same fate as those of the plaintiff in *Holiday Inns.* and the defendants in *Heidelberg Harris*. Lowey's Report is just as insufficient a device for supplementing interrogatory responses as were the letter accompanying the expert report in *Holiday Inns* and the expert reports that were submitted after the close of fact discovery in *Heidelberg Harris*. Besides, Lowey's Report did not even put GMAC CF on notice of Landay's belief that GMAC CF should have recovered $2 million in proceeds for Seneca's intellectual property, because Lowey refused to offer any opinions about the value of the intellectual property.

Nor can Landay rely on his October and November testimony at a New York trial as providing sufficient notice of his new theory on damages, since GMAC CF is represented by different counsel in New York, GMAC CF's Boston counsel did not attend the New York hearing, and there is no evidence GMAC CF's Boston counsel could have obtained a copy of the New York hearing transcripts prior to the close of discovery in this case.[4] Even if the transcripts had been ready prior to November 11, they certainly were not ready prior to Landay's deposition, and if Landay wanted to rely on his New York trial testimony in this case, he should have made a positive representation to that effect long before January 9, 2006.

Finally, it should be clear that allowing Landay to rely on his supplemental interrogatory responses was not "harmless," because GMAC CF has not had any opportunity to conduct an investigation of the factual bases of Landay's claim that GMAC CF has wasted approximately $2 million of his intellectual property. Discovery has long since closed, and GMAC CF has already

---

[4] As a courtesy, GMAC CF's New York counsel forwarded copies of the transcripts to GMAC CF's Boston counsel on the afternoon of November 22, more than eleven days after the close of discovery. Collectively, the transcripts comprised more than 600 pages of testimony from four days of hearings.

- 8 -

spent dozens of hours preparing for summary judgment based on the facts that were in the record at the close of discovery. Landay should not be permitted to engage in a "trial by ambush," which is exactly what he would be doing if his supplemental responses are not stricken.

### III. Conclusion

For all the foregoing reasons, this Court should strike Landay's Supplemental Answers to Defendants' First Set of Interrogatories as untimely and rule, pursuant to Fed. R. Civ. P. 37(c)(1), that Landay cannot rely on these responses at trial or in connection with the pending summary judgment motions.

|  |  |
|---|---|
|  | Respectfully submitted,<br>GMAC COMMERCIAL FINANCE LLC |
|  | /s/ John A. Houlihan |
| DATED: January 12, 2006 | /s/ Mark B. Dubnoff |
|  | John A. Houlihan (BBO # 542038)<br>Mark B. Dubnoff (BBO # 637212)<br>EDWARDS ANGELL PALMER & DODGE LLP<br>101 Federal Street<br>Boston, MA 02110<br>(617) 439-4444 |