# EXHIBIT 1

Page 1

1            VOL. I, PAGES 1 - 201

2

3         UNITED STATES DISTRICT COURT

4           DISTRICT OF MASSACHUSETTS

5        CIVIL ACTION NO. 04-CV-11955-WGY

6

7   DAVID L. LANDAY

8                    Plaintiff

9   V.

10  GMAC COMMERCIAL CREDIT, LLC and

11  GMAC COMMERCIAL FINANCE, LLC

12                   Defendants

13

14              - - - - - - - -

15      Deposition of David L. Landay

16       Tuesday, October 18, 2005

17              9:42 a.m.

18         Edwards & Angell, LLP

19           101 Federal Street

20          Boston, Massachusetts

21              - - - - - - - -

22   Reporter:  Deborah Roth, RPR/CSR

23

24

David L. Landay                                                                                         10/18/2005

Page 182

1  the proper words -- a stipulation that the motion
2  for sanctions would be dropped in exchange for a
3  postponement of the hearing date, which is now for
4  October 27 and 28 in front of a referee to
5  determine the two remaining open issues.
6      Q. At the very outset of the date, you
7  testified that you had reviewed your answers to
8  interrogatories in preparation for today's
9  deposition, correct?
10     A. I believe I said that, yes.
11     Q. In connection with that review, did you see
12 anything that you wanted to correct or supplement?
13     A. I might correct some of the calculations of
14 damages.
15     Q. Increasing or decreasing?
16     A. In one case, I might increase. In another
17 case, I might decrease.
18     Q. In which instance would you increase?
19     A. I would have to look at the answers to
20 interrogatories, but I believe there is one claim
21 for damages of $8.8 million, and I forget which
22 count and which interrogatory answer, but I might
23 say to you that properly should be $10 million; and
24 there is another count which asks for damages, and

Page 183

1  I forget which count, which asks for $3.45 million,
2  which I might reduce to 2.6 to 3 million.
3      (A discussion was held off the record.)
4      Q. Mr. Landay, can you identify for me the
5  answer to the interrogatory with respect to the
6  damages that you might increase your damage claim?
7      MR. HOFFMAN: Take your time. If you
8  have to read the whole thing, we will take a five-
9  minute recess.
10     Tell him what you are referring to.
11     A. I believe in answer to your question about
12 increasing the damage claim, that would be
13 referring to a paragraph in the complaint which was
14 probably skipped in the interrogatories.
15     Q. Okay. How about the decrease in your
16 damage claim, which interrogatory answer were you
17 referring to there?
18     A. That would be 16, which referred to
19 Paragraph 90 of the complaint.
20     Q. In connection with reviewing the
21 interrogatories, did you review your answer to
22 Interrogatory No. 14?
23     A. Yes.
24     Q. Is there anything about Interrogatory

Page 184

1  No. 14 that you wanted to supplement or change?
2      A. I would have to refer this answer to the
3  expert's report that's now been done since these
4  interrogatories were answered.
5      Q. Sitting here today, based on your own
6  knowledge, is there anything about Interrogatory
7  No. 14 that needs to be changed or supplemented?
8      A. I don't know if these numbers or
9  percentages on an annualized basis are the same as
10 what's in the expert's report.
11         As far as the concept about the timely
12 filing, that's unchanged.
13     Q. To the extent there is any variation
14 between your answer to your interrogatory and your
15 expert report, which do you rely upon?
16     A. I would have to say my expert made his
17 report based on the parameters that he chose, okay,
18 and I can't argue with his assumptions. His
19 assumptions are stated in his report.
20     Q. And do you accept his conclusions?
21     A. The conclusions of his report or the
22 conclusions of his report as applied in this Answer
23 No. 14?
24     Q. Let's start with the latter, the

Page 185

1  conclusions as applied to Interrogatory No. 14.
2      A. I would have to go with my expert.
3      Q. And I assume, therefore, that you would
4  accept the conclusions of your expert generally?
5      A. No.
6      Q. No?
7      A. No, not at all, because I think that his
8  very conservative estimate of the liquidation of
9  the inventory and the collection of the
10 receivables, I think he is too conservative.
11     Q. In connection with your review of the
12 interrogatories, did you review Interrogatory No.
13 17?
14     A. Yes.
15     Q. Is there anything about your answer to
16 Interrogatory No. 17 that you felt needed to be
17 changed or supplemented?
18     A. No.
19         EXHIBITS NOS. 97 and 98 MARKED
20     Q. Mr. Landay, could you please identify
21 Exhibit 97 for me.
22     A. This is a copy of a facsimile to me from
23 Stephen Rosenberg, who was one of my attorneys in
24 the New York action, a copy of a letter that he

47 (Pages 182 to 185)