UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-CV-11955-WGY

| | |
|---|---|
| DAVID L. LANDAY, ) | |
| ) | **PLAINTIFF LANDAY'S** |
| Plaintiff, ) | **EMERGENCY MOTION TO** |
| ) | **CONTINUE PRE-TRIAL** |
| v. ) | **CONFERENCE TO A DATE** |
| ) | **NO EARLIER THAN** |
| GMAC COMMERCIAL CREDIT, LLC and ) | **FEBRUARY 20, 2006** |
| GMAC COMMERCIAL FINANCE, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff David L. Landay ("Landay") respectfully moves this Court to continue the pre-trial conference in the instant case to a date no earlier than February 20, 2006. The grounds for Landay's motion are as follows.

This is a complex litigation that involves a myriad of legal and factual issues. At the end of discovery, several motions involving sophisticated issues of law were filed, including motions for summary judgment by both parties. The Court ruled on the motions other than those for summary judgment earlier in January 2006, and on Friday, January 27, 2006, the Court ruled on the summary judgment motions. This ruling defines the scope of the case and Landay must now redirect his efforts to prepare a case in accordance with this ruling.

On February 1, 2006 – three business days after its decision on the summary judgment motions – the Court issued a pre-trial order setting the pre-trial conference for February 8, 2006. This Court's Procedural Order and the Local Rule 16.5 require an enormous amount of work to be performed before the pre-trial conference. Landay

respectfully submits that it is virtually impossible for these tasks to be accomplished in the next four business days.

Indeed, the local rule anticipates that the parties will confer 15 days before the pretrial conference and perform the tasks outlined in the rule. Some of these tasks can be accomplished in the next four days, such as witness lists; however, other tasks cannot. For example, the rules require the parties to identify, review and mark all proposed exhibits. This requires the parties to review thousands of documents that have been produced in this action and to commit as to which ones will be offered. This task could take several days.

The rules also require, <u>inter alia,</u> that the parties summarize their cases, identify questions of law, enter stipulations, and take positions on evidence sought to be introduced. This has been a hotly contested, complex litigation where it is virtually inconceivable that the parties can get together and produce a result in the next four days.

In addition to the foregoing, Landay resides in Florida. His participation in this pre-trial process is essential. It is difficult for Landay to travel to Boston and participate on such short notice.

Moreover, because Landay does not have the financial resources to pay for a team of lawyers, the undersigned is the only attorney in his firm with a working familiarity with the facts and law. There do not appear to be enough hours in the day for the undersigned to prepare all that is necessary for the pre-trial conference by February 8, 2006.

Finally, the twelve day extension requested will not impact the trial date or prejudice either party because, according to this Court's Order, trial is to commence no earlier than March 6, 2006.

> Respectfully submitted,
> DAVID L. LANDAY,
> By his attorney,
>
>
> /s/ Alan R. Hoffman
> Alan R. Hoffman, BBO# 236860
> LYNCH, BREWER, HOFFMAN & FINK, LLP
> 101 Federal Street, 22nd Floor
> Boston, MA 02110
> (617) 951-0800
> arhoffman@lynchbrewer.com

Dated: February 2, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 2nd day of February, 2006.

> /s/ Alan R. Hoffman
> Alan R. Hoffman

## LOCAL RULE 7.1(a)(2) CERTIFICATION

On February 1, 2006 at 5:00 PM, I spoke to Attorney Mark Dubnoff as to his position on this Motion. He informed me that he had to consult with his client before stating GMAC's position on this Motion but that he would ascertain GMAC's position expeditiously and advise Landay and the Court of same.

/s/ Alan R. Hoffman
Alan R. Hoffman

234666_1