UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID L. LANDAY<br>　　Plaintiff,<br><br>　　v.<br><br>GMAC COMMERCIAL CREDIT LLC<br>and GMAC COMMERCIAL FINANCE<br>LLC,<br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 04-cv-11955-WGY

## DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING TO DISMISSED PORTIONS OF CHAPTER 93A CLAIM

Defendant GMAC Commercial Finance LLC ("GMAC CF")[1] moves this Court *in limine*

for an order precluding plaintiff David L. Landay ("Landay") from introducing evidence or

argument relating to the dismissed portions of his claim that GMAC CF violated Mass. Gen.

Laws ch. 93A, § 11 ("Chapter 93A").

On May 17, 2005, this Court granted in part and denied in part the defendants' motion for

judgment on the pleadings, dismissing Counts III (breach of the September 19, 2000 Factoring

Agreement executed by GMAC CF and Borrowers Seneca Sports, Inc. and Brookfield

International, Inc.); IV (breach of the August 9, 2001 Forbearance Agreement between GMAC

CF and the Borrowers); and V (breach of the implied covenants of good faith and fair dealing

ancillary to the factoring and forbearance agreements), as well as that portion of Count VII

(Chapter 93A) that was based on Counts III through V. *See* Order of May 17, 2005. On January

25, 2006, at a hearing on the parties' cross-motions for summary judgment, this Court ruled that

the defendants were entitled to judgment as a matter of law on most of Count I

---

[1]　　GMAC Commercial Finance LLC is the successor by merger of GMAC Commercial Credit LLC and a third GMAC entity, GMAC Business Credit LLC.　For ease of reference, throughout this motion and all supporting documents, all three companies are referred to jointly as GMAC CF.

(misrepresentation), all of Count II (usury) and, defendants understood, those portions of Count VII (Chapter 93A) that were based on the dismissed counts.

Notwithstanding these rulings, Landay recently announced plans to re-frame his entire case in the context of Chapter 93A and, in the process, revive many of the dismissed claims from Counts I through V by reasserting them under Chapter 93A. For example, even though this Court expressly limited Count I to "Landay's claim of 'Seasonal Overadvance' misrepresentations, related to statements GMAC [CF] allegedly made after the 2000 loan agreements upon which Landay supposedly relied before the 2001 forbearance agreements," Order of Jan. 27, 2006 (Docket No. 82) at p.2, Landay now plans to offer testimony and documents showing that GMAC CF engaged in other "fraud-like practices." *See* Joint Pre-Trial Mem. (Docket No. 86) at p.2. Landay also plans to offer evidence of "sharp practices condemned by Chapter 93A that destroyed the business of Borrowers and damaged Landay." *Id.* at p.3. As examples, Landay cites a litany of alleged actions that all come under the headings of either (a) strictly enforcing existing contracts, or (b) refusing to accommodate the Borrowers and Landay's requests for assistance. *See generally id.* at pp. 3-4. Landay even claims a Chapter 93A violation in the defendants' conduct in a parallel New York lawsuit, even though this Court already granted a motion *in limine* precluding evidence and argument on such matters.

This Court should preclude Landay from relitigating settled issues and limit his Chapter 93A claim to those portions of it that derive from what remains of Count I and Count VI. GMAC CF is submitting a memorandum in support of this motion.

WHEREFORE, this Court should grant defendants' motion *in limine* and preclude Landay from offering any evidence or argument relating to his Chapter 93A claim that is not derivative of what remains from Count I and Count VI.

BOS_525074_1/MDUBNOFF

Respectfully submitted,
GMAC COMMERCIAL FINANCE LLC

DATED:  March 7, 2006

/s/ John A. Houlihan
/s/ Mark B. Dubnoff
John A. Houlihan (BBO # 542038)
Mark B. Dubnoff (BBO # 637212)
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA  02199
(617) 239-0100


## LOCAL RULE 7.1(A)(2) CERTIFICATION

The undersigned hereby certifies, pursuant to Local Rule 7.1(a)(2), that he has conferred with counsel for the plaintiff in a good faith attempt to resolve or narrow the issues in dispute, and that these efforts were not successful.

/s/ Mark B. Dubnoff
Mark B. Dubnoff

BOS_525074_1/MDUBNOFF