UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DAVID L. LANDAY )<br>　　Plaintiff, )<br>　　　　　　　　　　　　　　　　　)<br>v. 　　　　　　　　　　　　　　　)　　Civil Action No. 04-cv-11955-WGY<br>　　　　　　　　　　　　　　　　　)<br>GMAC COMMERCIAL CREDIT LLC )<br>and GMAC COMMERCIAL FINANCE )<br>LLC, 　　　　　　　　　　　　　　)<br>　　Defendants. 　　　　　　　　　)| |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM OPINING AS TO THE VALUE OF INTELLECTUAL PROPERTY**

Defendant GMAC Commercial Finance LLC ("GMAC CF")[1] moves this Court *in limine* for an order precluding plaintiff David L. Landay ("Landay") from opining at trial as to the value of any intellectual property, including but not limited to patents and trademarks, that Seneca Sports, Inc. and Brookfield International, Inc. (the "Borrowers") owned as of October 22, 2001.

As set forth more fully in a supporting memorandum, such an opinion is legally irrelevant because: (a) Landay has offered no evidence regarding the diminution of the intellectual property's value; (b) Landay cannot establish that GMAC CF had any obligation under the U.C.C. to dispose of the Borrowers' intellectual property; and (c) nothing precluded Landay from selling the intellectual property himself and applying the proceeds to the Borrowers' outstanding loan balance. Thus, the testimony should be precluded under Fed. R. Evid. 402.

Moreover, even if Landay's opinion about the value of the intellectual property as of October 22, 2001 were relevant, it should be excluded on the grounds that it is impermissible lay testimony under Fed. R. Evid. 701. If Landay wanted to offer evidence on intellectual property

---

[1]  GMAC Commercial Finance LLC is the successor by merger of GMAC Commercial Credit LLC and a third GMAC entity, GMAC Business Credit LLC. For ease of reference, throughout this motion and all supporting documents, all three companies are referred to jointly as GMAC CF.

valuation, he was required to do so through expert testimony, which in turn would have required him to fulfill his disclosure obligations under Fed. R. Civ. P. 26. Landay did not do this.

Finally, it is simply unfair to GMAC CF to permit Landay to offer his opinions on the value of the Borrowers' intellectual property, because he did not submit these opinions during discovery, even when he was directly and repeatedly asked to state the basis for his claim that GMAC CF violated his rights as a junior creditor of Seneca. As a result, GMAC CF never had an opportunity to probe the bases for Landay's opinions at a deposition and never saw any need to hire its own expert to review Landay's opinions and possibly rebut them.

WHEREFORE, this Court should grant defendants' motion *in limine* and preclude Landay from offering any evidence or argument regarding his personal opinions about the value of the Borrowers' intellectual property, including but not limited to its patents and trademarks, as of October 22, 2001.

Respectfully submitted,
GMAC COMMERCIAL FINANCE LLC

DATED: March 7, 2006

/s/ John A. Houlihan
/s/ Mark B. Dubnoff
John A. Houlihan (BBO # 542038)
Mark B. Dubnoff (BBO # 637212)
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100

## LOCAL RULE 7.1(A)(2) CERTIFICATION

The undersigned hereby certifies, pursuant to Local Rule 7.1(a)(2), that he has conferred with counsel for the plaintiff in a good faith attempt to resolve or narrow the issues in dispute, and that these efforts were not successful.

/s/ Mark B. Dubnoff
Mark B. Dubnoff