UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID L. LANDAY )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>GMAC COMMERCIAL CREDIT LLC )<br>and GMAC COMMERCIAL FINANCE )<br>LLC, )<br>    Defendants. )<br>_____ ) | Civil Action No. 04-cv-11955-WGY |

### DEFENDANTS' MOTION *IN LIMINE* TO
### EXCLUDE EVIDENCE RELATING TO ALLEGED
### ORAL MODIFICATIONS OF THE FACTORING AGREEMENT

Defendant, GMAC Commercial Finance LLC ("GMAC CF"),[1] moves this Court *in limine* for an order precluding plaintiff, David L. Landay ("Landay"), from introducing testimony or any other evidence relating to statements allegedly made by GMAC CF's former employee Paul Fitzgerald ("Fitzgerald") which, if admitted and credited would accomplish an improper oral modification of the Factoring Agreement (*See* Joint Ex. 2).

The Factoring Agreement (*See* Joint Ex. 2) explicitly provided that GMACC CF retained full discretion to advance or decline to advance credit. *See* Ex. 2 ¶ 4(a) at 1-2. The Factoring Agreement also specifically stated that it "cannot be changed or terminated orally." *See* Ex. 2 ¶14(g) at 12. New York law, which governs the Factoring Agreement, expressly provides - and the New York Court of Appeals has repeatedly held - that contracts, like the Factoring Agreement at issue in this case, that contain clauses

---

[1] While the Amended Complaint names two defendants, GMAC Commercial Credit LLC and GMAC Commercial Finance LLC, GMAC Commercial Finance LLC is actually the successor by merger of GMAC Commercial Credit LLC and a third GMAC entity, GMAC Business Credit LLC. For ease of reference, throughout this motion and the supporting memorandum, all three companies are referred to jointly as GMAC CF.

precluding oral modification, cannot be changed orally. Landay's testimony concerning Paul Fitzgerald's alleged representations, if admitted and credited, would in effect operate to materially modify the terms of the Factoring Agreement in violation of the terms of the Factoring Agreement and settled New York law and for that reason should not be admitted.

Respectfully submitted,

GMAC COMMERCIAL FINANCE LLC

/s/ John A. Houlihan
/s/ Mark B. Dubnoff
John A. Houlihan (BBO # 542038)
Mark B. Dubnoff (BBO # 637212)
Edwards Angell Palmer & Dodge LLP
111 Huntington Avenue
Boston, MA 02199
617-239-0100

## LOCAL RULE 7.1(A)(2) CERTIFICATION

The undersigned hereby certifies, pursuant to Local Rule 7.1(a)(2), that he has conferred with counsel for the plaintiff on multiple occasions in a good faith attempt to resolve or narrow the issues in dispute, and that these efforts were not successful.

/s/ Mark B. Dubnoff
Mark B. Dubnoff